1

```
1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
2
    Case No. 20-cr-00152-PAB-4
3   _____

4   UNITED STATES OF AMERICA,

5        Plaintiff,

6   vs.

7   ROGER BORN AUSTIN,

8        Defendant.
    _____
9              Proceedings before KRISTEN L. MIX, United States

10  Magistrate Judge, United States District Court for the

11  District of Colorado, commencing at 4:13 p.m., June 4, 2020,

12  in the United States Courthouse, Denver, Colorado.

13  _____

14              WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

15  ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

16  _____

17                          APPEARANCES

18              HEATHER CALL, MICHAEL KOENIG, CAROLYN SWEENEY and

19  PAUL TORZILLI, Attorneys at Law, appearing for the

20  Plaintiff.

21              MICHAEL FELDBERG, Attorney at Law, appearing for

22  the Defendant.

23  _____

24   INITIAL APPEARANCE, ARRAIGNMENT, DISCOVERY and DETENTION HEARING

25
```

2

```
1                    P R O C E E D I N G S
2               (Whereupon, the within electronically recorded
3    proceedings are herein transcribed, pursuant to order of
4    counsel.)
5               THE COURT:  And then last, Case Number 20-cr-152,
6    United States of America vs. Roger Born Austin.  Ms. Call for
7    the Government again.  And Mr. Austin's attorney, would you
8    please enter your appearance?
9               MR. FELDBERG:  And good afternoon, Your Honor.
10   Michael Feldberg for Mr. Austin.  My colleague, Julie Withers
11   is on with us.  Mr. Austin has had difficulty connecting via
12   the video link, but he is participating by the audio link.
13              THE COURT:  All right, thank you.  And -- sir, I'm
14   sorry, would you spell your last name for me?  Is it B-E-R-G,
15   Berg?
16              MR. FELDBERG:  Yes, Feldberg.
17              THE COURT:  Feldberg.
18              MR. FELDBERG:  F, as in Frank, E-L-D as in David,
19   B-E-R-G.
20              THE COURT:  Thank you very much.
21              All right, Mr. Austin, can you hear me?  Mr.
22   Austin, I don't mind if you're not on video, but I do need to
23   make sure that you can hear my voice and I can hear you.  Are
24   you there, sir?
25              MR. AUSTIN:  I can hear you.  Can you hear me?
```

3

1            THE COURT:  Yes, I can hear you now.  I cannot see

2      you --

3            MR. AUSTIN:  Okay, good.

4            THE COURT:  -- Mr. Austin and I need to make sure

5      that you are willing to proceed without the Court being able

6      to see you on the video screen.  Can you see me?

7            MR. AUSTIN:  I cannot.  I could not get the camera

8      to work so I do not have video in either direction, but I

9      give you the permission to move forward without video.

10            THE COURT:  All right, thank you.

11            Now, Mr. Austin, you're here so I can tell you

12      about the rights that you have in the court and the charges

13      against you.

14            You've been charged with one count of trusts, et

15      cetera, in restraint of trade illegal.  The penalty on that

16      count is not more than ten years imprisonment, not more than

17      a $1,000,000 fine or two times the gain or loss, whichever is

18      greater, or both the imprisonment and fine, not more than

19      three years of supervised release and a $100 special

20      assessment fee.

21            Sir, do you understand the general nature of the

22      charges against you?

23            MR. AUSTIN:  Yes, Your Honor.

24            THE COURT:  Sir, you have the right to remain

25      silent.  You do not need to speak to anyone about the

4

1    circumstances that brought you to court today.  If you do

2    choose to speak to someone other than your attorney about

3    those circumstances, what you say can and probably will be

4    used against you in court.  If you are questioned by the

5    police or law enforcement, you have the right to refuse to

6    answer questions.  You also have the right to insist that an

7    attorney be present with you during questioning.  If you

8    choose to remain silent, your silence cannot be used against

9    you in court.

10           Do you understand your right to remain silent?

11           MR. AUSTIN:  Yes, Your Honor.

12           THE COURT:  Sir, you have the right to an attorney,

13   and if you cannot afford one, you have a right to have an

14   attorney appointed for you by the Court.  I understand that

15   Mr. Feldberg is here representing you today and that he is

16   retained counsel.  Are you waiving or giving up your right to

17   have the Court appoint a free attorney to represent you?

18           MR. AUSTIN:  Yes, Your Honor.

19           THE COURT:  All right, thank you.

20           Is Mr. Austin prepared to enter a plea today, Mr.

21   Feldberg?

22           MR. FELDBERG:  Yes, Your Honor.  Mr. Austin pleads

23   not guilty, waives a detailed reading of the indictment and

24   asks for a trial by jury.

25           THE COURT:  Thank you, the not guilty plea is

5

1   received.  Speedy trial dates, counsel.  30 days is July 6th,

2   2020; 70 days is August 13th, 2020.

3           I have the discovery conference memorandum and

4   order in front of me.  I note that counsel have been through

5   it, they have provided electronic signatures.  I have a

6   disclosure date for the Government of August 4th, 2020.  Mr.

7   Feldberg, what disclosure date would the defendant like?

8           MR. FELDBERG:  Your Honor ordered September 15th in

9   one of the other matters in this case.  That seems reasonable

10  to us.

11          THE COURT:  All right, September 15th it is.  I'll

12  write that in and sign the discovery order and make it an

13  order of the Court effective today.

14          That leaves the issue of detention with respect to

15  Mr. Austin.  I understand the Government has released -- has

16  agreed to a release of Mr. Austin on bond.  I'll read the

17  conditions of bond as proposed by the Government and then

18  entertain any argument counsel would like to make.

19          The conditions of bond proposed by the Government

20  are that this would be a personal recognizance bond.  Mr.

21  Austin would surrender his passport to the Clerk of the Court

22  within two business days.  He would not obtain a new passport

23  or other international travel document.  He would not be

24  permitted to travel outside his home district and the

25  district of Colorado without permission form the Court.

6

1          He would have no direct contact initiated by him

2     with employees of broiler chicken suppliers listed in the

3     Attachment A provided to the Court.  He would have no direct

4     contact initiated by him with employees of companies listed

5     in Attachment B provided to the Court and to the defendant.

6          He would not possess a firearm, a destructive

7     device or another weapon and he would not act as an informant

8     for any law enforcement agency without prior permission of

9     the Court.

10         Ms. Call, are these -- is this an accurate list of

11    the bond conditions proposed by the Government?

12         MS. CALL:  Yes, Your Honor.

13         THE COURT:  Thank you.  And Mr. Feldberg, any

14    argument for the defendant?

15         MR. FELDBERG:  Yes, Your Honor.  We start with the

16    submission of the pretrial services report.  Mr. Austin was

17    interviewed by a pretrial services officer this morning.  The

18    pretrial services agency recommends that he be released on a

19    personal recognizance bond without any supervision.

20         We have two issues to present to the Court and they

21    will be familiar to the Court.  The first is travel.  Mr.

22    Austin lives with his wife of 39 years in rural Georgia.  His

23    children live in Georgia and Tennessee.  He drives through

24    Alabama to get to Tennessee to see his children.  He -- his

25    mother-in-law, who's along in years is -- lives in Florida,

7

1    my office is in New York.

2              There is no reason for any travel restrictions on

3    Mr. Austin.  He is not a flight risk, there is no contention

4    that he is -- poses any risk of flight.  We have known about

5    this investigation since at least last summer and Mr. Austin

6    has remained right where he is and there's no reason for any

7    restriction on travel.

8              Mr. Austin has advised me that he is happy to mail

9    me his passport tomorrow and I would take custody of that

10   passport, and if there is any need for foreign travel, he can

11   apply to (inaudible).  So we would request essentially the

12   same conditions that have been agreed in other -- for other

13   defendants in this case.  That's travel.

14             He's -- like Mr. Fries, Mr. Austin is an avid

15   hunter.  He lives in rural Georgia where as Your Honor had

16   (inaudible) this is part of the culture.  He has a gun

17   collection handed down through his family.  The restriction

18   that the Court has imposed with other defendants that firearm

19   use be limited to sporting use and we would request home

20   protection as well.  That is a restriction that we could

21   agree to.

22             THE COURT:  All right, thank you.  I want to make

23   sure that I understand, Mr. Feldberg, that the defendant does

24   not object to the condition with respect to Attachments A and

25   B?

8

1          MR. FELDBERG:  That's correct, Your Honor.  Mr.

2    Austin is semi-retired.  He's retired from Pilgrim's.  He

3    does do some consulting work.  And what I meant to suggest to

4    the Court, and I have not yet discussed this with the

5    Government, that if there is a need for him to have contact

6    with anyone who's somehow involved in this -- on these lists

7    for -- as part of his consulting business, perhaps I could

8    speak with Government counsel and we could attempt to reach

9    an agreement with respect to any individual in this case, but

10   we're not objecting, per se, to the restrictions in

11   Attachments A and B.

12          THE COURT:  All right, thank you, I understand.

13          So as I understand it, the defendant is proposing

14   that the conditions as proposed by the Government be modified

15   to allow him to surrender his passport to his attorney within

16   two business days.  He would be restricted from international

17   travel only without permission from the Court, but would

18   otherwise be permitted to travel within the United States

19   without Court permission, and he would be allowed to use

20   firearms for sporting purposes only.

21          To the extent that the defendant wished to contact

22   any of the individuals in Attachments A or B, defense counsel

23   proposes that he and the attorney for the Government have a

24   conversation about that.  And, of course, to the extent that

25   any party agrees to or wants to request a modification of the

9

1    conditions of bond, you may do so by filing either a -- an

2    unopposed motion, indicating that counsel agree that bond can

3    be modified or an opposed motion for the Court's

4    adjudication.

5              So those are the -- in my understanding of what the

6    defendant is proposing.  Did I go through that accurately,

7    Mr. Feldberg?

8              MR. FELDBERG:  Yes, with one footnote, Your Honor

9    which is that the use of firearms for sporting -- personal --

10   for sporting use or home protection.  He lives in a rural

11   area.

12             THE COURT:  I'm sorry, you were fading out on that

13   a little bit.  Can you say that again?

14             MR. FELDBERG:  Sure, and I have a dog barking in

15   the background.  My apologies.

16             THE COURT:  That's all right.

17             MR. FELDBERG:  He would agree to a restriction of

18   firearm use for sporting purposes or, in the unlikely event

19   that it's needed, for home protection.

20             THE COURT:  Well, I'm not inclined to allow for the

21   personal protection.  It's just too vague, frankly.  Ms.

22   Call, do you want to respond to any of those suggested

23   modifications?  I think you're muted, I can't hear you.

24             MS. CALL:  My apologies, Your Honor.  The

25   Government will agree to the modification regarding the

1    surrender of passport to counsel and to the proposal

2    regarding contacts as part of the defendant consulting that

3    we will confer regarding that in any proposed amendment to

4    the order as necessary at that time.

5              Regarding firearms and domestic travel, the

6    Government will rest on the prior arguments.

7              THE COURT:  All right, thank you.

8              The Court will find that there is a combination of

9    conditions that I can impose that will reasonably assure Mr.

10   Austin's appearance in court in the future and the safety of

11   the community.

12             Mr. Austin, you will be released on a personal

13   recognizance bond.  The conditions of your release are that

14   you must surrender your passport to your counsel within two

15   business days.  You will not obtain a new passport or other

16   international travel document.  Your international travel

17   will be restricted.  You must get permission from the Court

18   to travel internationally.

19             You will not initiate any direct contact with

20   employees of broiler chicken suppliers listed in Attachment

21   A.  You will not initiate direct contact with employees of

22   companies listed in Attachment B.

23             You may use weapons only for sporting purposes and

24   you shall not act as an informant for any law enforcement

25   agency without prior permission of the Court.

1            Sir, do you understand the conditions of your

2    release?

3            MR. AUSTIN:  Yes, Your Honor.

4            THE COURT:  And are you going to authorize me to

5    sign these bond conditions on your behalf indicating that you

6    agree to them and will comply with them?

7            MR. AUSTIN:  Yes, Your Honor.

8            THE COURT:  All right, thank you, and then I will

9    do that.  The bond paperwork will be executed when it's

10   appropriately amended by the Court.

11           Anything further with respect to Mr. Austin this

12   afternoon from the Government?

13           MS. CALL:  No, Your Honor.

14           THE COURT:  Anything further from the defendant?

15           MR. FELDBERG:  No, Your Honor.  Thank you.

16           THE COURT:  Thank you.  We're in recess.

17           (Whereupon, the within hearing was then in

18   conclusion at 4:26 p.m.)

19

20

21

22

23

24

25

12

```
1                      TRANSCRIBER'S CERTIFICATION

2    I certify that the foregoing is a correct transcript to the

3    best of my ability to hear and understand the audio recording

4    and based on the quality of the audio recording from the

5    above-entitled matter.

6

7    /s/ Dyann Labo                     June 10, 2020

8    Signature of Transcriber           Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```