**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,

     Defendants.

---

**MOTION FOR UNOPPOSED PROTECTIVE ORDER**

---

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America, through its undersigned counsel, respectfully moves for entry of a protective order governing use and disclosure of sensitive business information and personal identifiable information ("PII") that will be part of the discovery in this case.

1.     Defendants in this case are charged with one count of conspiracy to restrain interstate trade and commerce in violation of Section 1 of Sherman Act, 15 U.S.C. § 1 by engaging in a continuing combination and conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms.

2.     The discovery in this case consists of millions of documents.   As outlined below, the need to guard against the dissemination of sensitive business information and protect the privacy interests of individuals, businesses, and potential victims,

justifies a protective order to govern discovery in this case. The proposed protective

order attempts to balance protecting such sensitive information while enabling the

disclosure and use of sensitive information to litigate this case.

3.     A significant portion of the discovery to be provided by the United States

contains sensitive information about the business operations, both day-to-day &

strategic, of chicken suppliers and many of their key customers. This sensitive

information includes, among other things, competitive purchasing, pricing, bidding, and

supply information, non-public financial information, and trade secret information. The

unrestricted dissemination of this sensitive information to the defendants and others

could therefore adversely affect the interests of the government's ongoing investigation

as well as the privacy and business interests of third parties, meriting protection here.

Moreover, the charges here implicate the misuse of such sensitive information.

4.     The government's discovery in this matter also includes documents that

contain PII subject to redaction under Rule 49.1 of the Federal Rules of Criminal

Procedure.   Such PII includes, for example, individuals' dates of birth, bank account

numbers, driver's license numbers, complete social security numbers, and home

addresses.   This PII belongs to the defendants, defendants' family members and

associates, and other third parties.

5.     The government has developed or acquired, and may in the future

develop and acquire documentary material concerning persons who may be

defendant's or witnesses, or who may become defendants or witnesses in this case.

2

Examples of such material include reports of witness interviews created by law enforcement officers and the government, witness agreements with the government, and criminal background checks.   Disclosure of witness identities and confidential witness information poses a risk to the government's ongoing investigation.   The valid public policy purposes served by the Jencks Act at Tile 18 U.S.C. § 3500 include permitting the Government to develop an investigation without the premature disclosure or publication of information concerning the direction of the investigation and the protection of witness information from abuse.

6.     Due to the volume of records and sensitive nature of the information, redaction of each document prior to discovery production would be time-consuming and significantly delay the government's provision of discovery to defendants.   Redaction may make it difficult for defendants to make use of the information.

7.     Rule 16(d)(1) of the Federal Rules of Criminal Procedure gives the Court broad authorization to issue an appropriate protective order governing discovery for good cause shown.   Given the sensitive nature of the discovery materials, as well as PII, there is good cause for the Court to issue the attached proposed protective order. The government respectfully requests that the protective order be issued as follows:

a.     All discovery materials produced by the government are being produced to counsel for the above-captioned defendants ("Defense Counsel") only for the purpose of representing their client in this criminal case, and must be used solely for the purposes of conducting pretrial, trial, and appellate

proceedings in this case and for no other purposes.

   b. This Protective Order ("Order") will govern all discovery in this case. This Order limits disclosure of "Protected Information" contained within the discovery in this case. Protected Information consists of: (a) any individual's date of birth, social security number, home address, personal cellular or home telephone number, personal email address, bank account number, payment card number, driver's license number, professional license number, or family members' names ("Personal Information"); (b) confidential business information, including without limitation price, price terms, price negotiations, cost information, negotiation strategies and tactics, supply information and data, strategic and business plans, proprietary business secrets, signed contracts for the supply of broiler chicken, and non-public financial information  ("Confidential Business Information") that is less than five years old as of the date the indictment was returned; (c) Confidential Business Information that is more than five years old as of the date the indictment was returned, and which the producing party designates as Confidential Business Information; and (d) law enforcement investigative reports of witness interviews, reports of witness interviews created by the government, and agreements with the government; and (e) criminal background checks. Defense Counsel and any designated person (as enumerated in paragraph 4) shall use the Protected Information exclusively in connection with this case (including trial preparation, motions practice, trial, and

4

appeals or other related legal proceedings), for no other purpose, and in connection with no other proceeding.

      c.    To designate material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, or on physical media labeled with the following designation: "CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER [Doc ___]." If a party challenges a designation, the parties must meet and confer in an attempt to reach an agreement as to the proper designation.   Thereafter, the parties may raise the issue with the Court.   In any challenge, the burden of showing that the designation is proper is on the producing party.

      d.    The Protected Information may be disclosed only to: (i) defendants (ii) Defense Counsel and counsel for the United States ("counsel for the Parties"); (iii) members of counsel for the Parties' staff who are assisting them; (iv) independent contract attorneys, expert witnesses, or advisors retained in connection with this case; (v) to any witness or potential witness and the person's counsel; (vi) counsel for the defendant's employer or, in the case of Mr. Austin, former employer; and (vii) such other persons as hereafter may be authorized by agreement between counsel for the Parties or by order issued by the Court.   The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

e.      Defendants or Defense Counsel shall provide a copy of the protective order to the designated persons to whom they disclose Protected Information pursuant to subparagraph 6(d) and ensure that all persons in subparagraph 6(d) who are to handle the Protected Information read the protective order and are informed of their responsibility to safeguard this information.   Designated persons shall be subject to the terms of the protective order.   Defendants or Defense Counsel shall maintain a record of all such persons who have received Protected Information.

f.      Designated persons in subparagraph 6(d) shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third parties in violation of the protective order.   In the event of an inadvertent disclosure of discovery materials in violation of the protective order, defendants or their counsel must use all reasonable efforts to promptly secure the return or certified destruction of the materials inadvertently disclosed.   Defense Counsel shall promptly notify the government as to the materials disclosed, and the identity of the recipient of the inadvertently produced materials.   If, after a reasonable amount of time, return or certified destruction has not occurred, Defense Counsel must notify the government that return or certified destruction has not occurred.

g.      Defense Counsel shall make only such copies of Protected Information as are necessary to prepare a defense of this criminal case.   Such

6

copies and reproductions shall be treated in the same manner as the original materials.

h.      A copy of the protective order shall be kept with the Protected Information.

i.      At the conclusion of the case, including but not limited to the final disposition of any appeals or petitions for certiorari, Defense Counsel shall so notify within 30 days any designated person (as enumerated in paragraph 4) to whom they have disclosed Protected Information.   Thereafter, Defense Counsel and any designated person (as enumerated in paragraph 6(d)) shall collect all copies of the discovery materials that are subject to the protective order (other than copies provided to another Defense Counsel), and shall either destroy all copies of the materials, or return to the government all copies of the materials, with the exception of (a) counsel's notes or work product that may contain information subject to the protective order and (b) Court filings that contain discovery materials, which Defense Counsel will retain consistent with the terms of the protective order.   The destruction or return must occur within the later of thirty days of the conclusion of the case or notice by Defense Counsel. In the event Defense Counsel or any designated person destroys all copies, they shall certify the destruction in writing to the government.

j.      If a court filing, excluding any future charging instrument by the government, includes any Protected Information that is (a) Personal Information

or (b) Confidential Business Information that is a trade secret or confidential

sensitive business information that, if disclosed, would likely result in economic

harm, or information described in subparagraph 6(b) (collectively "Highly

Protected Information"), the filing party must either redact the Highly Protected

Information from the document or, if the Highly Protected Information is material

to the Court's determination, shall file the document as restricted at Level 1.

      k.     Nothing in the subparagraphs 6(a)-(i):

          i.  Affects or restrict the rights of any party with respect to its own

              materials or materials obtained outside of discovery;

         ii.  Prevents disclosure of Protected Information to any person that

              had prior access to that Protected Information;

        iii.  Prevents disclosure or use of discovery by the government for

              law enforcement purposes; or

        iv.  Prevents disclosure of Protected Information by any party in any

              trial held in this action or any appeal therefrom, or to any Judge

              or Magistrate Judge of this Court or the Court of Appeals or the

              respective court personnel for purposes of this action.

      8.     The government has consulted with defense counsel for defendants and is

advised that counsel does not oppose issuance of the order requested.

      WHEREFORE, the United States respectfully requests entry of the attached

proposed protective order.

Respectfully submitted this 15th day of June, 2020.


By: ___s/ Heather Call_____
     Heather D. Call
     Michael T. Koenig

     Carolyn M. Sweeney
     Paul J. Torzilli
     Trial Attorneys
     Antitrust Division
     U.S. Department of Justice
     Washington Criminal II Office
     450 Fifth Street, N.W.
     Washington, D.C. 20530
     Tel: (202) 598-2623
     Email: heather.call@usdoj.gov

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on this June 15th, 2020, I electronically filed the foregoing **MOTION FOR UNOPPOSED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.


By: ___s/ Heather Call_____
      Heather D. Call
      Michael T. Koenig

      Carolyn M. Sweeney
      Paul J. Torzilli
      Trial Attorneys
      Antitrust Division
      U.S. Department of Justice
      Washington Criminal II Office
      450 Fifth Street, N.W.
      Washington, D.C. 20530
      Tel: (202) 598-2623
      Email: heather.call@usdoj.gov

      Attorneys for the United States