**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN,
5.    TIMOTHY R. MULRENIN,
6.    WILLIAM VINCENT KANTOLA,
7.    JIMMIE LEE LITTLE,
8.    WILLIAM WADE LOVETTE,
9.    GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

    Defendants.

---

**DEFENDANTS' THIRD JOINT UNOPPOSED MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF 90 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) AND (B)(i), (ii) AND (iv), TO CONTINUE FINAL TRIAL PREPARATION CONFERENCE AND TRIAL DATE, AND TO RESET CURRENT MOTIONS AND EXPERT DISCLOSURE DEADLINES**

---

Defendants Jayson Penn, Mikell Fries, Scott Brady, Roger Austin, Timothy Mulrenin, William Kantola, Jimmie Little, William Lovette, Gary Roberts and Rickie Blake, by and through their respective counsel, respectfully move this Court for an Order: (1) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); (2) excluding 90 days from the speedy trial calculation pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i), (ii) and (iv); and to continue the Final Trial Preparation Conference and trial

1

date, and reset current deadlines based on the new trial date. In support of their Motion, Defendants state as follows:

## FACTUAL BACKGROUND

1. On June 2, 2020, the Grand Jury indicted Defendants Penn, Fries, Brady, and Austin on one count of conspiracy to restrain trade, in violation of Title 15 U.S.C. § 1 (Doc. 1). The Defendants subsequently filed a Joint Unopposed Motion for a Designation of Complexity and an Ends of Justice Exclusion of 180 Days From the Speedy Trial Calendar (Doc. 49), which this Court granted on July 8, 2020, finding that this case is complex within the meaning of the Speedy Trial Act, and that an exclusion of 180 days was necessary to allow for effective and necessary pretrial and trial preparation. (Doc. 76).

2. The Court set a 10-day trial commencing on February 16, 2021. (Doc. 76).

3. On October 6, 2020, the Grand Jury returned a Superseding Indictment, charging additional Defendants Mulrenin, Kantola, Little, Lovette, Roberts, and Blake with conspiring with Defendants Penn, Fries, Brady, Austin, and other unnamed individuals to restrain trade, in violation of Title 15 U.S.C. § 1, and Defendant Little with making a false statement and obstructing justice, in violation of Title 18 U.S.C. §§ 1001 and 1512(c). (Doc. 101).

4. On October 29, 2020, Defendants filed a Joint Unopposed Motion for An Additional Ends of Justice Exclusion of 180 Days from the Speedy Trial Calendar (Doc. 188), which this Court granted on November 17, 2020, finding that an additional exclusion of 180 days was necessary to allow for effective and necessary pretrial and trial preparation. (Doc. 198).

5. The Court reset the Trial Preparation Conference for July 30, 2021 and rescheduled the 10-day trial to commence on August 2, 2021 (Doc. 198). The pretrial motions deadline is

currently set for May 21, 2021 and the responses to the pretrial motions shall be filed by June 11, 2021 pursuant to the Court's Minute Order dated February 27, 2021. (Doc. 247).

6. On February 5, 2021, Defendants filed a Motion for Status Conference (Doc. 235) seeking clarity regarding trial and related dates.

7. On April 28, 2021, Defendants filed a Joint Motion to Vacate Motions and Expert Disclosure Deadlines Pending the Court Setting a New Trial Date ("Joint Motion to Vacate Deadlines") (Doc. 255), under the mistaken belief that the Court's General Order 2021-3, entered on February 12, 2021, continued all criminal jury trials in the District of Colorado, other than designated pilot trials.

8. On April 29, 2021, the Court denied Defendants' Joint Motion for Status Conference and Joint Motion to Vacate Deadlines (Doc. 256), noting that the Court's General Order 2021-3 did not vacate the trial deadline and that, absent Defendants filing a motion to exclude time and reset the trial date and the Court's ruling on such a motion, the pretrial motion deadlines and the August 2, 2021 trial date would remain. The Court indicated, however, that Defendants may have good grounds for a motion to exclude time and reset the trial. Specifically, the Court noted that the discovery in this action is voluminous and on-going, a significant number of additional documents have been produced recently in discovery, and the trial may need to be set for more than ten days given the number of Defendants.

## LEGAL AND FACTUAL GROUNDS FOR MOTION

9. Title 18 U.S.C. § 3161(h), provides in relevant part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings

3

that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

10. The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill*, 197 F.3d 436, 440-41 (10th Cir. 1999).

11. For a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. First, the Court must consider the factors listed in § 3161(h)(7)(B)(i) - (iv). In this case, the relevant factors are:

(i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

4

        effective preparation, taking into account the exercise of due diligence.

12.    The Court must then set forth, on the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

13.    This Court already has found that this case is complex, under Title 18, United States Code, Section 3161(h)(7)(B)(ii) and (iv), due, in part, to the amount of documentary material and other evidence subject to pretrial disclosure or discovery.

14.    In addition, the subject matter and scope of this case, i.e. alleged price fixing and bid rigging in the commercial wholesale chicken business allegedly spanning more than seven years and allegedly involving ten Defendants and numerous corporations, is itself complex in that in order to defend against a charge of illegal restraint of trade in violation of Title 15, U.S.C., Section 1, defense counsel must analyze, *inter alia*, all aspects of the production, pricing and marketing of chicken to various large-scale commercial customers, and the relationships of those customers with various chicken producers, including those employing Defendants, between 2012 and 2019.

15.    In the last Joint Unopposed Motion for An Additional Ends of Justice Exclusion of 180 Days from the Speedy Trial Calendar (Doc. 188, p. 9), Defendants, after consulting with counsel for the Government, estimated a total trial of approximately 40 days.

16.    Defendants and their counsel believe it is unreasonable to expect adequate preparation for pretrial proceedings or for the August 2, 2021 trial itself, and that a 10-day trial is not realistic. The defense continues to believe that this 10-defendant trial will take approximately 40 days, four times longer than the current trial schedule. The Government agrees that a 10-day trial is not realistic. Indeed, the Government estimates its case in chief alone, including cross-

examinations, will take 15 days.  Defendants plan to present their own cases in chief, and allowing each defendant only two trial days to do so would render a trial of 35 days.  With jury selection, opening statements and closing arguments, the 40-day estimate seems realistic.  Regardless of the exact length of the trial, all parties agree the current time allotted for trial is not enough to accommodate the Government's case, let alone any presentation by the ten Defendants.[1]

17. Defendants respectfully submit that an analysis of the 18 U.S.C. § 3161 factors demonstrates that a continuance of the trial date and the attendant rescheduling of the related dates set forth in this Court's prior Order (Doc. 198) is necessary for the effective preparation by all parties for trial.  Accordingly, Defendants request the Court to make an additional "ends of justice" finding contemplated by Section 3161(h)(7)(A), excluding an additional 90 days from the speedy trial calculation, and reset the trial and related dates for dates mutually convenient to the Court and the parties.  Defendants have a strong desire to try this case in 2021, if possible. Barring any additional substantial production of discovery by the Government, Defendants, who are continuing to diligently analyze the discovery provided to date, anticipate being ready to try this case by October 2021.  Defendants note, however, that counsel for Defendant Blake currently has a two-to-three-week federal criminal trial that was recently reset to begin on November 1, 2021 in the Middle District of Florida in front of Judge John L. Badalamenti. (*United States v. Harwin*, 2:20-cr-00115-JLB-MRM (M.D. Fla.)).  If that trial were to proceed at that time, a single trial date in October for all ten Defendants would not be possible.  Defendants' counsel, however, have additional trial conflicts in early 2022, presently though April 2022.  Accordingly, Defendants respectfully request a trial date in early October 2021 or the first available trial setting thereafter that would accommodate the anticipated 40-day trial, subject to the Court's calendar and

---

[1] With due respect to the Government, the defendants believe the Government has under-estimated the length of cross-examinations by counsel for 10 separate defendants.

6

availability. Should the Court grant this request, Defendants will continue to update the Court with respect to the Government's provision of discovery and the status of the trial in the *Harwin* case. If discovery has been completed and the conflict with the *Harwin* case cannot be resolved, Defendants would ask the Court to maintain the new trial date for the other nine Defendants, sever Mr. Blake, and schedule a separate trial for him as soon as it can be accommodated.

18. Defendants respectfully request that the Court reset the current motions and expert disclosure deadlines and the Final Trial Preparation Conference based on the new trial date. Defendants respectfully suggest the following pretrial deadlines[2]:

| Days Before Trial | Relevant Event |
|---|---|
| 70 | *James* Hearing |
| 60 | Case-in-Chief Expert Disclosures; Pretrial Motions |
| 50 | Rebuttal Expert Disclosures; Responses to Pretrial Motions |
| 40 | Motions Challenging Expert Testimony; Motions in Limine |
| 30 | Responses to Motions Challenging Expert Testimony; Responses to Motions in Limine |
| 30 | Proposed Witness Lists; Proposed Jury Instructions; Proposed Verdict Forms; Proposed Voir Dire Questions; Government's Proposed Exhibit List |
| 10 | Trial Briefs |
| 7 | Defendants' Proposed Exhibit List |
| 7 | Trial Preparation Conference |

19. In further support of this Motion, Defendants state the following:

20. To date, the Government has produced more than 13.7 million documents. Defendants continue to receive oftentimes voluminous discovery from the Government on a regular basis, which in turn, affects defense counsel's legal and factual analysis, defense investigation, consideration of potential experts, and contemplation of pretrial motions. Since the

---

[2] Defendants have considered this Court's Practice Standards (Criminal Cases), effective December 1, 2020. Defendants respectfully suggest that given the number of parties and counsel involved in this case and the anticipated pretrial motions, a variance from the Court's usual pretrial schedule would be helpful to all parties and the Court.

7

Court's November 17, 2020 order setting the trial date for August 2, 2021 (Doc. 198), Defendants have received over 1.2 million additional documents from the Government. As recently as April 15, 2021, the Government produced over 170,000 additional documents. It cannot be known to Defendants, but it is anticipated there are more documents to come as the Government recently stated that "the grand-jury investigation into the broiler chicken industry is ongoing." *See* Brief in Support of United States' Motion for Limited Deposition Stay, *In re Broiler Chicken Antitrust Litigation,* Case No. 1:16-cv-08637 (N.D. Ill. April 5, 2021), Doc. 4520 at 3.

21.     While some of the discovery consists of witness statements, the breadth of the discovery is massive under any standard. Much of the discovery is comprised of voluminous and dense phone records, pricing and sales data, voluminous text and email records, and financial data and analysis. Defendants have been diligently analyzing this information, but a careful and meaningful review of these materials is difficult and time-consuming. And the nature of some of this data has made these important tasks even more challenging. For example, the pricing and sales data across many chicken suppliers within a multi-billion-dollar industry covering many years and countless transactions are far from harmonized, which makes this important data exceedingly difficult to analyze. In addition, the phone and text messages frequently require complex analysis before their context, much less their importance, can be ascertained. As this work progresses, Defendants have assessed – and will continue to assess – whether documents may be missing from the discovery and, if so, will take diligent measures to address such gaps.

22.     Moreover, necessary defense investigation, including witness interviews and in-person meetings between defense counsel and their respective clients, continues to be extremely difficult, if not impossible, due to health concerns about travel. The current COVID-19 pandemic continues to present significant and unique challenges to representation, including the ongoing

inability to meet with Defendants in person, to conduct in-person interviews with potential witnesses, to engage in the active investigation of the case from any location other than counsel's homes and/or offices in a limited capacity, and to do other everyday tasks common to basic lawyering of criminal cases. While counsel anticipates that this situation will abate as more individuals receive vaccines and positivity rates decline, actively investigating this case continues, at present, to be significantly hampered by the pandemic. Further, it remains difficult to imagine, in the present COVID-19 environment, conducting a weeks-long trial of ten Defendants this coming August, with all of the attendant government lawyers and staff, defense lawyers and staff, court staff, marshals and jury, all present indoors in a single courtroom.

23.     Indeed, the present COVID-19 pandemic presents Defendants and their counsel with unique and unprecedented challenges. This Court has recognized the extraordinary nature of the pandemic, and its attendant exigent circumstances. In a series of General Orders, this Court has recognized, *inter alia*, that the President of the United States has declared a state of emergency, that COVID-19 is highly contagious, and that public health concerns mitigate against gatherings of people. See General Orders 2020-1, 2020-3, 2020-5, 2020-6, 2020-7, 2020-8, 2020-9, 2020-10, 2020-11, 2020-18 and 2021-3 applicable to the United States District Court for the District of Colorado. In these Orders, the Court has addressed, *inter alia,* logistics, procedures, access to the courthouse, appointment of counsel in compassionate release matters, and delays to jury trials.

24.     While defense counsel has been working diligently to analyze the discovery already produced, the reality is this is a complicated and time-intensive exercise in this type of complex white-collar case. This important work will continue for months to come. Upon review of the existing voluminous discovery and upon receipt of the additional discovery, counsel will require sufficient time to review the discovery materials, evaluate the Government's case against

9

Defendants, formulate and execute defense investigation, discuss the case with their respective clients, draft any necessary pretrial motions, and prepare for trial. Under the circumstances, counsel believe it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by either the defense or the prosecution, within the normal time limits established by Title 18, United States Code, Section 3161, or by the date set for trial in the Court's prior order excluding time under the Speedy Trial Act.

25. Counsel anticipate engaging defense experts in this case. However, it is difficult for Defendants to ascertain what experts may be necessary when they continue to receive productions of well over 100,000 pages on a regular basis. Nonetheless, Defendants have been working as expeditiously as possible to evaluate the potential need for defense experts based on the discovery produced to date. Any experts retained will require adequate time to review and evaluate the discovery materials and consult with counsel regarding their opinions of the case.

26. Accordingly, counsel at this point respectfully request a continuance of the August 2, 2021 jury trial and Final Trial Preparation Conference in this case and the exclusion of an additional 90 days in computing the time in which trial must commence. Counsel further request that the deadlines for filing of pretrial motions, disclosure of experts, and other temporal requirements also be rescheduled for the reasons stated herein.

27. Consistent with the guidance provided in *United States v. Toombs*, *574 F.3d 1262* (10th Cir. 2009), the factors that support the requested continuance pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A) are:

> **a) Whether a failure to grant the continuance would result in a miscarriage of justice**, *See* 18 U.S.C. § 3161(h)(7)(B)(I). As noted above, counsel for the Defendants have received approximately 13.7 million documents in discovery from the Government.

10

Counsel have worked as diligently as possible to review the materials produced to date. Given that the Government has continued to produce large volumes of new discovery on a regular basis, counsel anticipates receiving voluminous additional discovery. Under the current schedule, counsel will not be able to sufficiently analyze the materials already produced (not to mention the additional anticipated discovery), conduct their own investigation, and attempt to understand the Government's case, and prepare for trial. Accordingly, the defense believes a miscarriage of justice would occur if the Defendants were forced to proceed to trial under the current time limitations without adequate time for counsel to properly review all of the discovery, conduct their own investigation, and consult with defense experts regarding their opinions.

**b) Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence**, *See* 18 U.S.C. § 3161(h)(1)(A).  Failure to grant a continuance in this case would unreasonably deny counsel for the Defendants the time necessary to review discovery, confer with defense expert witnesses, effectively advise their respective clients, and effectively prepare for trial. As stated earlier, the potential need for defense experts to review the great volume of discovery materials and opine on the same has a direct bearing on the way in which undersigned counsel will advise their respective clients.

28.     In further support of this motion, the Defendants address the factors articulated in *United States v. West*, 828 F.2d 1468, 1449-70 (10th Cir. 1987). First, the parties are exercising ongoing diligence in collecting, organizing, and producing the evidence in this case. But this is a document and data-intensive case. If this motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance. Namely, the defense will have

an opportunity to diligently review the voluminous discovery, determine what defenses their clients may have, conduct any necessary investigation, and file any necessary motions. Second, such a continuance will not inconvenience the parties or witnesses (especially in light of the pandemic), and allowing the defense sufficient time to review and digest the evidence would save judicial resources by allowing the parties the time necessary to prepare for an efficient trial of this matter. The Government will not be prejudiced if the motion is granted. Third, without the requested continuance, the Defendants would be prejudiced because proceeding under the normal time limits would deny counsel for the Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

29.     The public interest in a speedy trial is satisfied with an October 2021 trial in such a large and complex multi-defendant case involving tens of millions of documents. Such would be the case under normal circumstances, let alone when taking into account the challenges from the on-going pandemic.

30.     Defense counsel has conferred with the Government, and it does not oppose a 90-day exclusion for the ends of justice, although it does not agree with all of the Defendants' assertions in this motion. Should this motion be granted, the Defendants respectfully request that, subject to the contingencies set forth in Paragraph 18, a trial date be set for early October 2021, and that current motions and expert disclosure deadlines and the Final Trial Preparation Conference be reset based on the new trial date. Defendants include in this motion a proposed pretrial schedule. While the Government does not oppose an early October trial date, it does oppose the proposed schedule. The Government believes the pretrial motions and response dates should remain as currently set for the reasons stated in the Government's Response to Defendants' Motion for a Status Conference, ECF No. 242 at 2-3. The Government further believes that

additional hearing dates and deadlines should be set according to the Court's usual pretrial schedule.

31. In sum, Defendants and their counsel respectfully assert that, given the Court's prior finding that this case is complex, the failure to grant such a continuance in this case would deny counsel for the Defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv). Defendants believe that an additional 90 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the underlying investigation and effectively prepare for trial.

WHEREFORE, Defendants Jayson Penn, Mikell Fries, Scott Brady, Roger Austin, Timothy Mulrenin, William Kantola, Jimmie Little, William Lovette, Gary Roberts and Rickie Blake, by and through their respective counsel, respectfully request that the Court issue an Order: (1) vacating the trial and related dates set forth in this Court's prior Order (Doc. 198) and rescheduling the related dates based upon the new trial date; (2) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (3) excluding an additional 90 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i) - (iv).

Respectfully submitted this 5th day of May 2021,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for Defendant William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
Attorney for Defendant Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Defendant Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8876
mtubach@omm.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Defendant Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Defendant Timothy R. Mulrenin
555 11th Street, N.W., Suite 1000
Washington, DC 20004-1304
(202) 637-2200
Elizabeth.Prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for Defendant William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Defendant Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Defendant Gary Brian Roberts
400 Galleria Parkway
Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Defendant Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK,
& UNTEREINER LLP
2000 K Street N.W.
4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 5th day of May 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

       *s/ John A. Fagg, Jr.*
       John A. Fagg, Jr.