AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | )  Case No. |
|  | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: | Date and Time: |
|---|---|
|  |  |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who requests this subpoena, are:

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)**

**(c) Producing Documents and Objects.**

   **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

   **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

   **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

   **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

   **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# **ATTACHMENT A**

To:   Custodian of Records
      Cellco Partnership d/b/a Verizon Wireless
      180 Washington Valley Rd.
      Bedminster, NJ 07921

Definitions

1. All terms are to be interpreted according to the normal and ordinary use of those terms unless otherwise defined herein. All terms are to be interpreted in as inclusive a manner as possible.

2. "DOCUMENT" means any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including but not limited to notes, memoranda, letters, electronic mail, reports, analyses, telegrams, publications, contracts, recordings, transcriptions of recordings, business records, magnetically encoded information, and electronically stored data, and includes, without limitation, originals, drafts, working papers, and similar materials, and each and every non-identical copy, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or for any other reason.

3. "YOU," "YOUR" and "VERIZON WIRELESS" means any member, employee, officer, director, or agent of Cellco Partnership d/b/a Verizon Wireless.

4. "relating to" means concerning, describing, evidencing, supporting, discussing, consisting of, referring to, reflecting on, arising out of, embodying, identifying, dealing with, or being in any way legally, factually, or logically connected with the referenced matter.

5. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the words "all," "each," and "any" mean "any and all"; and the word "including" means "including without limitation."

Instructions

1. YOU are required to submit all DOCUMENTS in YOUR custody and control responsive to this subpoena to Chief Judge Brimmer at the United States District Court located at:

   Alfred A. Arraj United States Courthouse, Courtroom A701
   901 19th Street
   Denver, CO 80294

2. All DOCUMENTS submitted to the Court pursuant to this subpoena will be reviewed *in camera* prior to being disseminated to the parties. All DOCUMENTS provided to the parties will be subject to the current protective order in this case imposing limitations on dissemination of information to third parties.

3. The requests herein shall be deemed to request the production of any and all DOCUMENTS and things within the actual or constructive possession, custody, or control of RSCS. These requests require you to produce DOCUMENTS and things that may be stored on any personal computers, mobile telephones, tablets, servers, calendars, or other electronic devices or physical files in your possession, custody, or control. This includes without limitation personal emails and text messages.

4. Each request is to be construed independently, and no request is to be viewed as limiting the scope of any other request. If you assert that any part of a request is objectionable, respond to the remaining parts of the request to which you do not object.

5. The DOCUMENTS are to be produced as they are kept in the usual course of business or organized and labeled to correspond with the requests in this subpoena. The selection of DOCUMENTS from files and other sources is to be performed in such a manner as to ensure that the files or other source from which the document is obtained may be identified.

6. Produce the entirety of any requested DOCUMENT, including all attachments, enclosures, cover letters or emails, memoranda, exhibits, or appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations were added) should be treated as separate DOCUMENTS and produced separately. Each draft of a DOCUMENT should be treated as a separate DOCUMENT and produced separately.

7. To the extent possible, produce originals of DOCUMENTS. If producing copies, produce DOCUMENTS in color to the extent necessary to interpret the DOCUMENT, *i.e.*, if the coloring of any DOCUMENT communicates any substantive information. If black-and-white photocopying or conversion of any DOCUMENT makes any substantive information contained in the DOCUMENT unintelligible, please submit the original.

2

8. Any DOCUMENT maintained or stored electronically, including any DOCUMENT stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files, shall be produced in a manner that maintains the integrity and readability of all data, including all metadata.

9. If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions, software or computer code, and all other materials necessary to use or interpret such data.

10. This subpoena does not seek attorney-client privileged DOCUMENTS or DOCUMENTS protected by any other applicable legal privilege. This subpoena also does not seek DOCUMENTS outside of YOUR possession or that have been destroyed. In the event a known responsive DOCUMENT or portion thereof is withheld for any reason, indicate the following information for each such withheld DOCUMENT, or portion thereof:

    a. the date of the DOCUMENT;
    b. the general character of the DOCUMENT (*i.e.*, letter, memorandum, or notes, etc.);
    c. the identity of the person in possession of the DOCUMENT and the DOCUMENT'S location (either current or last known);
    d. the identity of the author of the DOCUMENT;
    e. the identity of all recipients of the DOCUMENT;
    f. the general subject matter of the DOCUMENT; and
    g. the reason, including, but not limited to, any legal obligation or privilege for withholding the DOCUMENT or portion thereof.

3

Requests

Please provide the following records and information associated with the accounts identified below. Unless otherwise specified, all requests relate to the period January 1, 2012 through December 31, 2019.

Accounts

502-386-1809

407-694-8809

407-468-7746

919-696-8559

Records to Be Produced

1. Names associated with the specified accounts, including subscriber names, usernames, and screen-names;

2. Addresses associated with the specified accounts, including mailing addresses, residential addresses, business addresses, and e-mail addresses;

3. Local and long-distance telephone connection records, including text or data message detail;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associates with those sessions;

5. Length and types of service used, including start date, for the specified accounts;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities, including the registration IP address;

8. Means and source of payment for service on the specified accounts, including credit card or bank account number, and billings records.

# DECLARATION
# FILED UNDER SEAL

1. I have undertaken a review of all DOCUMENTS (as defined in Attachment A) in my possession, custody and control, or in the possession, custody and control of VERIZON WIRELESS responsive to the subpoena.

2. True and correct copies of DOCUMENTS responsive to the subpoena are included herewith.

3. Other than the DOCUMENTS produced herein or described in the privilege log submitted with this declaration, I know of no other DOCUMENTS responsive to the subpoena.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at _____ on _____, _____.

_____

5