

Michael S. Feldberg
750 Third Avenue, Suite 2400
New York, NY 10017
Direct Dial: (212) 381-4970
mfeldberg@reichmanjorgensen.com

July 8, 2021

**VIA E-MAIL**

Michael T. Koenig
Carolyn M. Sweeney
Heather D. Call
Jillian M. Rogowski
Laura J. Butte
Paul J. Torzilli
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, D.C. 2053

Re:   United States of America v. Jayson Penn et al., 1:20-cr-00152 (D. Colo)

Dear Counsel:

We hope you are staying well. We write concerning the Plea Agreement in *U.S. v. Pilgrim's Pride Corporation*, 20-CR-00330 (RM). Paragraph 22 of that agreement provides in pertinent part:

> The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts contained in the Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 20-21 of this Plea Agreement. The decision whether any public statement by any such person contradicting the facts contained in the Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining

Michael Koenig
July 8, 2021
Page 2

       whether it has violated this Plea Agreement will be at the sole discretion of the United States.

       This provision has an obvious chilling effect on employees of Pilgrim's Pride Corporation who may have factual information contradicting the Factual Basis section of the Plea Agreement. Those employees will understandably be concerned that making any statement, whether public or private, that differs in any way from the negotiated language in the plea's Factual Basis will put their employer in the position of violating the Plea Agreement, a decision left to the sole discretion of the United States. Moreover, the provision induces and incentivizes Pilgrim's Pride Corporation to discourage its employees from engaging in any communication, public or private, that might be seen to contradict the Factual Basis section of the Plea Agreement, to avoid the risk of being deemed by the United States to be in violation of the Agreement. Notably, the Plea Agreement, in Paragraph 14, requires Pilgrim's Pride employees to respond truthfully to inquiries, but *only* to the extent the employee is responding to inquiries of the United States. Paragraph 22, exacerbated by Paragraph 14's one way exception for responses to the United States, but not responses to the Defendants, raises obvious due process issues for the Defendants. Indeed, we believe that paragraphs 22 and 14 have very likely already had this effect.

       As a first step in trying to address the myriad issues raised by paragraphs 22 and 14, we request that the United States notify Pilgrim's Pride Corporation that the United States will not make a determination that the company has violated the Plea Agreement if any employee makes any statement to the Court or to Defendants' counsel, regardless of whether or not that statement contradicts the Factual Basis section of the Plea Agreement and employees are free to speak to Defendants' counsel.

                                                    Very truly yours,

                                                    Michael S. Feldberg

cc:      All Counsel of Record