

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

July 17, 2021

VIA EMAIL

| | |
|---|---|
| Rick Kornfeld<br>Recht Kornfeld PC<br>1600 Strout Street, Suite 1400<br>Denver, CO 80202 | Bryan Lavine<br>Troutman Pepper Hamilton Sanders LLP<br>600 Peachtree Street, NE, Suite 3000<br>Atlanta, GA 30308 |
| Michael Feldberg<br>Reichman Jorgensen Lehman &<br>Feldberg LLP<br>Attn: Laura Carwile and Michael Feldberg<br>100 Marine Parkway, Suite 300<br>Redwood Shores, California 94065 | Michael Tubach<br>O'Melveny & Myers LLP<br>Attn: Francine Seno<br>1999 Avenue of the Stars, 8th Floor<br>Los Angeles, CA 90067-6035 |
| Elizabeth Prewitt<br>Latham & Watkins LLP<br>Attn: Kent Russell<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538 | John A. Fagg, Jr.<br>Moore & Van Allen PLLC<br>100 North Tryon Street,<br>Suite 4700<br>Charlotte, NC 28202-4003 |
| James A. Backstrom<br>James A. Backstrom, Counsellor at Law<br>1515 Market Street, Suite 1200<br>Philadelphia, PA 19102-1932 | Craig Gillen<br>Gillen, Withers and Lake<br>400 Galleria Parkway, Suite 1920<br>Atlanta, Georgia 30339 |
| Mark A. Byrne<br>Byrne & Nixon LLP<br>888 West Sixth Street<br>Suite 1100<br>Los Angeles, California 90017 | Barry J. Pollack<br>Robbins, Russell, Englert, Orseck,<br>Untereiner & Sauber, LLP<br>2000 K Street, N.W., 4th Floor<br>Washington, DC 20006 |

Re:   *United States of America v. Jayson Penn et al.*, 1:20-cr-00152 (D. Colo)

Dear Counsel:

We write in response to your letter dated July 8, 2021. In that letter, you raise concerns about paragraph 22 in Pilgrim's Pride Corporation's Plea Agreement (Plea Agreement), which provides that Pilgrim's Pride Corporation (Pilgrim's Pride),

and individuals speaking on behalf of Pilgrim's Pride, will not make public statements that contradict the Factual Basis of the Plea Agreement. In full, that paragraph reads:

### PUBLIC STATEMENTS BY THE DEFENDANT

22. The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts contained in the Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 20 – 21 of this Plea Agreement. The decision whether any public statement by any such person contradicting the facts contained in the Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts the facts contained in the Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five (5) business days after notification. The defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, the facts contained in the Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant. This paragraph does not affect the obligation of any person, who is providing cooperation pursuant to Paragraph 14 of this Plea Agreement, to respond fully and truthfully to all inquiries of the United States without falsely implicating any person or intentionally withholding information and to testify fully and truthfully as required by Paragraph 14 of this Plea Agreement.

*United States v. Pilgrim's Pride*, 21-cr-330, ECF No. 58 (D. Colo. Feb. 23, 2021).

This paragraph is intended to address only public statements by individuals when they are speaking on behalf of or representing the company. This provision does not apply to statements made by individuals in their personal capacity. In our view, employees are free to speak with whomever they choose, provided that those communications are consistent with court orders. Nothing in paragraph 22 or any other provision of the Plea Agreement is intended, or should be construed, to encourage anything but truthfulness. Indeed, paragraph 14(b) requires Pilgrim's Pride to use its best efforts to secure the truthful cooperation of its current and former employees in any litigation arising from the government's investigation.

The United States cannot make a general commitment that *any* future statements made on behalf of Pilgrim's Pride by attorneys, officers, employees, agents, or any other person

authorized to speak on behalf of the company that contradicts the Factual Basis of the Plea Agreement would not violate the Plea Agreement. That is a factual question that requires an analysis of the circumstances of the statement to determine whether the statement was public, and whether it was a statement of or on behalf of the company. However, the Plea Agreement does not address statements by employees in their personal capacity, regardless of content, whether those statements are made in public (e.g., to a court), or in private (e.g., to a lawyer—whether their own or that hired by another).[1]

The government has advised Pilgrim's Pride of the government's understanding of the provisions of the Plea Agreement, which is contained in this letter. Pilgrim's Pride confirmed that the government's interpretations of these provisions are consistent with Pilgrim Pride's understanding of the same, and that Pilgrim Pride agrees to abide by the government's interpretation.

Sincerely,

Carolyn M. Sweeney
Trial Attorney

---

[1] At least one court has considered these types of provisions in negotiated criminal resolutions and has found them proper. *See United States v. Brown*, No. 03-cr-363, 2010 WL 3359471, at *19-20, *22 (S.D. Tex. Aug. 23, 2010) (finding no witness interference where a corporate non-prosecution agreement, which contained a provision prohibiting the company from making statements "through its attorneys, board of directors, agents, officer or employees" from contradicting the company's acceptance of responsibility, "did not foreclose [the company's] employees, individually, from disputing the government's theory of the case" or "employees' abilities to make statements on their own behalf," and noting that the company's "provision of independent counsel to employees undermines any implication that the government's request unduly influenced those employees by reason of the government's non-prosecution agreement with [the company]").