

Michael S. Feldberg
750 Third Avenue, Suite 2400
New York, NY  10017
Direct Dial: (212) 381-4970
mfeldberg@reichmanjorgensen.com

July 12, 2021

**VIA FEDERAL EXPRESS AND E-MAIL**
Kenneth B. David, Esq.
Daniel J. Fetterman, Esq.
Marc E. Kasowitz, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

Re: Pilgrim's Pride Corporation, 20-cr-00330-RM

Dear Counsel:

We hope you are staying well.  On behalf of the Defendants in *United States of America v. Jayson Penn et al.*, 1:20-cr-00152 (D. Colo), we write concerning the Plea Agreement dated February 16, 2021 into which Pilgrim's Pride has entered. Paragraph 22 of that agreement provides in pertinent part:

> The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts contained in the Factual Basis section of this Plea Agreement.  Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 20-21 of this Plea Agreement.  The decision whether any public statement by any such person contradicting the facts contained in the Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States.

We suspect that this provision was not one sought by Pilgrim's Pride, but as we are sure you appreciate, it has an obvious chilling effect on employees of Pilgrim's Pride Corporation who may have factual information contradicting the Factual Basis section of the Plea Agreement.  Those employees will understandably be concerned that making any statement,

Kenneth B. David, Esq.
Daniel J. Fetterman, Esq.
Marc E. Kasowitz, Esq.
Page 2

whether public or private, that differs in any way from the negotiated language in the plea's Factual Basis will put their employer in the position of violating the Plea Agreement, a decision left to the sole discretion of the United States. Moreover, the provision could lead Pilgrim's Pride Corporation to discourage its employees from making any factual statement that contradicts the Factual Basis section of the Plea Agreement, to avoid the risk of being deemed by the United States to be in violation of the Agreement. We note also that the Plea Agreement, in Paragraph 14, requires Pilgrim's Pride employees to respond truthfully to inquiries, but *only* to the extent the employee is responding to inquiries of the United States, which makes the disincentive to communicate with Defense counsel even more apparent. This raises obvious due process issues for the Defendants in our case and we are very concerned about the impact on the defense of our clients.

As a first step in trying to address the myriad issues raised by Paragraphs 22 and 14, we have requested that the United States notify Pilgrim's Pride Corporation that the United States will not make a determination that the Company has violated the Plea Agreement if any employee makes any statement to the Court or to Defendants' counsel in our case, regardless of whether or not that statement contradicts the Factual Basis section of the Plea Agreement. We now request that Pilgrim's Pride Corporation (1) disclose to defendants whether it has in any way discouraged employees, either directly or through their counsel, from speaking with defense counsel, and (2) advise its employees that they are free to speak with whomever they choose, regardless of whether or not their truthful statements contradict the Factual Basis of the Pilgrim's Plea Agreement, and that they will suffer no adverse employment consequences as a result of doing so.

Very truly yours,

Michael S. Feldberg

cc:     All Defense Counsel