**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY R. MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  WILLIAM WADE LOVETTE,
9.  GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

     Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT
MOTION FOR DISCLOSURE OF 801(d)(2)(E) EVIDENCE AND REQUEST FOR
*JAMES* HEARING**

---

The government respectfully submits this brief in opposition to the defendants'

Joint Motion for Disclosure of 801(d)(2)(E) Evidence and Request for *James* Hearing.

The government agrees that pretrial disclosure of co-conspirator statements for the

purpose of determining admissibility under Federal Rule of Evidence 801(d)(2)(E) will

facilitate a more orderly and efficient trial. However, the defendants' request for an in-

court *James* hearing—which is not necessary in every case[1]—is premature because the

---

[1] *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1997) ("[T]he decision not to grant defendant a pretrial hearing did not constitute an abuse of discretion by the trial court where, as the lower court noted, the pretrial hearing would have taken approximately one week and would have involved recalling the officers, witnesses, and counsel in a complicated and repetitive procedure."); Order on *James* Proffer, *United*

Court should be able to make all or nearly all of the Rule 801(d)(2)(E) rulings on the papers.

The government proposes that it submit a brief identifying evidence to establish the existence of the conspiracy–including the timeframe of its existence and its participants–that is the predicate for admissibility of the statements sought to be admitted under 801(d)(2)(E), and explain the legal basis for admission of the 801(d)(2)(E) statements themselves. The brief will be accompanied by a *James* log detailing the various statements it intends to introduce. The defendant could then file written challenges to both the government's evidence of the conspiracy's existence and to particular statements contained in the log. After receiving these pleadings from both parties, the Court will then be in a position to decide whether a further hearing is required or whether the Court is able to make the requisite determinations pursuant to Federal Rule of Evidence 104.  This procedure would allow the Court the possibility of avoiding a needless and time-consuming mini-trial on this issue. Indeed, the government's current draft *James* log contains several hundred entries of co-conspirator statements, indicating that a hearing on the issue may take a significant amount of the Court's time.

---

States v. Yurek, No. 15-cr-394-WJM, at *1-2 (D. Colo. June 30, 2017) ECF No. 195, n.1 ("[T]he Court is unaware of any controlling case holding that an in-court hearing is required, particularly where, as here, the Court finds in its discretion that the preliminary findings can be adequately determined based on written materials, effectively a 'hearing on the papers.'") (*citing United States v. Rutland*, 705 F.3d 1238, 1242 n.2 (10th Cir. 2013) *and United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994)); *see also United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993) ("we have never constructed a fixed formula to govern the *James* prophylaxis")

In the event the Court decides to grant time for such submissions by the parties, the government respectfully proposes the following briefing schedule to enable the parties to raise and sharpen issues surrounding the admission of coconspirator statements under 801(d)(2)(E):

| Filing | Due Date |
|---|---|
| Government's *James* log and accompanying brief | August 23, 2021 |
| Defendants' response brief | September 13, 2021 |
| Government's reply brief | September 27, 2021 |

To the extent the Court determines that an in-court *James* proceeding is necessary for some subset of Rule 801(d)(2)(E) statements, the above schedule provides nearly a full month before the start of trial to conduct such a proceeding. The government is simultaneously filing a separate motion, as required by LCrR 12.2, requesting the above-described schedule.

For the above-stated reasons, the Court should deny the defendants' motion and grant the government's simultaneously filed scheduling motion.

By: _____/s/_____

Heather D. Call
Michael T. Koenig
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 30th day of July 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all listed parties.

By: _____/s/_____

Heather D. Call
Trial Attorney
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov