# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY R. MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  WILLIAM WADE LOVETTE,
9.  GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

     Defendants.

---

## GOVERNMENT'S MOTION FOR BRIEFING SCHEDULE RELATING TO ADMISSIBILITY OF 801(d)(2)(E) EVIDENCE AND DEFENDANTS' REQUEST FOR A *JAMES* HEARING

---

The United States of America, by and through its undersigned counsel, respectfully moves this Court for an Order setting a briefing schedule for the parties' submission of evidence and argument relating to the admissibility of statements offered by the government under Federal Rule of Evidence 801(d)(2)(E).

As described in the Government's Response to Defendants' Joint Motion for Disclosure of 801(d)(2)(E) Evidence and Request for James Hearing, filed simultaneously with the instant motion, such a schedule would prevent a minitrial on the admissibility of numerous co-conspirator statements while allowing the Court and

parties' sufficient time and an appropriate forum in which to prepare and convey their

arguments.

The Government therefore respectfully proposes the following briefing schedule:

| Filing | Due Date |
|---|---|
| Government's *James* log and accompanying brief | August 23, 2021 |
| Defendants' response brief | September 13, 2021 |
| Government's reply brief | September 27, 2021 |

To the extent the Court determines that an in-court *James* proceeding is

necessary for some subset of Rule 801(d)(2)(E) statements, the above schedule

provides nearly a full month before the start of trial to conduct such a proceeding.

The government has conferred with counsel for the defendants, who propose the

following alternative schedule: (1) the government file its James brief and log on August

16 "when other responses to pretrial motions are due;"[1] (2) the defendants will respond

on September 8; and (3) the Court should hold an evidentiary hearing as soon after

September 8 as is convenient to the Court.

The defendants' position is premature as it presupposes that the Court will grant

the defendants' motion for a *James* hearing.  On the other hand, the government's

proposal promotes judicial economy by allowing time for a government reply brief, which

will further refine the issues for the Court to consider.  The government has designed its

proposed schedule to allow for full briefing on the issues to be completed by the

---

[1] July 30, 2021 Email from Marci LaBranche, counsel for Timothy Mulrenin, on behalf of all defendants.

government's understanding of the standard time a *James* hearing is typically held in other cases in the district.

For the foregoing reasons, the government respectfully requests that the Court order a schedule for submission of 801(d)(2)(E) statements and arguments.

Respectfully submitted this 30th day of July, 2021.

By: _____/s/_____

Heather D. Call
Michael T. Koenig
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 30th day of July 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all listed parties.

By: _____/s/_____

Heather D. Call
Trial Attorney
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov