IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 20-CR-152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS,
10.     RICKIE PATTERSON BLAKE,

    Defendants.

## DECLARATION OF DANIEL J. FETTERMAN IN SUPPORT OF NON-PARTY PILGRIM'S PRIDE CORPORATION'S MOTION TO QUASH AND/OR MODIFY SUBPOENA

1.     I, Daniel J. Fetterman, am a partner at Kasowitz Benson Torres LLP ("Kasowitz"), counsel for non-party Pilgrim's Pride Corporation ("PPC" or the "Company"). I respectfully submit this declaration in support of Non-Party Pilgrim's Pride Corporation's Motion to Quash And/Or Modify Subpoena. The facts contained in this declaration are, to the best of my knowledge, true and correct.

2. On July 29, 2021, the Court entered an order authorizing the defendants in this action ("Defendants") to issue a subpoena to PPC (the "Subpoena"). A true and correct copy of the Subpoena, as it was served on PPC on August 5, 2021, is attached as Exhibit A.

3. On August 3, 2021, a colleague of mine emailed to Defendants a letter from me to Michael Tubach, counsel for defendant Jayson Penn. A true and correct copy of my August 3, 2021 letter is attached as Exhibit B. In my letter, I explained that the Subpoena is overbroad and improper under Fed. R. Crim. P. 17(c) and *United States v. Nixon*, 418 U.S. 683, 700 (1974), and seeks information protected by the attorney-client privilege, the work product doctrine and the accountant-client privilege. I requested that Defendants provide PPC with "(i) the specific documents or sharply defined categories of documents [they] know exist and are seeking (and that [they] have not already received through the government's reproduction of Pilgrim's voluminous document productions from the civil antitrust litigation and in response to the government's grand jury subpoena to Pilgrim's); (ii) what information the specific documents or sharply defined group of documents contain; (iii) why the contents of those documents are relevant to [their] defense (i.e., the absence of which essential element of the crime they will demonstrate); and (iv) why those specific documents or sharply defined category of documents would be admissible at trial." I then offered to meet-and-confer on August 5, 2021.

4. The next day, August 4, 2021, Mr. Tubach said he was traveling and needed to confer with his co-counsel, and would get back to me "as soon as possible." I responded the next morning, noting that, given the Court's August 19, 2021 production deadline, we needed to move quickly. I suggested a meet and confer that Monday, August 9, 2021, and reiterated my request that Defendants provide the information requested in my August 3, 2021 letter. A true and correct

2

copy of my email string with Mr. Tubach on August 3, 2021 through August 5, 2021 is attached hereto as Exhibit C.

5. In my August 5, 2021 email, I also noted that Defendants had yet to serve the Subpoena on PPC. *See* Ex. C. In response, Mr. Tubach asked if I would accept service of the Subpoena on behalf of PPC. *Id.* I advised Mr. Tubach that, while PPC objects to the Subpoena and reserves all of its rights, I was authorized to accept service. *Id.* At approximately 5:00 pm ET on the afternoon of August 5, 2021, Julie Withers, counsel for Roger Austin emailed a copy of the Subpoena to me. This was the first time that anyone from PPC received the Subpoena as it was issued by the Court. A true and correct copy of Ms. Withers' August 5, 2021 email is attached as Exhibit D.

6. In his August 5, 2021 email string with me, Mr. Tubach ultimately offered to meet-and-confer the next day, August 6, 2021. At approximately 12:00 pm ET on Friday, August 6, 2021, along with certain of my colleagues, I participated in a meet-and-confer with Mr. Tubach and certain of his co-counsel. During the meet-and-confer, Mr. Tubach offered to narrow the Subpoena in certain very limited ways. For example, Mr. Tubach stated that, through Request Nos. 7-11, Defendants were not seeking privileged communications, but then clarified that Defendants were seeking purportedly non-privileged facts responsive to the Subpoena even if they were contained in otherwise privileged communications. While we did not agree with Mr. Tubach's positions, we agreed to discuss the Subpoena further with our client and get back to him.

7. On Monday, August 9, 2021, I sent an email to Mr. Tubach, memorializing many of the key points of our meet-and-confer and making a proposal to narrow the Subpoena to conform

3

more closely to the requirements of Rule 17(c) and *Nixon*, and reduce the substantial burden that the Subpoena posed on PPC as it was written and served. A true and correct copy of my August 9 email is attached as Exhibit E.

8. Two days later, on Wednesday, August 11, 2021, Mr. Tubach sent an email stating that Defendants were still "working through" the proposal that I had sent two days earlier, and advised that he would respond by the end of the day Thursday, August 12, 2021. A true and correct copy of Mr. Tubach's email is attached as Exhibit F.

9. At approximately 11:00 pm MT on August 12, 2021 (1:00 am ET on August 13) – more than three full business days since I had sent my August 9 email – Mr. Tubach responded to my proposal in a letter that largely rejected PPC's proposed compromises and demanded full compliance with most of the Subpoena's requests by August 26, 2021, notwithstanding Defendants' own delay in serving the Subpoena and in the meet-and-confer process. Specifically, Defendants demanded that PPC "fully comply" with Requests 1, 2, 4 and 7-11, and proposed modifications to Requests 3, 5, 6 and 12. As set forth in the accompanying motion to quash, Defendants' limited proposed modifications did not cure the requests' fatal deficiencies under Rule 17(c) and *Nixon*, and with the exception of request 12, PPC was unable to agree to them. Accordingly, PPC was left with no choice but to file this Motion to Quash. A true and correct copy of the August 12 letter is attached as Exhibit G.

10. In his August 12 letter, Mr. Tubach claims that the transactional sales data in Defendants' possession is "non-responsive." He further claims that Defendants have been unable to identify the "payer_txt" field in the data. However, attached as Exhibit H is a list of the column headings in the document Bate-stamped PILGRIMS_SD_01314, which is a document containing

4

transactional sales data for November 2012 that we understand is in Defendants' possession. As Exhibit H shows, this file includes 176 different fields, which provide a tremendous volume of information about PPC's sales – including purchasers, dates, quantities, product types, business units, production plants, sales groups, and even the identities of the sales representatives and managers involved in the transactions. *Id.* Among the fields is "Payer_TXT" – the field that Defendants claim they could not find. *Id.* I have highlighted the "Payer_TXT" field in Exhibit H.

11. Mr. Tubach also conceded in his August 12 letter that Defendants were in possession of certain data and documents that we identified by Bates number in my August 9 email, but claimed that they did not possess some of the other data and documents identified by Bates number in that same email. To be clear, PPC has produced all of the documents that we identified by Bates number, either directly to DOJ or to the plaintiffs in the *Broilers* litigation, who we understand then produced such materials to DOJ as part of their compliance with a grand jury subpoena (or otherwise). Assuming that Defendants are correct and they do not, in fact, have some of the documents and data I identified in my August 9 email, neither I nor PPC know why that is the case.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 13, 2021 in New York, New York.

/s/ Daniel J. Fetterman
Daniel J. Fetterman

5