# EXHIBIT F

| | |
|---|---|
| **From:** | Tubach, Michael <mtubach@omm.com> |
| **Sent:** | Wednesday, August 11, 2021 4:13 PM |
| **To:** | Daniel J. Fetterman |
| **Cc:** | julie@jwitherslaw.com; mfeldberg@reichmanjorgensen.com; pbrahmbhatt@reichmanjorgensen.com; dking@reichmanjorgensen.com; rick@rklawpc.com; Pletcher, Anna T.; Quinn, Brian P.; bryan.lavine@troutman.com; david@rklawpc.com; megan.rahman@troutman.com; lcarwile@reichmanjorgensen.com; elizabeth.prewitt@lw.com; caroline.rivera@lw.com; johnfagg@mvalaw.com; jabber@backstromlaw.com; cgillen@gwllawfirm.com; markbyrne@byrnenixon.com; jenniferderwin@byrnenixon.com; bpollack@robbinsrussell.com; wjohnson@rmp.law; denniscanty@byrnenixon.com; Kim Pryor; Marc E. Kasowitz; Kenneth R. David; Gavin D. Schryver |
| **Subject:** | RE: U.S. v. Penn et al - Letter to M. Tubach re Rule 17(c) Subpoena |
| **Categories:** | DM, #NYC : 5786339 |

ALERT: This is an external email. Do not click on any link, enter a password, or open an attachment unless you know that the message came from a safe email address. Any uncertainty or suspicion should be immediately reported to the Helpdesk.

Dan,

Thank you for this detailed email.  We are working through it, but were not able to get back to you on your proposed timetable.  We will send you a response by the end of the day tomorrow.

Best regards,

Michael

-----Original Message-----
From: Daniel J. Fetterman <DFetterman@kasowitz.com>
Sent: Monday, August 9, 2021 8:21 PM
To: Tubach, Michael <mtubach@omm.com>
Cc: julie@jwitherslaw.com; mfeldberg@reichmanjorgensen.com; pbrahmbhatt@reichmanjorgensen.com; dking@reichmanjorgensen.com; rick@rklawpc.com; Pletcher, Anna T. <apletcher@omm.com>; Quinn, Brian P. <bquinn@omm.com>; bryan.lavine@troutman.com; david@rklawpc.com; megan.rahman@troutman.com; lcarwile@reichmanjorgensen.com; elizabeth.prewitt@lw.com; caroline.rivera@lw.com; johnfagg@mvalaw.com; jabber@backstromlaw.com; cgillen@gwllawfirm.com; markbyrne@byrnenixon.com; jenniferderwin@byrnenixon.com; bpollack@robbinsrussell.com; wjohnson@rmp.law; denniscanty@byrnenixon.com; Kim Pryor <Kim.Pryor@jbssa.com>; Marc E. Kasowitz <MKasowitz@kasowitz.com>; Kenneth R. David <KDavid@kasowitz.com>; Gavin D. Schryver <GSchryver@kasowitz.com>
Subject: Re: U.S. v. Penn et al - Letter to M. Tubach re Rule 17(c) Subpoena

[EXTERNAL MESSAGE]

Michael,

1

Thanks for speaking with us on Friday.  We have considered your suggestions concerning how to narrow the Rule 17(c) subpoena.  Below are our responses.  Please do not hesitate to reach out with any questions or requests for clarification.  We ask that you respond to this proposal by no later than 10 am ET on Wednesday, August 11, 2021.  Please note that this is without waiver of any of Pilgrim's rights, all of which are reserved.

Request 1 (Contracts and Bids):  As we noted during Friday's call, Pilgrim's does business with thousands of customers.  Accordingly, your request for every "contract" (defined to include informal agreements as well as formal contracts) and "bid" (defined to include any offer, quote, proposal, etc. relating to a price offered ) would require Pilgrim's to review and produce, at least, hundreds of thousands of documents, the vast majority of which have nothing to do with this case.  As you admitted during our meet-and-confer, you don't know which contracts will be relevant to this case, so you are simply asking for all of them.  What's more, as we said during the call, Pilgrim's has already produced thousands of contracts to you as well as the transactional data for all of Pilgrim's customers for the entire relevant period.  See, e.g., PILGRIMS_SD_00001-PILGRIMS_SD_01531, PILGRIMS-0010496898 - PILGRIMS-0010499323, PILGRIMS-0010611864 - PILGRIMS-0010612069.  For all of these reasons, among others, this request is improper for a Rule 17(c) subpoena, and Pilgrim's objects to it in its entirety.  Notwithstanding the improper nature of this request, we again note that if Defendants are seeking specific contracts in connection with relevant customers that you do not already have, we would consider such a specific request. Please specify the particular contracts for specific, relevant customers and for which time periods that you are seeking and do not already have.  Please send us your proposed list by Wednesday morning at 10 a.m. ET or let us know that you do not agree to Pilgrim's proposal.

Request 2 (Intercompany Purchase Orders):  As discussed on Friday, the transactional sales data already produced and in Defendants' possession contains detailed information concerning each of Pilgrim's transactions with its competitors – transactions that together amount to billions of dollars in commerce.  We are willing to identify for you the field in the sales data that Pilgrim's has itself used to identify such transactions – specifically, competitors can be identified through the "payer_txt" field in the sales data, which is included in the structured data Bates stamped PILGRIMS_SD_00001-PILGRIMS_SD_01531.  As a result, we fail to see the need for Pilgrim's to produce any further documents responsive to this request, and Pilgrim's objects to doing so.  Please confirm that the transactional sales data already produced resolves Request 2 or that you do not agree to Pilgrim's position.

Request 3 (Costco Price Increases):  As noted, document requests seek "all documents" regarding Costco price increases (or any other subject) are improper for a Rule 17(c) subpoena, and Pilgrim's objects to such requests in their entirety.  However, Pilgrim's is willing to consider producing specific contracts it has with Costco from specific years (or other specifically identified information related to Costco), if Defendants are willing to specifically identify such documents.  Please send us your proposed list by Wednesday morning at 10 a.m. ET or let us know that you do not agree to Pilgrim's proposal.

Request 4 (Organizational Charts):  You asked whether we can identify the Bates numbers of organizational charts.  The documents Bates stamped PILGRIMS-0000000001 - PILGRIMS-0000000064 contain organizational charts.  Please confirm that this resolves Request 4 or that you do not agree to Pilgrim's position.

Request 5 (Employment Related Documents):  You said you are willing to withdraw the language "all documents containing or reflecting" from this request, and are seeking the production of documents sufficient to show the requested information.  Subject to that limitation, and to an agreement on an extension of the deadline for production as described below, we are willing to undertake a good-faith effort to locate and produce employment contracts, compensation and bonus information, stock grants, key performance indicators and performance evaluations for the individuals listed to the extent they are reasonably available.  Please confirm that this resolves Request 5 or that you do not agree to Pilgrim's position.

Request 6 (Beto Esteves):  Pilgrim's objects to producing "all documents containing or reflecting expense reports, calendar entries, or performance evaluations" – regardless of topic or subject matter – for Mr. Esteves because that request is improper for a Rule 17(c) subpoena.  Pilgrim's is willing to produce Beto Esteves' performance evaluations.  Moreover, given that Mr. Esteves is a former employee who left the company many years ago, the company does not possess any "calendar entries" for Mr. Esteves.  However, Pilgrim's does possess and already produced any emails to/from Mr. Esteves that were responsive to the government's grand jury subpoena (after the application of search terms), which likely contained emails concerning the topics requested in this request, as well as calendar invites that were sent via email that were responsive to the Subpoena.  Please confirm that the production of Mr. Esteves' performance evaluations, and Pilgrim's prior productions of his emails, resolves Request 6, or that you do not agree to Pilgrim's position.

Requests 7-11 (DOJ Communications / Internal Investigation):  These requests on their face seek information that is protected from disclosure by the attorney-client privilege and attorney work product doctrine or is otherwise not permitted by Rule 17(c), Nixon and/or the Court's prior ruling in this case, notwithstanding your claim during our call on Friday that you are not seeking privileged information.  Accordingly, we will not be producing documents in response to these requests.

Request 12 (Jimmie Little Separation):  We will produce a document sufficient to establish the date of Mr. Little's separation from the company, in the form of an internal announcement to members of his team.  Pilgrim's position is that the production of that document resolves Request 12.  Please let us know if you do not agree to Pilgrim's position.

Timeframe for Production:  As you know, the Court's Order calls for production on August 19, 2021.  To the extent we are able to reach an agreement on the scope of production for any of the requests discussed above, such agreement will need to be conditioned on a reasonable extension of the production date to September 8, 2021.

Thanks,

Dan

Daniel J. Fetterman

Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-1934
Fax. (212) 500-3434
DFetterman@kasowitz.com


This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.