IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS, and
10.    RICKIE PATTERSON BLAKE,

    Defendants.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO ADDRESS THE DEPARTMENT OF JUSTICE'S INTERFERENCE WITH DEFENDANTS' RIGHT TO PRESENT THEIR DEFENSE**

    Defendants' constitutional right to present their defense is being significantly impeded by the Department of Justice's ("DOJ's") plea agreement with Pilgrim's Pride Corporation ("Pilgrim's"). A provision in the Plea Agreement gives DOJ the ability to unilaterally and retroactively determine that *any* Pilgrim's employee who contradicts the "Factual Basis" section of the agreement was speaking on behalf of Pilgrims' and then punish Pilgrim's accordingly. This provision, which unusually has no carve out for testimonial obligations, naturally chills employees' willingness to testify truthfully or to speak to the defense. It also creates an incentive for Pilgrim's to find ways to explicitly or implicitly discourage its employees from speaking to the defense. Accordingly, defendants request: discovery into whether Pilgrim's has explicitly or

1

implicitly instructed its employees not to speak to the defense; a stipulation by DOJ that it will not punish Pilgrim's for its employees' truthful testimony or decision to speak to the defense; and notification to employees affirming their right to speak to the defense. Dkt. 304 at 14.

DOJ's Response in Opposition to defendant's motion, Dkt. 363, attempts to sidestep the Plea Agreement's inevitable chilling effect and plain language by repeating over and over the fact that by their terms, the provisions of the Plea Agreement at issue apply only to statements made by or on behalf of Pilgrim's. This is of course true, but elides the fact that DOJ decides who is speaking on behalf of Pilgrim's. And DOJ's contortions, which leave open the possibility that *any* employee statement could be attributed to Pilgrim's, only make the situation worse. *See* Dkt. 363 at 9.  Likewise, DOJ is happy to take Pilgrim's outside counsel at their word that Pilgrim's employees have not been pressured to refrain from speaking to the defense. But this statement does not address the real issue.

DOJ's Response does nothing to undermine defendants' argument in their motion. Accordingly, the Court should grant the motion and order appropriate relief.

## I. DOJ's Unilateral Ability to Attribute Witness Testimony to Pilgrim's Has A Chilling Effect

DOJ fails to grapple with the central problem with the Pilgrim's Plea Agreement—it gives DOJ the ability unilaterally, and after the fact, to decide who is speaking on behalf of Pilgrim's, and then to punish Pilgrim's accordingly. *See* Dkt. 304 at 2 (quoting the Pilgrim's Plea Agreement). Most of DOJ's Response consists of repeating the claim that on its face the Plea Agreement only prohibits Pilgrim's, and not its employees in their personal capacities, from contradicting the Plea Agreement. *See* Dkt. 363 at 1-2, 3-4, 7-9, 11. Defendants made no argument to the contrary. Rather, defendants explained that the problem is that Pilgrim's employees naturally will be inhibited by the knowledge that DOJ can later attribute their

2

statements to Pilgrim's: "Knowing that their truthful testimony can be retroactively and unilaterally attributed to Pilgrim's with dramatic consequences cannot but have a chilling effect on employees' testimony…." Dkt. 304 at 12.

DOJ waves away defendant's concern, claiming that it will "[i]n most instances…be self-evident when an employee is speaking on the company's behalf…." Dkt. 363 at 8-9. But it is worth quoting in full the DOJ's carefully circumscribed explanation because of just how little reassurance it provides to a nervous employee:

> In contrast, when defense attorneys interview an employee as part of their investigation, if that employee merely provided his or her own factual recollections, such speech would not normally be deemed to be "authorized by" Pilgrim's Pride to "speak on its behalf" for purposes of the Plea Agreement. Absent other circumstances, the employee's statements would not be attributed to the company. But that determination cannot be made preemptively and in a vacuum. The government would need to determine whether there was any breach of the Plea Agreement based on the particular circumstances at issue and any efforts to exercise Pilgrim's Pride's cure rights under the Plea Agreement.

Dkt. 363 at 9. That is, employees are supposed to take comfort in knowing that "normally," "absent other [unspecified] circumstances" DOJ will not come after their employer, but DOJ will need to consider the "particular circumstances." *Id.* Not much comfort. Moreover, as DOJ never tires of pointing out, many Pilgrim's employees are represented by counsel. Even a 1L would advise that DOJ has left itself all the wiggle room in the world. "Normally" "factual recollections" will not be deemed "authorized by" Pilgrim's as speaking on its behalf. But that means sometimes they will be! And it all depends on other unspecified circumstances of which DOJ will be the sole arbiter. *Cf. Chrysafis v. Marks*, 594 U.S. ____ (2021), slip op. at 1 (explaining that "no man can be a judge in his own case" (quoting *In re Murchison*, 349 U.S. 133, 136 (1955))). The ambiguity in DOJ's Response in fact makes the situation worse because, without clear guidelines, employees and their counsel will reasonably have to fear the worst.

Most strikingly, nowhere does DOJ renounce the ability to punish Pilgrim's for its employees' truthful testimony that contradicts the Pilgrim's Plea Agreement. Nor does DOJ explain why the Antitrust Division needs this constitutionally dubious ability. DOJ cites no examples of other parts of the federal government claiming this ability, and no court, to defendants' knowledge, has ever explicitly approved it. Again, the fact that DOJ works so strenuously to avoid taking the basic step of stipulating that it will not punish Pilgrim's for its employees' truthful testimony or decision to speak to the defense speaks volumes.

Finally, DOJ tries to claim case law support for its ability to dangle the sword of Damocles over potential witnesses, but neither of the cases it cites supports its position.[1] First, *United States v. Terzado-Madruga*, 897 F.2d 1099 (11th Cir. 1990), is inapposite because there "the plea agreement did not prohibit the witness from testifying for the defendant, nor condition its operation upon the witness' refusal to testify," *id.* at 1108. But that is exactly what the Pilgrim's Plea Agreement does—Pilgrim's would be prohibited from testifying for the defense contrary to the "facts" it has admitted. The question is whether Pilgrim's employees are chilled by the ambiguity surrounding their statements. Likewise, *United States v. Brown*, 2010 WL 3359471 (S.D. Tx. Aug. 23, 2010) is not analogous to the situation here. Defendants explained why in their Motion, *see* Dkt. 304 at 13 n.9, but DOJ misses the point and attacks straw men, *see* Dkt. 363 at 6 n.2 and 11. In *Brown*, unlike here, the employer did not admit any specific facts that it was prohibited from contradicting. *See Brown*, 2010 WL 3359471 at *20 ("Merrill Lynch in the agreement accepted responsibility for *actions* 'giving rise to any violation,' and acknowledged that some of its employees '*may* have violated federal criminal law'…" (emphasis in original)).

---

[1] DOJ's attempt to argue that its interference is not "substantial," *see* Dkt. 363 at 10, is also unavailing. That DOJ's interference here is slightly less obvious than in some past cases does not make it insubstantial.

Moreover, in *Brown*, the crucial aspect of the Pilgrim's Plea Agreement was missing—the government did not have the ability to unilaterally determine who spoke on behalf of the company. *Id.*

### II.     Pilgrim's Counsel's Assurances Are Insufficient

DOJ also relies on a brief letter that Pilgrim's counsel sent to counsel for Roger Austin. *See* Dkt. 363 at 5, 12. The relevant portion of the letter says merely that "Pilgrim's has not discouraged and will not discourage individual employees from speaking with counsel for the indicted defendants…." Dkt. 304-5. There are several reasons to put little stock in this statement. First, it is simply the statement of Pilgrim's outside counsel made in a letter. Without discovery, it is impossible to know what this assertion is based on or whether Pilgrim's outside counsel did any investigation to determine whether employees' supervisors or others have discouraged employees from speaking to the defense. Second, it is quite circumscribed. Is it intended to mean that there has been no implicit pressure, such as explanations to employees of what is in Pilgrim's best interest? Or, as seems more likely, does it mean only that no one has said the phrase: "Do not speak to the defense"? Third, this statement glaringly leaves open the possibility that Pilgrim's employees will face adverse consequences for speaking to the defense. Pilgrim's employees will be able to read between the lines and, without any specific commitments by Pilgrim's, will likely take the safe course of action.

### CONCLUSION

For the foregoing reasons, the Court should grant defendants' motion and order that: (1) Pilgrim's should respond to discovery to determine whether it has, through its agents, officers, or employees, explicitly or implicitly instructed its employees not to speak with the defense and, if so, whether it did so at the request of the DOJ or because of the Pilgrim's Plea Agreement; (2)

the DOJ should stipulate that it will not seek to punish Pilgrim's for Pilgrim's employees' truthful testimony and that any witness is free to speak to any party; and (3) Pilgrim's or the Court should send a letter to relevant employees affirming their right to speak confidentially to the defense without any requirement to disclose those communications.

Dated: August 23, 2021

Respectfully submitted,

s/ *Michael S. Feldberg*
Michael S. Feldberg
Reichman Jorgensen Lehman & Feldberg LLP - New York
750 Third Avenue, 24th Floor
New York, New York 10017
212-381-4970
Fax: 212-381-4971
Email: mfeldberg@reichmanjorgensen.com
*Attorney for Defendant Roger Born Austin*

s/ *Bryan B. Lavine*
Bryan B. Lavine
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N. E., Suite 3000
Atlanta, Georgia 30308
404-885-3170
Fax: 404-962-6613
Email: bryan.lavine@troutman.com
*Attorney for Defendant Scott James Brady*

s/ *Richard K. Kornfeld*
Richard K. Kornfeld
Recht Kornfeld, P.C.
1600 Stout Street, Suite 1400
Denver, CO 80202
303-573-1900
Fax: 303-446-9400
Email: rick@rklawpc.com
*Attorney for Defendant Mikell Reeve Fries*

s/ *James A. Backstrom*
James A. Backstrom
James A. Backstrom, Counsellor at Law
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
215-864-7797
Email: jabber@backstromlaw.com
*Attorney for Defendant William Vincent Kantola*

s/ *Mark A. Byrne*
Mark A. Byrne (Cal. Bar No. 116657)
BYRNE & NIXON LLP
888 West Sixth Street, Suite 1100
Los Angeles, CA 90017
Telephone: 213-620-8003
Facsimile: 213-620-8012
Email: markbyrne@byrnenixon.com
*Attorney for Defendant Jimmie Lee Little*

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 23, 2021, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

                                                                            /s/ Michael S. Feldberg