IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN,
5.    TIMOTHY R. MULRENIN,
6.    WILLIAM VINCENT KANTOLA,
7.    JIMMIE LEE LITTLE,
8.    WILLIAM WADE LOVETTE,
9.    GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

       Defendants.

**DEFENDANT ROGER AUSTIN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

Defendant Roger Austin moved on July 26, 2021 to dismiss the superseding indictment for failure to state an offense. Dkt. 302. Mr. Austin explained that the superseding indictment at most alleges the sharing of price information among competitors, which is not a per se antitrust violation. *Id.* The superseding indictment does not allege an agreement, an unreasonable restraint on trade, or that Mr. Austin knowingly entered a conspiracy. *Id.* DOJ's response is the remarkable claim that it need only assert in summary fashion that there was an antitrust violation.

1

*See, e.g.*, Dkt. 415 at 13. This is neither the law nor consistent with basic norms of justice. The superseding indictment should be dismissed under Rule 12 for failure to satisfy Rule 7.

### I.   The Superseding Indictment's Legal Conclusions Are Insufficient

In his motion, Mr. Austin explained that because the Sherman Act "is couched in general language, it speaks in generic terms, and it fails to enter into details," it "therefore is necessary that an indictment charging an offense under its provisions descend to particulars and allege the constituent ingredients of which the crime is composed." Dkt. 302 at 5 (quoting *Frankfort Distilleries v. United States*, 144 F.2d 824, 830 (10th Cir. 1944) (en banc), *rev'd on other grounds*, 324 U.S. 293 (1945)). DOJ's response ignores this settled law.

Instead, DOJ repeatedly points to the first two paragraphs of the superseding indictment, arguing that they "alone meet the applicable pleading standard." Dkt. 415 at 13; *see also id.* at 2, 15. Those paragraphs merely parrot the statutory language in conclusory fashion, which the case law holds is insufficient in a criminal antitrust case. *See Frankfort Distilleries*, 144 F.2d at 830.:

- " . . . [Defendants] entered into and engaged in a continuing combination and conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States. The combination and conspiracy engaged in by the Defendants and co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1." Dkt. 101 ¶ 1.

- "The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the Defendants and co-conspirators, the substantial terms of which were to rig bids and to fix, maintain, stabilize, and raise prices and other price-related terms for broiler chicken products sold in the United States." Dkt. 101 ¶ 2.

That is, DOJ's argument is that asserting mere legal conclusions is sufficient to meet the applicable pleading standard.[1] That not only fails to "descend to particulars" as is required for a Sherman Act indictment, it also fails to satisfy the standard DOJ cites, *see* Dkt. 415 at 7-8, which is in any event inappropriate for criminal statutes as vague as the Sherman Act. DOJ argues that examining an indictment's sufficiency "focuses solely on an indictment's allegations." *Id.* at 8 (citing *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). But that is exactly the weakness of DOJ's argument—rather than focusing on the superseding indictment's *allegations*, it focuses on the superseding indictment's *conclusions*. That is not enough. *Cf. Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

> Finally, DOJ claims that it has done more than recite the elements of the statute because:
>
> Paragraphs 1 and 2 identify (1) the type of conspiracy in restraint of trade: price fixing; (2) the price-fixed product: broiler chicken products; (3) the participants: employees of various chicken suppliers, and others; (4) the time period: at least as early as 2012 until at least early 2019; and (5) the geographic scope: throughout the United States.

Dkt. 415 at 15. Applying a legal label (price fixing) to an industry over a seven-year time frame and the entire country does not save the superseding indictment. It boils down to arguing that DOJ need only invoke the words "price fixing" to make the indictment sufficient. DOJ has not and cannot cite any case for such a startling proposition. *Cf. United States v. Mobile Materials*, 871 F.2d 902, 907 (10th Cir. 1989) (indictment sufficient because it "outlines the practices in furtherance of the conspiracy allegedly engaged in by the appellants and other conspirators including: 1) discussing the submission of prospective bids on projects, 2) agreeing on the

---

[1] DOJ also points to two other paragraphs asserting legal conclusions. Dkt. 415 at 13 (citing Dkt. 101 ¶ 47 and Dkt. 101 ¶ 48.a-b).

successful low bidder on projects, 3) submitting intentionally high, noncompetitive bids or withholding bids on construction projects and 4) submitting bid proposals with false statements and entries."), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).

## II.   The Superseding Indictment's Factual Allegations Describe Lawful Behavior

Beyond the conclusory labels that it argues are sufficient, DOJ contends that the superseding indictment "includes an additional 93 paragraphs, many of which contain multiple sub-parts, that detail fourteen episodes illustrating the defendants' participation in the unlawful conspiracy." Dkt. 415 at 13 (citing Dkt. 101 ¶¶ 51-143). As Mr. Austin explained, however, these factual allegations at most describe information sharing between competitors, which is not a crime. *See* Dkt. 302. DOJ implicitly concedes as much, but says that this "confuses the means with the ends" and it "is immaterial that an exchange of information, by itself, would not be *per se* unlawful." Dkt. 415 at 19-20. This concession should end the discussion—the only non-conclusory factual allegations in the superseding indictment concern exchanges of information, which DOJ acknowledges are not per se unlawful. More is required than DOJ's parroting of the Sherman Act followed by a laundry list of normal, legal business dealings.

Even in describing this facially lawful behavior, though, DOJ overreaches. For example, it contends that the "'QSR-1's 8-Piece COB Supply for 2015' episode likewise demonstrates the defendants taking action in reliance on information they learned from each other." Dkt. 415 at 17. But what it cites is Mr. Brady telling his boss Mr. Fries "I talked to roger [Austin] . . . and Greeley [Pilgrim's headquarters] told him not to come down on price. He called [the buyer] today and told him." *Id.* (*citing* Dkt. 101 ¶ 99.c). The quoted sentence—one supplier discussing that a competitor representative did what his superiors told him to do—simply does not show

4

"defendants taking action in reliance on information they learned from each other," which in any event would be legal.

When stripped of the legal conclusions, the superseding indictment fails to allege an agreement, an unreasonable restraint on trade, or that Mr. Austin knowingly entered a conspiracy.[2]

## CONCLUSION

For the foregoing reasons, Defendant Roger Austin respectfully requests that the Court dismiss the charges against him contained in the Superseding Indictment.

Dated: September 13, 2021

Respectfully submitted,

s/ *Michael S. Feldberg*
Michael S. Feldberg
Reichman Jorgensen Lehman & Feldberg LLP - New York
750 Third Avenue, 24th Floor
New York, New York 10017
212-381-4970
Fax: 212-381-4971
Email: mfeldberg@reichmanjorgensen.com
*Attorney for Defendant Roger Born Austin*

---

[2] DOJ also objects to Mr. Austin's reliance *on United States v. United States Gypsum Co.*, 438 U.S. 422, 435 (1978) ("[A] defendant's state of mind or intent is an element of a criminal antitrust offense which must be established by evidence and inferences drawn therefrom and cannot be taken from the trier of fact through reliance on a legal presumption of wrongful intent…"), arguing that "[b]ecause price fixing is itself an unreasonable restraint of trade, an intent to price fix is itself an intent to unreasonably restrain trade," Dkt. 415 at 12 n.5. But DOJ has made no *factual* allegation of price fixing, just conclusory statements. And it certainly has made no allegation from which it can be inferred that Mr. Austin had an "intent to price fix."

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2021, I electronically filed the foregoing Reply in Support of Motion to Dismiss the Superseding Indictment with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

      /s/ *Michael S. Feldberg*