

**U.S. DEPARTMENT OF JUSTICE**
Antitrust Division

**RENATA B. HESSE**
Acting Assistant Attorney General

RFK Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
(202)514-2401 / (202)616-2645 (Fax)

[Name and address]

Dear [Name]:

This letter sets forth the terms and conditions of an agreement between the Antitrust Division of the United States Department of Justice and [ABC, Inc. ("Applicant")], in connection with [insert description of conduct: e.g., price fixing, bid rigging, market allocation] or other conduct constituting a criminal violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the [insert generic description of industry: e.g., widget] industry [insert geographic scope: e.g., in the United States and elsewhere]. This Agreement is conditional and depends upon Applicant (1) establishing that it is eligible for leniency as it represents in paragraph 1 of this Agreement, and (2) cooperating in the Antitrust Division's investigation as required by paragraph 2 of this Agreement. After Applicant establishes that it is eligible to receive leniency and provides the required cooperation, the Antitrust Division will notify Applicant in writing that it has been granted unconditional leniency. It is further agreed that disclosures made by counsel for Applicant in furtherance of the leniency application will not constitute a waiver of the attorney-client privilege or the work-product privilege. Applicant represents that it is fully familiar with the Antitrust Division's Corporate Leniency Policy dated August 10, 1993 (attached), which is incorporated by reference herein.[1]

## AGREEMENT

1. **Eligibility**: Applicant desires to report to the Antitrust Division [e.g., price-fixing, bid-rigging, market-allocation] activity or other conduct constituting a criminal violation of Section 1 of the Sherman Act in the [insert] industry [e.g., in the United States and elsewhere] ("the anticompetitive activity being reported"). Applicant represents to the Antitrust Division that it is eligible to receive leniency in that, in connection with the anticompetitive activity being reported, it:

   (a) took prompt and effective action to terminate its participation in the anticompetitive activity being reported upon discovery of the activity;[2] and

---

[1] For a further explanation of the Antitrust Division's Corporate Leniency Policy and how the Division interprets the policy, see Frequently Asked Questions Regarding the Antitrust Division's Leniency Program and Model Leniency Letters (Nov. 19, 2008), https://www.justice.gov/atr/leniency-program.

[2] If there is a significant lapse in time between the date the applicant discovered the anticompetitive activity being reported and the date applicant reported the activity to the Antitrust Division, the Division reserves the right to require the applicant to also represent in the eligibility paragraph that it "discovered the

      (b)      did not coerce any other party to participate in the anticompetitive activity being reported and was not the leader in, or the originator of, the activity.

Applicant agrees that it bears the burden of proving its eligibility to receive leniency, including the accuracy of the representations made in this paragraph and that it fully understands the consequences that might result from a revocation of leniency as explained in paragraph 3 of this Agreement.  As used in this Agreement, discovery of the anticompetitive activity being reported means discovery by the authoritative representatives of Applicant for legal matters, either the board of directors or counsel representing Applicant.

    2.  **Cooperation**:  Applicant agrees to provide full, continuing, and complete cooperation to the Antitrust Division in connection with the anticompetitive activity being reported, including, but not limited to, the following:

      (a)      providing a full exposition of all facts known to Applicant relating to the anticompetitive activity being reported;

      (b)      providing promptly, and without requirement of subpoena, all documents, information, or other materials in its possession, custody, or control, wherever located, not privileged under the attorney-client privilege or work-product privilege, requested by the Antitrust Division in connection with the anticompetitive activity being reported, to the extent not already produced;

      (c)      using its best efforts to secure the ongoing, full, and truthful cooperation of the current [and former][3] directors, officers, and employees of Applicant, and encouraging such persons voluntarily to provide the Antitrust Division with any information they may have relevant to the anticompetitive activity being reported;

      (d)      facilitating the ability of current [and former] directors, officers, and employees to appear for such interviews or testimony in connection with

---

anticompetitive activity being reported in or about [month/year] and terminated its participation in the activity in or about [month/year]."

[3] Former directors, officers, and employees are not covered by the Leniency Policy, but may be included in the negotiated coverage of the conditional leniency letter in appropriate cases.  The decision on whether the Antitrust Division includes former directors, officers, or employees in the letter will depend on a number of factors, including whether the applicant company is interested in protecting them and whether it has the ability to help to secure the cooperation of key former directors, officers, or employees.

(e)     the anticompetitive activity being reported as the Antitrust Division may require at the times and places designated by the Division;

(e)     using its best efforts to ensure that current [and former] directors, officers, and employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported respond completely, candidly, and truthfully to all questions asked in interviews and grand jury appearances and at trial;

(f)     using its best efforts to ensure that current [and former] directors, officers, and employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported make no attempt either falsely to protect or falsely to implicate any person or entity; and

(g)     making all reasonable efforts, to the satisfaction of the Antitrust Division, to pay restitution to any person or entity injured as a result of the anticompetitive activity being reported, in which Applicant was a participant. However, Applicant is not required to pay restitution to victims whose antitrust injuries are independent of any effects on United States domestic commerce proximately caused by the anticompetitive activity being reported.

3. **Corporate Leniency**: Subject to verification of Applicant's representations in paragraph 1 above, and subject to its full, continuing, and complete cooperation, as described in paragraph 2 above, the Antitrust Division agrees conditionally to accept Applicant into [Part A/Part B] of the Corporate Leniency Program, as explained in the attached Corporate Leniency Policy. Pursuant to that policy, the Antitrust Division agrees not to bring any criminal prosecution against Applicant for any act or offense it may have committed prior to the date of this letter[4] in connection with the anticompetitive activity being reported. The commitments in this paragraph are binding only upon the Antitrust Division, although, upon request of Applicant, the Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. If at any time before Applicant is granted unconditional leniency the Antitrust Division determines that Applicant (1) contrary to its representations in paragraph 1 of this Agreement, is not eligible for leniency or (2) has not provided the cooperation required by paragraph 2 of this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional

---

[4] If there is a significant lapse in time between the date the applicant discovered the anticompetitive activity being reported and the date applicant reported the activity to the Antitrust Division, and hence a significant lapse in time between the date the applicant was required to take prompt and effective action to terminate its participation in the activity and the date the applicant reported the activity to the Division, the Division reserves the right to grant conditional leniency only up to the date the applicant represents it terminated its participation in the activity.

acceptance of Applicant into the Corporate Leniency Program. Before the Antitrust Division makes a final determination to revoke Applicant's conditional leniency, the Division will notify counsel for Applicant in writing of the recommendation of Division staff to revoke the conditional acceptance of Applicant into the Corporate Leniency Program and will provide counsel an opportunity to meet with the Division regarding the potential revocation. Should the Antitrust Division revoke the conditional acceptance of Applicant into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against Applicant, without limitation. Should such a prosecution be initiated, the Antitrust Division may use against Applicant in any such prosecution any documents, statements, or other information provided to the Division at any time pursuant to this Agreement by Applicant or by any of its current [or former] directors, officers, or employees. Applicant understands that the Antitrust Division's Leniency Program is an exercise of the Division's prosecutorial discretion, and Applicant agrees that it may not, and will not, seek judicial review of any Division decision to revoke its conditional leniency unless and until it has been charged by indictment or information for engaging in the anticompetitive activity being reported.

4. **Non-Prosecution Protection For Corporate Directors, Officers, And Employees**: Subject to verification of Applicant's representations in paragraph 1 above, and subject to Applicant's full, continuing, and complete cooperation as described in paragraph 2 above, the Antitrust Division agrees that current [and former] directors, officers, and employees of Applicant who admit to the Division their knowledge of, or participation in, and fully and truthfully cooperate with the Division in its investigation of, the anticompetitive activity being reported, shall not be prosecuted criminally by the Antitrust Division for any act or offense committed during their period of employment at Applicant prior to the date of this letter[5] in connection with the anticompetitive activity being reported. Such full and truthful cooperation shall include, but not be limited to:

      (a)      producing in the United States all documents and records, including personal documents and records, and other materials, wherever located, not privileged under the attorney-client privilege or work-product privilege, requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported;

---

[5] If there is a significant lapse in time between the date the applicant discovered the anticompetitive activity being reported and the date applicant reported the activity to the Antitrust Division, and hence a significant lapse in time between the date the applicant was required to take prompt and effective action to terminate its participation in the activity and the date the applicant reported the activity to the Division, the Division reserves the right to grant conditional leniency, immunity, or non-prosecution to individuals under this Agreement only up to the date the applicant represents it terminated its participation in the activity.

(b)     making himself or herself available for interviews in the United States upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported;

(c)     responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503 *et seq.*);

(d)     otherwise voluntarily providing the United States with any materials or information, not requested in (a) - (c) of this paragraph and not privileged under the attorney-client privilege or work-product privilege, that he or she may have relevant to the anticompetitive activity being reported; and

(e)     when called upon to do so by the United States, testifying in trial and grand jury or other proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503 *et seq.*), in connection with the anticompetitive activity being reported.

The commitments in this paragraph are binding only upon the Antitrust Division, although, upon the request of Applicant, the Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. In the event a current [or former] director, officer, or employee of Applicant fails to comply fully with his or her obligations hereunder, this Agreement as it pertains to such individual shall be void, and any conditional leniency, immunity, or non-prosecution (hereinafter "conditional non-prosecution protection") granted to such individual under this Agreement may be revoked by the Antitrust Division. The Antitrust Division also reserves the right to revoke the conditional non-prosecution protection of this Agreement with respect to any current [or former] director, officer, or employee of Applicant who the Division determines caused Applicant to be ineligible for leniency under paragraph 1 of this Agreement, who continued to participate in the anticompetitive activity being reported after Applicant took action to terminate its participation in the activity and notified the individual to cease his or her participation in the activity, or who obstructed or attempted to obstruct an investigation of the anticompetitive activity being reported at any time, whether the obstruction occurred before or after the date of this Agreement. Absent exigent circumstances, before the Antitrust Division makes a final determination to revoke an individual's conditional non-prosecution protection, the Division will notify counsel for such individual and Applicant's counsel in writing of the recommendation of Division staff to revoke the conditional non-prosecution protection granted to the individual under this Agreement and will provide counsel an opportunity to meet with the Division regarding the potential revocation. Should any conditional

non-prosecution protection granted to an individual under this Agreement be revoked, the Antitrust Division may thereafter prosecute such individual criminally, without limitation, and may use against such individual in such prosecution any documents, statements, or other information which was provided to the Division at any time pursuant to this Agreement by Applicant or by any of its current [or former] directors, officers, or employees, including such individual.  Judicial review of any Antitrust Division decision to revoke any conditional non-prosecution protection granted to an individual under this Agreement is not available unless and until the individual has been charged by indictment or information for engaging in the anticompetitive activity being reported.

5. **Entire Agreement**:  This letter constitutes the entire agreement between the Antitrust Division and Applicant, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.  This Agreement cannot be modified except in writing, signed by the Antitrust Division and Applicant.

6. **Authority And Capacity**:  The Antitrust Division and Applicant represent and warrant each to the other that the signatories to this Agreement on behalf of each party hereto have all the authority and capacity necessary to execute this Agreement and to bind the respective parties hereto.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Sincerely,

Date: _____

Renata B. Hesse
Acting Assistant Attorney General
Antitrust Division

_____     Date: _____
[Name]
[Position]
[ABC, Inc.]

_____     Date: _____
[Counsel Name]
Counsel for [ABC, Inc.]