**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.  JAYSON JEFFREY PENN,**
**2.  MIKELL REEVE FRIES,**
**3.  SCOTT JAMES BRADY,**
**4.  ROGER BORN AUSTIN,**
**5.  TIMOTHY R. MULRENIN,**
**6.  WILLIAM VINCENT KANTOLA,**
**7.  JIMMIE LEE LITTLE,**
**8.  WILLIAM WADE LOVETTE,**
**9.  GARY BRIAN ROBERTS,**
**10. RICKIE PATTERSON BLAKE,**

      Defendants.

---

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

---

Pursuant to Federal Rule of Criminal Procedure 30 and the Court's Criminal Practice Standards, the government submits these proposed jury instructions.

Each instruction to which the defendants and the government has agreed is designated "Stipulated Instruction" in the heading.

The government respectfully reserves the right to supplement, withdraw, or modify the proposed instructions depending on any issues that arise between now and the end of trial.

The portions in square brackets are included for the Court's consideration, to be

1

included or modified depending on developments at trial.

DATED: October 6, 2021                    Respectfully submitted,

/s/ Michael Koenig
MICHAEL T. KOENIG
HEATHER D. CALL
CAROLYN L. SWEENEY
PAUL J. TORZILLI
Trial Attorneys
U.S. Department of Justice - Antitrust Division
450 Fifth Street NW, Suite 11300
Washington D.C. 20530
Tel: (202) 476-0435
michael.koenig@usdoj.gov

## TABLE OF CONTENTS

Instruction No. 1: Preliminary Instructions Before Trial.................................................... 1

Stipulated Instruction No. 2: Introduction to Final Instructions.......................................... 6

Stipulated Instruction No. 3: Duty to Follow Instructions ................................................. 7

Stipulated Instruction No. 4: Presumption of Innocence—Burden of Proof— Reasonable Doubt............................................................................................................ 8

Stipulated Instruction No. 5: Evidence—Defined............................................................. 9

Instruction No. 6: Evidence—Direct and Circumstantial—Inferences............................ 11

Instruction No. 7: Credibility of Witnesses ..................................................................... 12

Instruction No. 8: Interview of Witnesses Prior to Trial .................................................. 14

Instruction No. 9: Government-Employee Witnesses ..................................................... 15

[Stipulated Instruction No. 10: Non-Testifying Defendant] (*if applicable*)....................... 16

Instruction No. 11: Impeachment by Prior Inconsistencies............................................. 17

Instruction No. 12: Testimony of Certain Witnesses...................................................... 18

Instruction No. 13: On or About—Period of the Conspiracy .......................................... 20

Stipulated Instruction No. 14: On or About—Period of the False Statements and Obstruction Charges ...................................................................................................... 21

Instruction No. 15: Section 1 of the Sherman Act and the Charge ................................ 22

Instruction No. 16: Elements of a Section 1 Offense..................................................... 23

Instruction No. 17: Conspiracy General Instruction ....................................................... 25

Instruction No. 18: Conspiracy to Fix Prices and Rig Bids ............................................ 28

Instruction No. 19: Proof of Success Unnecessary ....................................................... 31

Instruction No. 20: Knowingly Joined ............................................................................ 32

Instruction No. 21: Good Faith ...................................................................................... 36

Instruction No. 22: Statements Indicating Consciousness of Guilt ................................ 37

Instruction No. 23: Corporate Officer—Individual Liability .............................................. 39

Instruction No. 24: Interstate Commerce ....................................................................... 40

Instruction No. 25: Venue for Count One: The Sherman Act Offense ........................... 41

Instruction No. 26: False Statements 18 U.S.C. 1001(a)(2) .......................................... 43

Instruction No. 27: Venue for Count Two: False Statements ......................................... 45

Instruction No. 28: Obstruction of Justice, 18 USC § 1512(c)(2) .................................. 46

Instruction No. 29: Venue for Count Three: Obstruction of Justice ............................... 48

Instruction No. 30: Statute of Limitations ....................................................................... 49

Instruction No. 31: Consider Only Crimes Charged ...................................................... 52

Instruction No. 32: Persons Not Charged ...................................................................... 53

Stipulated Instruction No. 33: Punishment .................................................................... 54

Stipulated Instruction No. 34: Multiple Defendants ....................................................... 55

Stipulated Instruction No. 35: Equal Consideration for All Parties ................................ 56

Instruction No. 36: Duty to Deliberate—Verdict Form ................................................... 57

Instruction No. 37: Summaries and Charts .................................................................... 59

[Instruction No. 38: Modified *Allen* Instruction] ............................................................. 60

[Instruction No. 39: Partial Verdict Instruction] .............................................................. 62

[Stipulated Instruction No. 40: Communication with the Court] ..................................... 63

**Instruction No. 1: Preliminary Instructions Before Trial**

Members of the Jury: At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Michael Koenig, Carolyn Sweeney, Heather Call, and Paul Torzilli. Defendant Jayson Penn is represented by Michael Tubach, Anna Pletcher, Chad Williams, Jacqueline Roeder, and Brian Quinn. Defendant Mikell Fries is represented by Richard Kornfeld, David Beller, and Kelly Page. Defendant Scott Brady is represented by Bryan Lavine, Megan Rahman, and Laura Ann Kuykendall. Defendant Roger Austin is represented by Michael Feldberg, Julie Withers, Laura Carwile, and Parshad Brahmbhatt.  Defendant Timothy Mulrenin is represented by Elizabeth Prewitt, Caroline Rivera, and Marci LaBranche. Defendant William Kantola is represented by Roxann Henry and James Backstrom. Defendant Jimmie Little is represented by Mark Byrne and Dennis Canty. Defendant William Lovette is represented by John Fagg, Dru Nielsen, Frank Schall, James McLoughlin, and Kaitlin Price. Defendant Gary Roberts is represented by Craig Gillen, Anthony Lake, and Richard Tegtmeier. Defendant Rickie Blake is represented by Barry Pollack, Christopher Plumlee, Courtney Millian, Lisa Geary, Norman Mueller, and Wendy Johnson.

Count One of the indictment charges each defendant with a conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States. Count Two of the

indictment charges defendant Little with making false statements to federal law enforcement agents. Count Three of the indictment charges defendant Little with obstruction of justice. The indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. The defendants pleaded not guilty and are presumed innocent. A defendant may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendants may make opening statements.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendants may present evidence, but they are not required to do so. I remind you that the defendants are presumed innocent and it is the government that must prove the defendants' guilt beyond a reasonable doubt. If the defendants submit evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence, I will instruct you on the rules of law which you are to use in reaching your verdict. The government and the defense will then each be given time for their final arguments.

Let me give you some information about whether or not you choose to take notes. If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

I do not permit jurors to ask questions of witnesses or of the lawyers. If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

During the course of the trial, you should not talk with any witness, or with the defendants, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else, whether in person, on a podcast, on the web, or on any social media platform. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not engage in any outside reading or research on this case, including through use of the internet, cell phones, smart phones, or paper resources. Do not

attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

Now that the trial has begun you must not listen to or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

With that introduction, the government may present its opening statement.

---

**Authority**

Court's Introductory Jury Instruction [Proposed], ECF 568 (modified).

**Stipulated Instruction No. 2: Introduction to Final Instructions**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.

Printed copies of my instructions will be given to you for use in the jury room, so you do not need to take notes.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.03 (2021 ed.) (updated Apr. 2, 2021) (modified).

**Stipulated Instruction No. 3: Duty to Follow Instructions**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.04 (2021 ed.) (updated Apr. 2, 2021) (modified).

**Stipulated Instruction No. 4: Presumption of Innocence—Burden of Proof—Reasonable Doubt**

The government has the burden of proving each defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.

There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.

If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.05 (2021 ed.) (updated Apr. 2, 2021).

**Stipulated Instruction No. 5: Evidence—Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, [the stipulations that the lawyers agreed to, and the facts that I have judicially noticed].[1]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the course of the trial, you should not talk with any witness, any defendant, or any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received.

---

[1] To the extent the Court takes judicial notice of certain facts or if stipulations are entered into before trial, the government proposes the following to replace the second paragraph:

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.  Judicially noticed facts mean the facts are not subject to dispute.  In this case, judicially noticed facts include facts related to the time zones in which certain records are displayed, the conversion of Coordinated Universal Time (UTC) to time zones in the United States, and the dates that marked the transition between standard time and daylight savings time during the charged period.

[During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of those things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. Those things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.06 (2021 ed.) (updated Apr. 2, 2021) (modified).

**Instruction No. 6: Evidence—Direct and Circumstantial—Inferences**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts. For example, if you look out the window and see rain, that is direct evidence that it is raining. However, if you see someone walk in through the door with a wet umbrella, that is circumstantial evidence that it is raining.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.07 (2021 ed.) (updated Apr. 2, 2021) (modified).

**Instruction No. 7: Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. That does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendants] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent failures to recall are not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.] [None of the defendants testified, and I

12

remind you that you cannot consider their decision not to testify as evidence of guilt.] I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

---

## Authority

Tenth Circuit Pattern Jury Instruction No. 1.08 (2021 ed.) (updated Apr. 2, 2021) (modified).

**Instruction No. 8: Interview of Witnesses Prior to Trial**

It is proper for an attorney or the government to interview any witness in preparation for trial.

Indeed, both parties have the right to speak with witnesses in the course of preparing for trial, and it is proper to do so as long as the preparation does not involve instructing or suggesting that the witness testify dishonestly.

---

**Authority**

Jury Instruction No. 11 (modified), *United States v. B&H Maint. and Constr., Inc.*, No. 07-cr-00090-WYD (D. Colo. June 19, 2008), ECF No. 319-9.

**Instruction No. 9: Government-Employee Witnesses**

You have heard the testimony of government employees—Special Agent Taylor, Special Agent Koppenhaver, and Ms. Nelson.  The fact that a witness may be employed by the federal government as a law-enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight than that of an ordinary witness.

It is your decision whether to accept the testimony of the government employees, and you may give that testimony whatever weight, if any, you find it deserves.

---

**Authority**

Third Circuit Model Criminal Jury Instructions No. 4.18 (modified) (updated Nov. 2018); DC Model Criminal Instructions No. 7.16 (modified); *see also* Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § 7.H(1) (2020 Online Edition); *Chavez v. United States*, 258 F.2d 816, 819 (10th Cir. 1958).

**[Stipulated Instruction No. 10: Non-Testifying Defendant] (*if applicable*)**

[None of the defendants testified] and I remind you that you cannot consider each defendant's decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

---

### Authority

Tenth Circuit Pattern Jury Instruction No. 1.08.1 (2021 ed.) (updated Apr. 2, 2021).

**Instruction No. 11: Impeachment by Prior Inconsistencies**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

[If several prior inconsistent statements were admitted, some for impeachment purposes and others as substantive evidence, this instruction should identify which statements were offered for impeachment purposes.]

That earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.10 (2021 ed.) (updated Apr. 2, 2021) (modified).

**Instruction No. 12: Testimony of Certain Witnesses**

You have heard the testimony of [relevant witness].  [Relevant witness] is covered by a plea agreement between the government and [his employer].  Under the plea agreement, the government has agreed not to charge [relevant witness] criminally in exchange for his cooperation, including his testimony at this trial.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

The fact that [relevant witness] testified pursuant to this type of agreement is a factor you should consider in evaluating his credibility and weighing his testimony.

His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even if it is not corroborated or supported by other evidence.

You may consider his testimony along with the others I have called to your attention and give the testimony such weight as you think it deserves, keeping in mind that you should consider testimony given with the protections of an agreement that protects him from prosecution with greater care and caution than the testimony of an ordinary witness. You should consider whether such testimony has been affected by the witness's own interest, the government's agreement, or by prejudice against the defendant.

On the other hand, you should also consider the fact that [relevant witness] can be prosecuted for perjury for making a false statement.

After considering these things, you may give testimony given under these circumstances such weight as you feel it deserves.

You should not convict a defendant solely based on the unsupported testimony of such a witness, unless you believe the unsupported testimony beyond a reasonable doubt.

---

**Authorities**

Tenth Circuit Pattern Jury Instruction No. 1.14 (2021 ed.) (updated Apr. 2, 2021) (modified); *United States v. Valdez*, 225 F.3d 1137, 1140–41 (10th Cir. 2000).

**Instruction No. 13: On or About—Period of the Conspiracy**

The superseding indictment charges that the Sherman Act offense in Count One began at least as early as 2012 and continued through at least early 2019. The government does not need to prove that the conspiracy began or ended on those exact dates or that the conspiracy continued for the entire period charged in the superseding indictment.  It is sufficient if the government proves beyond a reasonable doubt that the conspiracy existed reasonably near the time period alleged in the superseding indictment.

---

**Authorities**

Tenth Circuit Pattern Jury Instruction No. 1.18 (2021 ed.) (updated Apr. 2, 2021) (modified); *United States v. Poole*, 929 F.2d 1476, 1482–83, 1182 n.5 (10th Cir. 1991) (upholding jury instruction that "it is not necessary that the proof establish with certainty the exact date of the alleged offenses" because that instruction "has been approved by this Circuit on numerous occasions"); *In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2013 WL 2097346, at *9 (D. Kan. May 15, 2013), *amended*, 2013 WL 3879264 (D. Kan. July 26, 2013), *and aff'd*, 768 F.3d 1245 (10th Cir. 2014) ("the jury was not required to find that a conspiracy existed for the entire period alleged by plaintiffs" in antitrust case).

**Stipulated Instruction No. 14: On or About—Period of the False Statements and Obstruction Charges**

The superseding indictment charges defendant Jimmie Little with the crimes of False Statements (Count Two) and of Obstruction of Justice (Count Three) committed on or about August 31, 2020. The government does not need to prove beyond a reasonable doubt that Mr. Little committed the crime on that exact date. The government must prove beyond a reasonable doubt that Mr. Little committed the crime reasonably near August 31, 2020.

---

**Authorities**

Tenth Circuit Pattern Jury Instruction No. 1.18 (2021 ed.) (updated Apr. 2, 2021) (modified); *United States v. Poole*, 929 F.2d 1476, 1482–83, 1182 n.5 (10th Cir. 1991) (upholding jury instruction that "it is not necessary that the proof establish with certainty the exact date of the alleged offenses" because that instruction "has been approved by this Circuit on numerous occasions").

**Instruction No. 15: Section 1 of the Sherman Act and the Charge**

The superseding indictment charges a violation of Section 1 of the Sherman Act. Specifically, the superseding indictment alleges the defendants entered into and engaged in a continuing combination and conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States.

Section 1 of the Sherman Act outlaws every "conspiracy, in restraint of trade or commerce among the several States or with Foreign nations," which includes a conspiracy to fix prices and rig bids.  The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace by preventing unreasonable restraint of any business or industry, so that the consuming public may receive better products and services at a lower cost.

---

**Authorities**

15 U.S.C. § 1; Purpose of the Sherman Act, ABA Model Jury Instructions in Criminal Antitrust Cases (2009 ed.), Chapter 3 – the Sherman Act Section 1 Offense – ABA Section of Antitrust Law.

**Instruction No. 16: Elements of a Section 1 Offense**

In order to establish the offense of conspiracy to fix prices and rig bids charged in the superseding indictment, the government must prove each of these elements beyond a reasonable doubt:

1. A conspiracy existed between two or more competitors to fix prices and rig bids for broiler chicken products on or about the time period alleged—that is, at least as early as 2012 to at least early 2019;

2. The defendant knowingly—that is, voluntarily and intentionally—joined the conspiracy; and

3. The conspiracy involved interstate trade or commerce.

If you find from your consideration of all the evidence that the government has proven each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, if you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

---

**Authorities**

15 U.S.C. § 1; Elements of the Offense, ABA Model Jury Instructions in Criminal Antitrust Cases (2009 ed.), Chapter 3 – the Sherman Act Section 1 Offense – ABA Section of Antitrust Law; *United States v. Metro. Enterprises, Inc.*, 728 F.2d 444 (10th

Cir. 1984); *United States v. Kemp & Assocs.*, 907 F.3d 1264, 1273 (10th Cir. 2018);

*United States v. Suntar Roofing, Inc.*, 897 F.2d 469 (10th Cir. 1990).

**Instruction No. 17: Conspiracy General Instruction**

The type of relationship outlawed by the Sherman Act is a conspiracy. Conspiracy is often described as a partnership in crime, in which each person found to be a member of the conspiracy is liable for all reasonably foreseeable acts and statements of the other members made during the existence of and in furtherance of the conspiracy.

To prove that a conspiracy existed, the evidence must show that the alleged members of the conspiracy in some way came to an agreement or mutual understanding to accomplish some unlawful purpose.  Direct proof of a conspiracy may not be available. A conspiracy may, however, be disclosed by the circumstances or by the acts of the members, such as their course of dealings or other circumstances. Therefore, you may infer the existence of a conspiracy from what you find the members actually did or said.

To establish the existence of a conspiracy, the evidence need not show that the members of the conspiracy entered into any express, formal, or written agreement; that they met together; or that they directly stated what their object or purpose was, or the details of it, or the means by which the object was to be accomplished.  The agreement, itself, may have been entirely unspoken.

Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together and discussed common aims and interests, does not necessarily establish the existence of a conspiracy.  If actions were taken independently by them, without any agreement or mutual understanding among them, then there would be no conspiracy.

A conspiracy may vary in its membership from time to time.  It may be formed without all the parties coming to an agreement at the same time, knowing all the details of the agreement, or knowing who all the other members are.  It is not essential that all members acted exactly alike, or agreed to play any particular part in carrying out the agreement.  The unlawful agreement may be proven if the evidence establishes that the parties each aimed to accomplish a common purpose.

The government is not required to prove the exact conspiracy charged in the indictment, so long as it proves the existence of a smaller conspiracy fully contained within the charged conspiracy.

In determining whether a conspiracy has been proved, you must view the evidence as a whole, and not piecemeal.  You should consider the actions and statements of all the alleged conspirators.  The conspiracy may be inferred from all the circumstances and the actions and statements of the alleged participants.

Acts that are, by themselves, totally innocent acts, may be among the acts that make up a conspiracy to fix prices and rig bids in violation of the Sherman Act.

---

**Authorities**

Conspiracy Explained, ABA Model Jury Instructions in Criminal Antitrust Cases (2009 ed.), Chapter 3 – the Sherman Act Section 1 Offense – ABA Section of Antitrust Law; *Pinkerton v. United States*, 328 U.S. 640, 646 (1946); *United States v. Brewer*, 983 F.2d 181, 185 (10th Cir. 1993) ("A conspiracy participant is legally liable for all reasonably foreseeable acts of his or her coconspirators in furtherance of the

conspiracy."); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 474 (10th Cir. 1990) (upholding instruction that said in part that "[i]t is sufficient to show that they tacitly came to a mutual understanding to allocate customers" as "adequately set[ting] forth the law of this circuit"); *id.* (upholding instruction that said in part that "[d]irect proof of a conspiracy may not be available, and the common purpose and plan may be disclosed only by the circumstances and acts of the members, such as their course of dealings"); *United States v. Beachner Constr. Co.*, 729 F.2d 1278, 1282 (10th Cir. 1984); *United States v. A. Schrader's Son*, 252 U.S. 85, 99 (1920) (agreement "implied from a course of dealing or other circumstances" unlawful under the Sherman Act); *Delaney Corp. v. Bonne Bell, Inc.*, No. CIVIL ACTION C-3755, 1974 WL 1011, at *4 (D. Colo. Sept. 20, 1974); *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809–10 (1946) ("No formal agreement is necessary to constitute an unlawful conspiracy. . . .  The essential combination or conspiracy in violation of the Sherman Act may be found in a course of dealings or other circumstances as well as in any exchange of words.  Where the circumstances are such as to warrant a jury in finding that the conspirators had a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement, the conclusion that a conspiracy is established is justified.") (internal citation omitted); *United States v. Mata*, 59 F.3d 179, 1995 WL 386494, at *1 n.3 (10th Cir. 1995) (table opn.) ("It is elementary that a person may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence.").  *Cf.* Tenth Circuit Pattern Jury Instructions No. 2.19 and 2.21 (2021 ed.) (updated Apr. 2, 2021).

**Instruction No. 18: Conspiracy to Fix Prices and Rig Bids**

The first element is a conspiracy to fix prices and rig bids.  A price-fixing conspiracy is an agreement or mutual understanding among competitors to fix, control, raise, lower, maintain, or stabilize prices charged, or to be charged, for products or services.  A bid-rigging conspiracy is an agreement or mutual understanding among competitors about which offers are to be submitted to or withheld from a third party.  Bid rigging is a form of price fixing.  If you find the government has proven such an agreement or mutual understanding beyond a reasonable doubt, then the government has satisfied its burden for this element.

A price-fixing conspiracy is commonly thought of as an agreement to establish the same price; however, prices may be fixed in other ways.  Prices are fixed if the range or level of prices is agreed upon by the conspirators.  Likewise, bid rigging may take the form of competitors agreeing on the amount of a bid, who should make the low offer, who should make the high offer, or any other agreement that limits competition among them in the bidding process.  Prices are fixed and bids are rigged because they are agreed upon.

Thus, any agreement to raise or lower a price, to eliminate a discount, to give a smaller discount, to stabilize prices, to set a price or price range, to maintain a price, or how or whether to bid, is illegal.

If you find that the defendants entered into a conspiracy to fix prices and rig bids, it is not a defense if the defendants or their co-conspirators did not take any steps to effectuate the conspiracy, that one or more of them did not abide by the conspiracy, that one or more of them may not have lived up to some aspect of the conspiracy, or that

they may not have been successful in achieving their objectives.  The agreement or mutual understanding itself is the crime, even if it is never carried out.

If the conspiracy charged in the superseding indictment is proved, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to eliminate all competition.

Nor is it a defense that the conspirators did not attempt to conspire with all of their competitors. Similarly, the conspiracy is unlawful even if it did not extend to all products sold by the conspirators or did not affect all of their customers.

You do not need to be concerned with whether the conspiracy was reasonable or unreasonable, the justifications for the conspiracy, or the harm, if any, done by it.  It is not a defense and not relevant that the parties may have acted with good motives, had a business justification, or have thought that what they were doing was legal, or that the conspiracy may have had some good results.  If there was, in fact, a conspiracy to fix the prices and rig bids for broiler chickens as charged, it was illegal.

Nevertheless, you may consider all the facts and circumstances in determining whether the prices, price-related terms, and bids resulted from the independent acts or business judgment of the defendants and alleged co-conspirators freely competing in the open market, or whether it resulted from a conspiracy among or between two or more of them.

---

**Authorities**

Price Fixing, ABA Model Jury Instructions in Criminal Antitrust Cases (2009 ed.), Chapter 3 – the Sherman Act Section 1 Offense – ABA Section of Antitrust Law; *Catalano v. Target Sales, Inc.*, 446 U.S. 643, 648-49 (1980) (agreement to eliminate discounts "falls squarely within the traditional per se rule against price fixing"); *United States v. Topco Assocs., Inc.*, 405 U.S. 596, 610 (1972) ("[t]he Court has consistently rejected the notion that naked restraints of trade are to be tolerated because they are well intended."); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221–22 (1940) (the Sherman Act does not allow as justifications "the good intentions of the members of the combination"); *United States v. Kemp & Assocs.*, 907 F.3d 1264, 1277 (10th Cir. 2018); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 472-73 (10th Cir. 1990); *United States v. McKesson & Robbins, Inc.*, 351 U.S. 305, 309-10 (1956) ("It makes no difference whether the motives of the participants are good or evil; whether the price fixing is accomplished by express contract or by more subtle means…whether the effect of the agreement is to raise or to decrease prices."); *United States v. Reicher*, 983 F.2d 168, 170-72 (10th Cir. 1992).

**Instruction No. 19: Proof of Success Unnecessary**

The law against conspiracy to fix prices and rig bids condemns the agreement or mutual understanding itself.  Thus, the government does not have to prove the conspiracy succeeded or achieved its objective, or that the conspirators took steps to effectuate it.

---

### Authorities

*Whitfield v. United States*, 543 U.S. 209, 213–14 (2005); *United States v. Shabani*, 513 U.S. 10, 14 (1994); *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 330 (1991); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 n. 59 (1940); *United States v. Trenton Potteries Co.*, 273 U.S. 392, 402 (1927); *Nash v. United States*, 229 U.S. 373, 378 (1913).

**Instruction No. 20: Knowingly Joined**

As previously noted, the second element the government must prove beyond a reasonable doubt for you to find each defendant guilty is that he knowingly joined the price-fixing and bid-rigging conspiracy charged in the superseding indictment.

To act "knowingly" means to act voluntarily and intentionally, and not because of a mistake or accident. Therefore, before you may convict the defendant, the evidence must establish that the defendant voluntarily became a member of the conspiracy to fix prices and rig bids with the intent to aid or further some purpose of the conspiracy.

As I have already instructed you, a price-fixing and bid-rigging conspiracy is in itself an unreasonable restraint of trade and illegal; the government does not have to prove that the defendants specifically intended to restrain trade or produce anticompetitive effects. The intent to restrain trade is satisfied with the finding of intent to fix prices and to rig bids. Therefore, you must disregard whether defendants knew bid rigging and price fixing were prohibited, as well as whether there were possible good motives. You must disregard any questions on the reasonableness, or economic impact, of the defendants' actions.

A person may become a member of a conspiracy without full knowledge of all the details of the conspiracy, the identity of all its members, the part each member played in the charged conspiracy, or the means by which the objects were to be accomplished. Knowledge of the essential objectives of the conspiracy is enough. A defendant knows the essential objectives of a conspiracy when he shares a common purpose or design with his co-conspirators. A common purpose may be to circumvent price competition and enhance profitability.

Again, the government is not required to prove the exact conspiracy charged in the indictment, so long as it proves that the defendant was a member of a smaller conspiracy fully contained within the charged conspiracy.

On the other hand, a person who has no knowledge of a conspiracy, but who happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a member of the conspiracy.  Similarly, knowledge of a conspiracy, without participation in it, is also insufficient to make a person a member of the conspiracy.

But a person who knowingly joins an existing conspiracy or participates in part of the conspiracy, with knowledge of the overall conspiracy, is just as responsible as if he had been one of the originators of the conspiracy or had participated in every part of it. Likewise, a person who knowingly directs another to implement the details of the conspiracy is just as responsible as if he participated in every part of it, including its origin.

Although knowledge on the part of each defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

Your determination whether a defendant knowingly joined the conspiracy must be based solely on the actions of the defendant, as established by the evidence.  You should not consider what others may have said or done to join the conspiracy.

Membership of a defendant in this conspiracy must be established by evidence of his own conduct; by what he said or did.

If you find that a defendant joined the conspiracy, then the defendant remains a member of the conspiracy, and is responsible for all reasonably foreseeable actions taken in furtherance of the conspiracy, until the conspiracy has been completed or abandoned, or until the defendant has withdrawn from the conspiracy.

---

**Authorities**

"Knowingly" Joining the Conspiracy, ABA Model Jury Instructions in Criminal Antitrust Cases (2009 ed.), Chapter 3 – the Sherman Act Section 1 Offense – ABA Section of Antitrust Law; *Bank of Utah v. Com. Sec. Bank*, 369 F.2d 19, 26 (10th Cir. 1966) ("intent to restrain trade is not essential to violation of Section 1 of the Act"); *United States v. Topco Assocs., Inc.*, 405 U.S. 596, 610 (1972); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221–22 (1940) (the Sherman Act does not allow as justifications "the good intentions of the members of the combination"); *United States v. Metro. Enterprises, Inc.*, 728 F.2d 444, 450 (10th Cir. 1984) (intent is satisfied "by showing that the appellants knowingly joined and participated in a conspiracy to rig bids"); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 474-75 (10th Cir. 1990) (upholding instruction in Sherman Act case that, "[t]o be a member of the conspiracy a defendant need not know all of the other members, nor all of the details of the conspiracy, nor the means by which the objects were to be accomplished" as "properly set[ting] forth the law of this circuit"); *United Cheek v. United States*, 498 U.S. 192, 199

(1991) (stating "general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution"); *Law v. NCAA*, 185 F.R.D. 324, 336 n.19 (D. Kan. 1999) (instruction in antitrust case explained a "claim of good motives, like a claim of ignorance of the law, cannot justify or excuse a violation of the federal antitrust laws and so would be no defense in this case");  *United States v. Metro. Enterprises, Inc*., 728 F.2d 444, 451 (10th Cir. 1984) ("A co-conspirator need not know of the existence or identity of the other members of the conspiracy or the full extent of the conspiracy."); *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006) (To "prove knowledge of the essential objectives of a conspiracy, the government does not have to show the defendant knew all the details or all the members of a conspiracy. Rather, the government only needs to demonstrate the defendant shared a common purpose or design with his alleged coconspirators.") (internal quotation omitted); *United States v. Hamilton*, 587 F.3d 1199, 1207 (10th Cir. 2009) (defendant can be held accountable for all acts and statements of co-conspirators "that occurred prior to his entry into the conspiracy, if those acts or statements were in furtherance of the conspiracy"); *United States v. Beachner Constr. Co*., 729 F.2d 1278, 1283 (10th Cir. 1984) ("[A] common objective was shared by each participating contractor: *to eliminate price competition and ensure higher individual profits*."); *United States v. Mobile Materials, Inc.*, 881 F.2d 866, 871 (10th Cir. 1989) ("The purpose was to circumvent price competition and enhance profitability.").  *See also* Tenth Circuit Pattern Jury Instruction No. 1.37 (2021 ed.) (updated Apr. 2, 2021).

**Instruction No. 21: Good Faith**

It is not necessary for the government to prove that the defendant knew that the conspiracy to fix prices and rig bids, as charged in the superseding indictment, was a violation of the law.  Thus, if you find beyond a reasonable doubt that the defendant knowingly joined the conspiracy as charged in the indictment, then the fact that the defendant believed in good faith that what was being done was lawful is not a defense.

---

**Authorities**

*United States v. Topco Assocs., Inc.*, 405 U.S. 596, 610 (1972) (The Supreme "Court has consistently rejected the notion that naked restraints of trade are to be tolerated because they are well intended."); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221–22 (1940) (the Sherman Act does not allow as justifications "the good intentions of the members of the combination."); *id.* at 224 n.59 (Section 1 violations do not require "[a]n intent and a power to produce" an anticompetitive result); *Bank of Utah v. Com. Sec. Bank*, 369 F.2d 19, 26 (10th Cir. 1966) ("intent to restrain trade is not essential to violation of Section 1 of the Act"); *United States v. Metro. Enterprises, Inc.*, 728 F.2d 444, 450 (10th Cir. 1984) (intent is satisfied "by showing that the appellants knowingly joined and participated in a conspiracy to rig bids.").

**Instruction No. 22: Statements Indicating Consciousness of Guilt**

Statements knowingly and voluntarily made by a defendant to prevent detection of criminal activity may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence, and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant, since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part, and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing that he did not commit a crime. Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

---

### Authorities

§ 14:06, 1A Fed. Jury Prac. & Instr., O'Malley, Grenig, and Lee (6th ed. 2021); Jury Instruction No. 34, *United States v. B&H Maint. and Constr., Inc.*, No. 07-cr-00090-

WYD (D. Colo. June 19, 2008), ECF No. 319-10; *United States v. Ingram*, 600 F.2d 260, 262 (10th Cir. 1979) ("We have held that false exculpatory statements are admissible to prove consciousness of guilt and unlawful intent."); *United States v. Smith*, 833 F.2d 213, 218 (10th Cir. 1987) (rejecting defendant's argument that there was insufficient evidence linking him to the conspiracy in part because "A false exculpatory statement will support an inference of consciousness of guilt"). *Cf. United States v. Mullins*, 4 F.3d 898, 900 n.2 (10th Cir. 1993) (rejecting defendant's challenge to a jury instruction because the instruction properly "sa[id] that an inference of consciousness of guilt may be drawn if a witness has denied *incriminating facts*.").

**Instruction No. 23: Corporate Officer—Individual Liability**

A person who acts on behalf of a corporation is personally responsible for what he knowingly does or knowingly causes someone else to do.  This is so even if he acted on the instructions of a superior.

A person who is a manager or supervisor of a corporation is also responsible for the acts of his subordinates if he authorizes, encourages, directs, orders, or consents to the participation in the conspiracy of someone he manages or supervises.

However, a person who is a manager or supervisor of a corporation is not criminally responsible for illegal acts committed by another agent on behalf of that corporation merely because of his status as a manager or supervisor of the corporation.

---

**Authorities**

§ 18:04, 1A Fed. Jury Prac. & Instr., O'Malley, Grenig, and Lee (6th ed.) ("A corporate officer is subject to prosecution under § 1 of the Sherman Act whenever he knowingly participates in [the conspiracy]—be he one who authorizes, orders, or helps perpetrate the crime—regardless of whether he is acting in a representative capacity.") (quoting *United States v. Wise*, 370 U.S. 405, 416 (1962); Third Circuit Manual of Model Criminal Jury Instructions No. 7.07 (updated Nov. 2018); Pattern Criminal Jury Instructions of the Seventh Circuit No. 5.02 (2020 ed.) (updated Dec. 13, 2019); Eighth Circuit Model Jury Instructions No. 5.04 (2020 ed.) (updated Aug. 2020).

**Instruction No. 24: Interstate Commerce**

The third essential element of the offense prohibited by the Sherman Antitrust Act is that the defendants' alleged unreasonable restraint of trade must involve interstate commerce. The term "interstate commerce" includes transactions of broiler chicken products that are moving across state lines or that are in the continuous flow of commerce from the commencement of their journey until their final destination in a different state. When such transactions are involved, the amount of commerce restrained by the conspiracy is of no significance.

The term "interstate commerce" may also include entirely intrastate transactions in which some or all the defendants are not engaged in interstate commerce and some or all of the acts are wholly within a state, if the activities substantially and directly affect interstate commerce.

If the conspiracy charged in the superseding indictment occurred in the flow of interstate commerce, the interstate-commerce element is satisfied.

---

**Authorities**

*United States v. Suntar Roofing*, Inc., 897 F.2d 469, 477–78 (10th Cir. 1990) (upholding instruction in Sherman Act case); *Gulf Oil Corp. v. Copp Paving Co*., 419 U.S. 186, 194-95 (1974); *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 329 n.10 (1991).

**Instruction No. 25: Venue for Count One: The Sherman Act Offense**

The government must prove it is more likely true than not true that the Sherman Act offense charged in Count One of the superseding indictment was begun, continued, or completed in the District of Colorado.

To meet this requirement, the government must prove that the charged conspiracy was formed in this judicial district or that any act in furtherance of the charged conspiracy was taken here.  The government does not need to prove, however, that the defendant or any conspirator was present in the district.

You must decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other elements of the crimes charged.

---

**Authorities**

Eighth Circuit Pattern Jury Instruction No. 3.13 (2020 ed.) (modified).  *See, e.g.*, *United States v. Johnson*, 323 U.S. 273, 275 (1944) (holding that venue may constitutionally lie in any area through which "force propelled by an offender operates," including "in the district where [a defendant] sent the goods, or in the district of their arrival, or in any intervening district"); *United States v. Trenton Potteries Co.*, 273 U.S. 392, 403-04 (1927) ("Although the respondents were widely scattered, an important market for their manufactured product was within the Southern district of New York,

which was therefore a theater for the operation of their [antitrust] conspiracy"); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 250-54 (1940).

**Instruction No. 26: False Statements 18 U.S.C. 1001(a)(2)**

Defendant Little is charged in Count Two with a violation of 18 U.S.C. section 1001(a)(2).

This law makes it a crime to knowingly and willfully make a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant made a false, fictitious, or fraudulent statement or representation to the government; specifically, that he had no contact with individuals at competing suppliers outside of speaking to the individuals at industry trade shows, and he had not called—or sent text messages to—any individuals at competing suppliers;

*Second*: the defendant made the statement knowing it was false, fictitious, or fraudulent;

*Third*: the defendant made the statement willfully, that is deliberately, voluntarily and intentionally;

*Fourth*: the statement was made in a matter within the jurisdiction of the executive branch of the United States; and

*Fifth*: the statement was material to the Department of Commerce Office of Inspector General, the Federal Bureau of Investigation, or the United States Department of Agriculture Office of Inspector General.

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the Department of Commerce Office of Inspector General, the

Federal Bureau of Investigation, or the United States Department of Agriculture Office of Inspector General.

It is not necessary that any of these agencies was in fact influenced, misled, or deceived in any way.

---

### Authorities

Tenth Circuit Pattern Jury Instruction No. 2.46.1 (2021 ed.) (updated Apr. 2, 2021) (modified); Comment to Tenth Circuit Pattern Jury Instruction No. 2.46 (2021 ed.) (updated Apr. 2, 2021); *Fleming v. United States*, 336 F.2d 475, 479 (10th Cir. 1964) ("By the use of the disjunctive 'or' Congress made it clear that any one of the three wrongful types of claims would subject the claimant to liability and that the claim need not be 'fraudulent' so long as it is 'false.'").

**Instruction No. 27: Venue for Count Two: False Statements**

The government must prove it is more likely true than not true that the crime of False Statements charged in Count Two of the superseding indictment was begun, continued, or completed in the District of Colorado.

You must decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other elements of the crimes charged.

---

**Authority**

Eighth Circuit Pattern Jury Instruction No. 3.13 (2020 ed.) (modified).

**Instruction No. 28: Obstruction of Justice, 18 USC § 1512(c)(2)**

Count Three of the superseding indictment charges Mr. Little with obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). In order for you to find Mr. Little guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The defendant obstructed, influenced, or impeded, or attempted to do so, any official proceeding—that is, the then-pending grand jury investigation of price fixing in the broiler chicken industry, the then-pending prosecution of four individuals for conspiring to fix prices in the broiler chicken industry, or the prosecution of Mr. Little for conspiring to fix prices in the broiler chicken industry; and

2. The defendant acted corruptly.

Acting "corruptly" means acting with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct the proceeding. In order to establish the defendant acted corruptly, it is not necessary for the government to prove that the defendant had an evil purpose or bad motive.

It is not necessary that the defendant knew of the existence of the ongoing official proceeding—only that it was foreseeable that the defendant's conduct would interfere with an official proceeding, or that interference with the official proceeding was the natural and probable effect of the defendant's conduct.

---

**Authorities**

Pattern Criminal Jury Instructions of the Seventh Circuit, 626 (2020 ed.) (updated Dec. 13, 2019); Final Jury Instructions, *United States v. Gordon*, 4:09-cr-00013-JHP (N. D. Okla. May 3, 2010), ECF No. 222, *aff'd*, 710 F.3d 1124 (10th Cir. 2013); *United States v. Phillips*, 583 F.3d 1261, 1264–65 (10th Cir. 2009) ("§ 1512(g)(1) makes clear that the government need not prove the defendant knew that the official proceeding at issue was a federal proceeding such as a grand jury investigation."); *Gordon*, 710 F.3d at 1149–51 ("'[O]fficial proceeding' in this context is defined as, *inter alia*, 'a proceeding before a judge or court of the United States.'") (quoting 18 U.S.C. § 1515(a)(1)(A)); *id*. at 1151 ("Acting 'corruptly' within the meaning of § 1512(c)(2) means acting "'with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct the [forfeiture proceeding].'") (quoting *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011)); *United States v. Ahrensfield*, 698 F.3d 1310, 1324 (10th Cir. 2012) ("Nor does the government need to 'prove the defendant knew that the official proceeding at issue was a federal proceeding such as a grand jury investigation.'") (quoting *Phillips*, 583 F.3d at 1264-65; *United States v. Ogle*, 613 F.2d 233, 239 (10th Cir. 1979) (the term "corrupt" does not add an additional element of evil purpose or bad motive).

**Instruction No. 29: Venue for Count Three: Obstruction of Justice**

The government must prove it is more likely true than not true that the crime of Obstruction of Justice charged in Count Three of the superseding indictment was begun, continued, or completed in the District of Colorado.

The government can satisfy this requirement by proving that at least one of the official proceedings that was intended to be affected—including the then-pending grand jury investigation of price fixing in the broiler chicken industry, the then-pending prosecution of four individuals for conspiring to fix prices in the broiler chicken industry, or the prosecution of Mr. Little for conspiring to fix prices in the broiler chicken industry—was in the District of Colorado.

You must decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other elements of the crime charged.

---

### Authority

Eighth Circuit Pattern Jury Instruction No. 3.13 (2020 ed.) (modified); 18 U.S.C. 1512(i) ("A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.")

**Instruction No. 30: Statute of Limitations[2]**

In addition to proving all the elements of the crimes charged, the government must prove, beyond a reasonable doubt, that the offenses charged existed within the period of the statute of limitations.

For the price-fixing and bid-rigging conspiracy alleged in Count One of the superseding indictment, the limitations period for the conspiracy charged is five years. The original indictment for this case was returned in June 2020 and the superseding indictment returned in October 2020.  This means that you cannot find defendants Penn, Brady, Austin, and Fries guilty unless the government proves, beyond a reasonable doubt, that the charged conspiracy existed some time in or after June 2015. You cannot find defendants Mulrenin, Kantola, Little, Lovette, Roberts, or Blake guilty of the Sherman Act offense unless the government proves, beyond a reasonable doubt, that the charged conspiracy existed some time in or after October 2015.

One way the government can prove the conspiracy existed in this period is to prove that one or more members of the conspiracy performed some act after June 2015 or October 2015 in furtherance of the conspiracy.

All acts that intentionally further the goals of the alleged conspiracy, even the act of a single conspirator (and even an act lawful by itself), may be a part of a conspiracy and may keep it in existence.  In this case, the superseding indictment charges that the conspiracy was carried out by agreeing to rig bids and fix prices and price-related terms; rigging bids and fixing prices and price-related terms; accepting payment for broiler

---

[2] The government proposes this instruction only if defendants request a statute-of-limitations instruction for the Sherman Act offense in Count One.

chicken products that were the subject of the conspiracy; and performing on contracts that were the subject of the conspiracy. So, in this case, if you find that the conspiracy existed and that one or more of these acts were done, at least in part, to carry out the conspiracy, then it continued to exist as long as one or more of the conspirators did those acts.

---

## Authorities

*United States v. Fishman*, 645 F.3d 1175, 1191 (10th Cir. 2011) ("[F]or conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period.") (quotation omitted); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 n.59 (1940) ("a conspiracy to fix prices violates [section 1] of the [Sherman] Act though no overt act is shown"); *Delaney Corp. v. Bonne Bell, Inc.*, No. CIVIL ACTION C-3755, 1974 WL 1011, at *4 (D. Colo. Sept. 20, 1974) ("It is fundamental that 'acts absolutely lawful in themselves may be steps in a criminal conspiracy.' 'Wholly innocent acts' may be 'part of the sum of acts' which make up the conspiracy.") (quoting *United States v. Chas. Pfizer & Co.*, 281 F. Supp. 837, 850 (S.D.N.Y. 1968)); *United States v. Kemp & Assocs., Inc.*, 907 F.3d 1264, 1271 (10th Cir. 2018) ("In holding that the conspiracy there continued so long as the firms received payments on the unlawfully obtained contracts, we adopted the Eighth Circuit's holding that a 'Sherman Act violation [is] "accomplished both by the submission of noncompetitive bids, and by the request for and receipt of payments at anti-competitive

levels."'"); *United States v. Evans & Assocs. Constr. Co.*, 839 F.2d 656 (10th Cir.1988)
(holding that statute of limitations began running when final payment on contract
obtained through rigged bids was received, not when rigged bids were submitted), *aff'd
on reh'g*, 857 F.2d 720 (10th Cir. 1988).

**Instruction No. 31: Consider Only Crimes Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged or, in the case of Mr. Little, the crimes charged.

The defendants are not on trial for any act, conduct, or crime not charged in the superseding indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether each defendant has been proved guilty of the crime charged.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.19 (2021 ed.) (updated Apr. 2, 2021) (modified).

**Instruction No. 32: Persons Not Charged**

Your job is limited to deciding whether the government has proved the crimes charged in the superseding indictment beyond a reasonable doubt.

Whether anyone else or any company should be prosecuted and convicted for this crime or any other crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide whether the Government has proved these defendants guilty of the charges in the superseding indictment beyond a reasonable doubt, so do not let the possible guilt of other persons or companies influence your decision in any way.

---

**Authority**

*See, e.g., United States v. Oberle*, 136 F.3d 1414, 1422-23 (10th Cir. 1998) (upholding instruction that the jury not concern themselves with the guilt of others).

**Stipulated Instruction No. 33: Punishment**

You should not discuss or consider the possible punishment in any way while deciding your verdict.

---

**Authorities**

Tenth Circuit Pattern Jury Instruction No. 1.20 (2021 ed.) (updated Apr. 2, 2021) (modified); *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)).

**Stipulated Instruction No. 34: Multiple Defendants**

The rights of each of the defendants in this case are separate and distinct.  You must separately consider the evidence against each defendant and return a separate verdict for each.

Your verdict as to one defendant, whether it is guilty or not guilty, should not affect your verdict as to any other defendant.

Separate additional crimes are charged against Mr. Little in Count 2 (False Statements) and Count 3 (Obstruction of Justice) of the superseding indictment.  You must separately consider the evidence against Mr. Little on each of those counts and return a separate verdict for Mr. Little.

---

## Authority

Tenth Circuit Pattern Jury Instruction Nos. 1.21 and 1.22 (2021 ed.) (updated Apr. 2, 2021) (combined and modified).

**Stipulated Instruction No. 35: Equal Consideration for All Parties**

The fact that this prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that granted to defendants or any other party to a legal case. All parties, whether the government or individuals, stand as equals at the bar of justice.

---

**Authority**

Jury Instruction No. 37, *United States v. B&H Maint. and Constr., Inc.*, No. 07-cr-00090-WYD (D. Colo. June 19, 2008), ECF No. 319-10.

**Instruction No. 36: Duty to Deliberate—Verdict Form**

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. [The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the superseding indictment. Your deliberations will be secret.

You will never have to explain your verdict to anyone. You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendants' guilt beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review. The foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.23 (2021 ed.) (updated Apr. 2, 2021).

**Instruction No. 37: Summaries and Charts**

Certain charts and summaries have been admitted into evidence to explain facts disclosed by underlying testimony and exhibits that are also in evidence in this case. The underlying evidence is the best evidence of what occurred, and the summaries and charts are only as valid and reliable as the underlying evidence.  If you find that the summaries and charts accurately reflect underlying evidence in the case that is valid and reliable, you may rely upon them.  But if and to the extent you find they do not accurately summarize underlying evidence in the case that is valid and reliable, you should disregard them and determine the facts from underlying evidence that you find is valid and reliable.

---

**Authority**

*Cf.* Tenth Circuit Pattern Jury Instruction No. 1.41 (2021 ed.) (updated Apr. 2, 2021); *see also* Jury Instruction No. 9, *United States v. B&H Maint. and Constr., Inc.*, No. 07-cr-00090-WYD (D. Colo. June 19, 2008), ECF No. 319-9.

**[Instruction No. 38: Modified *Allen* Instruction]**

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that the defendant is presumed innocent, and that the government, not the defendant, has the burden of proof and it must prove the defendant guilty beyond a reasonable doubt. Those of you who believe that the government has proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations

do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.42 (2021 ed.) (updated Apr. 2, 2021).

**[Instruction No. 39: Partial Verdict Instruction]**

Members of the Jury:

(1) You do not have to reach a unanimous agreement on all the charges or all defendants before returning a verdict on some of the charges. If you have reached a unanimous agreement on some of the charges as to one of the defendants, you may return a verdict on those charges or that defendant and then continue deliberating on the others.

(2) If you do choose to return a partial verdict, that verdict will be final. You will not be able to change your minds about it later on.

(3) Your other option is to wait until the end of your deliberations, and return all your verdicts then. The choice is entirely yours.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.43 (2021 ed.) (updated Apr. 2, 2021).

**[Stipulated Instruction No. 40: Communication with the Court]**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [the marshal] [the bailiff] [my law clerk], who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.44 (2021 ed.) (updated Apr. 2, 2021).