IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

      Defendants.

---

## DEFENDANT ROGER AUSTIN'S TRIAL BRIEF

---

In accordance with the Court's Practice Standards, defendant Roger Austin submits the following trial brief concerning expected evidentiary issues.

### I.    Case Agent Testimony

The Court has precluded "case agent testimony on (1) whether a conspiracy existed, including whether price-sharing between competitors should be considered 'price fixing,' (2) whether any defendant or other person knowingly joined and participated in a conspiracy; and (3) the meaning of a defendant's conduct or communications." Dkt. 604 at 4. Similarly, courts are generally cautious about the risks associated with testimony by government agents. *United States v. Cass*, 127 F.3d 1218, 1224 (10th Cir. 1997) ("Police witnesses may not simply repeat

on the stand what other witnesses have told them and justify the practice by arguing that the statements are introduced to explain how they went about their investigation."); *United States v. Moore*, 651 F.3d 30, 60 (D.C. Cir. 2011) ("What [the agent] could not do was present lay opinion testimony about investigative techniques in general and opine on what generally works and what does not, as illustrated by informants who pled guilty. Neither could he anticipate evidence that the government would hope to introduce at trial about the charged offenses or express an opinion, directly or indirectly, about the strength of that evidence or the credibility of any of the government's potential witnesses, including the cooperating co-conspirators.").

Notwithstanding the Court's ruling, DOJ's actions suggest that it intends to use case agent testimony in exactly the way the Court has prohibited it from doing and that courts are generally wary to permit. DOJ filed a motion with the Court seeking preemptively to be allowed to introduce summary exhibits "similar to the Conspiracy Guide that the government used as part of the *James* hearing." Dkt. 542 at 10. And "sample" demonstratives that DOJ has shared with defendants along with the time allocations on DOJ's witness list, *see* Dkt. 590 (allotting 6.5 hours each to two agents, more than any other witness), suggest that DOJ intends to use agent testimony similar to the way it was used at the *James* hearing. At the *James* hearing, the case agent was allowed to offer interpretations, understandings, and summaries without foundation because of the special nature of the hearing. *See, e.g.*, Sept. 2, 2021 H'rg. Tr. at 44:23-24 ("He is just explaining his interpretation. For purposes of this hearing, that's fine."); 60:11-13 ("He is offering his understanding of what it is based upon his knowledge of the discovery. That's appropriate for this type of hearing."). It would be inappropriate for DOJ to proceed in the same way or offer the same sort of testimony at trial. The Court has made this abundantly clear in its

ruling, which would in effect prohibit almost all of the testimony that was offered at the *James* hearing. *See* Dkt. 604 at 4. DOJ's actions and statements to date suggest caution in the event that it pushes up against and jumps over the limits the Court has set.

## II.    Inappropriate Use of 801(d)(2)(E)

Mr. Austin is also concerned that DOJ will attempt to use evidence admitted pursuant to Rule 801(d)(2)(E) in ways not authorized by that rule. Specifically, DOJ may attempt to introduce statements of other defendants purporting to characterize Mr. Austin's statements from before the time the Court concluded that Mr. Austin was shown to be a member of the conspiracy by a preponderance of the evidence. One example is entry 27 on DOJ's *James* log, for which Mr. Brady and Mr. Fries (not Mr. Austin) are the declarants. *See* Dkt. 380-4 at 5 (DOJ log); Dkt. 559 at 23 (admitting statement). The statements in this entry were made on November 13, 2012, Dkt. 380-4 at 5, prior to Mr. Austin's Court-determined "as of" date of November 28, 2012, Dkt. 559 at 12. In the entry, Mr. Brady states that "roger" told him various things—these statements cannot be admitted as evidence that Mr. Austin made these statements. Since Mr. Brady's statement was made before Mr. Austin's "as of" date, the 801(d)(2)(E) exception is inapplicable as to Mr. Austin's alleged statement, which is therefore inadmissible as a statement of Mr. Austin. Moreover, since the alleged statement predates Mr. Austin's "as of" date, it is irrelevant to Mr. Austin's alleged participation in a conspiracy and therefore inadmissible under Rules 401 and 402.

Dated:  October 18, 2021 Respectfully submitted,

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2021, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

<u>s/ *Michael S. Feldberg*</u>

Michael S. Feldberg