**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

**THIRD PARY NORMAN W. FRIES, INC. D/B/A CLAXTON POULTRY FARMS'
MOTION TO MODIFY SUBPOENA**

---

Norman W. Fries, Inc. d/b/a Claxton Poultry Farms ("Claxton") respectfully move this Court, under Fed R. Crim. P. 17(c)(2), to modify the Subpoena to Testify at a Hearing or Trial in a Criminal Case directed to Claxton and dated October 20, 2021 ("Subpoena").

## BACKGROUND

This case is scheduled for trial beginning October 25, 2021. More than two years prior to the initiation of this case, on July 16, 2019, Claxton received a grand jury subpoena compelling it to produce documents. Claxton produced over 297,000 documents per the government's production specifications, including emails sent and received by different people both inside and outside of Claxton. Claxton signed

authenticity certifications for these records on January 21, 2021 (for Claxton's production to the government) and on October 1, 2021 (for Claxton's production in the civil case in the Northern District of Illinois, which production was provided to the government in its entirety). (*See* Ex. A.)

On October 11, 2021, the government filed a Motion for Pre-Trial Ruling Regarding Authentication of Evidence Pursuant to Federal Rules of Evidence 902(11) and 902(13). (ECF No. 622). This Court denied the government's motion on October 19, 2021, finding that the certifications of authenticity were insufficient to authenticate the documents under Rules 902(11) and 902(13). (ECF No. 673).

In its Order, the Court found that the certifications of authenticity were insufficient to authenticate the emails as Rule 803(6)'s business records because the emails "bear no indicia of accuracy regarding their content within the meaning of the business rule exception" and that "the content of the emails varies and does not contain information on which the business relies because that content is accurate[.]" (*Id.* at 9–10.)

The Court also found that the certifications of authenticity were insufficient to authenticate the "transmittal data" under Rule 902(13), because, "the emails do not contain account identifiers or computer-generated timestamps." (*Id.* at 12.) Instead, "they simply indicated the name of the person sending the email, the recipients of the email, and the date of the email." (*Id.*) But the "'to,' 'from,' and date information on the face of an email…cannot be the subject of a proper Rule 902(13) certification because the certifications … do not identify which email accounts are accounts of the company and to whom those accounts are assigned." (*Id.*) "Moreover, for emails sent to or received from

2

accounts outside of the company, the certifications do not purport to deem as accurate the names associated with those accounts." (*Id.*)

In an apparent attempt to remedy its deficiency, in the early morning of October 20, 2021 (at 2 a.m. MDT), the government issued a trial testimony subpoena to a records custodian at Claxton (and apparently other chicken producers) "to testify about" 174 bates-numbered documents consisting of thousands of pages. (*See* Ex. B, Attach A.) Inexplicably, a second trial subpoena was served on Gregory Finch, Claxton's CFO, 19 hours later at 9:00 p.m. MDT to testify on matters "relating to the authentication of documents." (*See* Ex. C.)

Attachment A to the Claxton Subpoena is quite unusual in a criminal case. It mimics topics to a 30(b)(6) notice of deposition in a civil case, and it requires the custodian to testify about, and be familiar with, topics and information for email authentication and business record authentication. (*See* Ex. B, Attach A.)

Among other items, the Subpoena demands that a Claxton witness be prepared to testify about:

> Business record authentication, including how documents are saved and stored on the company's server, how the server is maintained, whether documents were made and maintained during the course of regularly conducted business, and explanation as to why the entry on the record was reliable.

(Ex. B, Attach A.)

For the reasons below, the Subpoena is overbroad, unduly burdensome, and unreasonable. As this Court well knows, the government has practically unlimited subpoena power to compel witnesses to the grand jury to authenticate documents it may later decide to use in a prosecution and, more importantly, to lay proper evidentiary

3

foundations for the later admission of those documents. The government never undertook these fundamental preparatory steps to ensure trial readiness.

Now, even though there is only one business day before trial, Claxton is willing to produce an individual that will, *to the best of that person's knowledge*, discuss Claxton's server and how emails are kept in order to authenticate certain documents under Rule 901.[1] But Claxton will not be able to produce a "custodian of records" that will be able to discuss in any detail whether each—or any—of the 174 "documents were made and maintained during the regularly conducted business."[2] Upon a preliminary review of these proposed trial exhibits, each of them appears to have different authors and recipients, some of which are from outside of Claxton's business, and span over a 7-year period. Given its scope and information sought, this Court should modify the Subpoena to strike certain portions of it, including "business record authentication," "whether documents were made and maintained during the course of regularly conducted business, and explanation as to why the entry on the record was reliable." No single Claxton witness would have the foundation or ability to testify on such a broad subject.[3]

Because the Subpoena also requires that the Claxton witness be available as soon as October 25, 2021, through an indeterminable period, this Court should also modify the

---

[1] Plainly, however, Mr. Finch will be unable to acquire the requisite personal knowledge necessary to satisfy the foundational requirements of the Federal Rules of Evidence, specially, the requirements of Fed. R. Evid. 803(6), discussed in the Court's Order in Dkt. 673. (*See* Dkt. 673 at p. 7, n. 2.).

[2] Claxton is a small, one-plant, family processor in rural Southeast Georgia. It does not (and never has) maintained separate departments like its larger rivals to deal with IT, human resources, and the like.

[3] Mr. Finch, Claxton's CFO, wears many hats in the company and will appear in response to his subpoena and do his best to testify on the "authentication of documents," but will most likely not be prepared to provide specifics on any of the documents identified in the Claxton Subpoena, especially given the exigent time restraints. Claxton reserves the right to designate Mr. Finch as its custodian of records, so that only one Claxton employee will need to travel to Denver.

Subpoena to provide more time for the Claxton witness to prepare as well as a determinate date during which the Claxton witness must be available.

**ARGUMENT**

"On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). That is the case here. The Subpoena requires Claxton to identify a custodian to appear in court, with three business days' notice for an indeterminable period of time, and prepare to testify about information which is not accessible to a Claxton witness.

**A.     The government's Subpoena for a "custodian of records" to authenticate the records under 803(6) is unreasonable.**

In its October 19 Order, this Court detailed the reasons that the certifications that the government requested, and that Claxton provided, were insufficient to establish the authenticity of documents under Rule 902(11) and (13). The certifications could not satisfy each of the 803(6) elements of the business records exception to the hearsay rule. Many of these proposed trial exhibits include emails from outside of Claxton and documents created by others outside of Claxton and sent to Claxton. Nor could the certifications authenticate the "transmittal data" under Rule 902(13), some of which is not even available in the documents the government seeks to authenticate, despite that Claxton produced the documents per the government's production specifications.

The Subpoena's request for a live witness to authenticate the documents as business records does not remedy this deficiency.

First, a Claxton witness will be unable to testify that each person in the chain of emails was either "acting in the regular course of business" or had prepared the emails in the course of regularly conducted business activity. *See Roberts Tech. Grp., Inc. v.*

5

*Curwood, Inc.*, 2016 WL 2889166, at *2 (E.D. Pa. May 17, 2016) ("It is insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then ergo all those e-mails are business records. An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule.") (internal quotations and citations omitted).

This inability is problematic because Rule 803(6) demands that each email needs to be addressed individually to assess whether it constitutes a business record. "At most, the records custodian employed by [Claxton] can attest to the accuracy of only certain aspects of the communications exchanged over that platform." *See United States v. Browne*, 834 F.3d 403, 434–36 (3d Cir. 2016). But "[t]his is no more sufficient to confirm the accuracy or reliability of the contents of the [Claxton emails] than a postal receipt would be to attest to the accuracy or reliability of the contents of the enclosed mailed letter. *Id.* at 436; *accord United States v. Ary*, 518 F.3d 775, 787 (10th Cir. 2008); *United States v. Snyder*, 787 F.2d 1429, 1433–34 (10th Cir. 1986).

Second, Claxton's live witness will be unable to authenticate the "transmittal data" under Rule 902(13), because, as this Court explained, "the emails do not contain account identifiers or computer-generated timestamps." (ECF No. 673 at 12). Rather, Claxton's emails "simply indicated the name of the person sending the email, the recipients of the email, and the date of the email." (*Id.*) Claxton's witness will be unable to authenticate "account identifiers" and "computer-generated timestamps" if they do not exist on the face of the email.

Claxton is willing to work cooperatively to ensure an efficient trial by providing a live witness—either a custodian of records and/or Mr. Finch—to testify as to authenticity

of documents under Rule 901. However, the portion of the Subpoena requesting that either Greg Finch or a "custodian of records" provide the foundation for 174 documents to establish they are business records is impossible to comply with and therefore unreasonable. That portion of the Subpoena should be stricken.

**B.  The government's Subpoena is oppressive because it provides three business days for Claxton to prepare a witness.**

The Subpoena directed to Claxton's "custodian of records" provides Claxton's live witness *three* business days to prepare testimony, travel to Denver from rural Southeast Georgia, and appear at trial beginning October 25, 2021 for an indeterminable period of time. Counsel for the government has explained that Claxton's witness will need to be available for an indefinite period of time until called to testify. The subpoena served on Greg Finch was likewise served late Wednesday evening, and he would have only *two* business days to drop his CFO responsibilities at Claxton, prepare for his testimony, travel to Denver from Southeast Georgia, and appear at trial.

This short notice and lack of definitive time frame is unreasonable. Claxton and/or Mr. Finch are willing to appear at trial to authenticate documents under Rule 901. However, the government has had over two years to raise its concerns regarding authentication. Notifying Claxton two to three business days in advance is unreasonable.

A definitive time to testify is particularly important due to the volume of documents listed in the government's exhibit A (174 documents). How long will it take the government to authenticate all of these documents, one-by-one? Authenticating any of the individual email chains listed in the Subpoena could take a witness several minutes if done properly and efficiently. Authenticating all of them could add hours to an already lengthy trial, not to mention any additional witnesses from any other company that may need to testify

7

regarding its documents. This is not in the interest of judicial efficiency, particularly where a jury will already be empaneled for weeks, and their patience is undeniably a factor. *See United States v. Delatorre*, 522 F. Supp. 2d 1034, 1050 (N.D. Ill. 2007), *aff'd sub nom. United States v. Benabe*, 436 F. App'x 639 (7th Cir. 2011) ("The human limitations of the jury system are especially tested during a lengthy trial.").

## CONCLUSION

Accordingly, Claxton respectfully requests that this Court modify the Subpoena under Federal Rule of Criminal Procedure 17(c)(2) by: 1) striking the portion of the Attachment A to the Subpoena from "Business record authentication" to "the record was reliable"; and 2) providing Claxton's live witness and/or Greg Finch with sufficient preparation time and a date certain to appear in court and provide testimony.

Dated: October 22, 2021

Respectfully submitted,

NORMAN W. FRIES, INC.
D/B/A CLAXTON POULTRY FARMS

By: */s/ James F. Herbison*
One of Its Attorneys

Charles C. Murphy, Jr.
VAUGHAN & MURPHY
690 S Ponce Ct NE
Atlanta, GA 30307
(404) 667-0714
cmurphy@vaughanandmurphy.com

James F. Herbison
Michael P. Mayer
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
jherbison@winston.com

mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc.
d/b/a Claxton Poultry Farms*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of October, 2021, I electronically filed the foregoing Motion to Modify Subpoena with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

                                                */s/ James F. Herbison*
                                                James F. Herbison