IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RESPONSE TO MR. BLAKE'S BRIEF REGARDING GX 1547 AND E-570

The government respectfully submits this brief in response to Defendant Blake's Brief Regarding GX 1547 to clarify the landscape regarding the admissibly of nonhearsay co-conspirator statements that are relevant to the existence of the charged conspiracy. The government has previously briefed this precise point in its Response to Defendants' Joint Motion to Exclude Any Mention of Non-Defendant Timothy Stiller's Alleged "Obstruction" Conduct. ECF No. 769. Simply put, Supreme Court and 10th Circuit precedent make clear that nonhearsay coconspirator statements relevant to the

existence of a charged conspiracy are admissible against all conspirators so long as they are relevant and nonprejudicial. No "in furtherance of" requirement applies.

The Supreme Court in *United States. v. Anderson*, 417 U.S. 211 (1974), facing the precise issue that defendants here have now raised multiple times—whether conspirator out-of-court statements that may not meet the requirements of 801(d)(2)(e) can nevertheless be admitted against conspirators as relevant evidence tending to prove the existence of the conspiracy—made two findings in its holdings:

1. The out-of-court statements were admissible under basic principles of the law of evidence and conspiracy…

    (a) The statements were not hearsay, since they were not offered in evidence to prove the truth of the matter asserted; hence their admissibility was governed by the rule that acts of one alleged conspirator can be admitted into evidence against the other conspirators, if relevant to prove the existence of the conspiracy, even though they may have occurred after the conspiracy ended. *Lutwak v. United States*, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593. Pp. 2260—2261.

    (b) Since the statements were not hearsay, the jury did not have to make a preliminary finding that the conspiracy charged was still in progress before it could consider them as evidence against the other defendants, and accordingly the statements were admissible if relevant to prove the conspiracy charged. P. 2261.

*Anderson* at 211–12.

This binding precedent is directly applicable to relevant, admissible nonhearsay statements of conspirators in this case. At trial in *Anderson*, multiple defendants objected to the introduction of one conspirator's prior testimony "on the ground that it was inadmissible against anyone but Tomblin." In analyzing the issue, the Court turned to prior Supreme Court precedent in *Lutwak v. United States*, which "emphasized…[that] the

2

requirement that out-of-court declarations by a conspirator be shown to have been made…in furtherance [of the conspiracy charged] arises only because the declaration would otherwise be hearsay." *Anderson* at 219 (citing *Lutwak* at 618). The *Anderson* Court went on to find that "[s]ince these prior statements were not hearsay, the jury did not have to make a preliminary finding that the conspiracy charged…was still in progress before it could consider them as evidence against the other defendants. The prior testimony was accordingly admissible simply if relevant in some way to prove the conspiracy charged." *Id.* at 221.

The Tenth Circuit has applied this same principle in *United States v. Cesareo-Ayala*, in admitting a conspirator's nonhearsay false statements and questions "that assert nothing, again not hearsay" because they were relevant. 576 F.3d 1120 (2009). In doing so, the Tenth Circuit stated that because such statements were not heresy "we need not determine whether the district court improperly admitted the statements as coconspirator statements under Federal Rule of Evidence 801(d)(2)(e)." *Cesareo-Ayala* at 1128.

*United States v. Johnson*, cited by Defendant Blake, is inapposite because it relates to co-conspirator statements that are "offered for the truth," and thus hearsay unless a relevant exception applies, rather than the nonhearsay statements at issue that are not offered for the truth. 927 F.2d 999, 1001 (7th Cir. 1991)).

Here, as in *Anderson* and *Cesareo-Ayala*, basic evidentiary principles dictate that nonhearsay evidence is admissible against all ten defendants so long as it is relevant and nonprejudicial. The requirements of 801(d)(2)(e) are simply "inapplicable to

evidence…which would not otherwise be hearsay." *Anderson* at *219 (citing *Lutwak* at 618).

Dated: November 10, 2021

    Respectfully submitted,

                                          /s/ *Heather D. Call*
                                          HEATHER CALL
                                          MICHAEL KOENIG
                                          CAROLYN SWEENEY
                                          PAUL TORZILLI
                                          Antitrust Division
                                          U.S. Department of Justice
                                          450 Fifth Street NW, Suite 11048
                                          Washington D.C. 20530
                                          Tel: (202) 598-2623
                                          heather.call@usdoj.gov
                                          Attorneys for the United States