IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>1.   JAYSON JEFFREY PENN,<br>2.   MIKELL REEVE FRIES,<br>3.   SCOTT JAMES BRADY,<br>4.   ROGER BORN AUSTIN,<br>5.   TIMOTHY R. MULRENIN,<br>6.   WILLIAM VINCENT KANTOLA,<br>7.   JIMMIE LEE LITTLE,<br>8.   WILLIAM WADE LOVETTE,<br>9.   GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>    Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF A MAXIMUM OF 27 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) AND (B)(i), (ii), and (iv)**

Defendants, by and through their respective counsel, respectfully move this Court for an Order: (1) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); (2) excluding a maximum of 27 days from the speedy trial calculation pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i), (ii), and (iv); and (3) resetting the retrial to March 22, 2022, the first date on which all of Defendants' counsel are available for trial. In support of this Motion, Defendants state as follows:

## BACKGROUND

On June 2, 2020, the Grand Jury indicted Messrs. Penn, Fries, Brady and Austin on one count of conspiracy to restrain trade, in violation of Title 15 U.S.C. § 1. Doc. 1. The Defendants

1

subsequently filed a Joint Unopposed Motion for a Designation of Complexity and an Ends of Justice Exclusion of 180 Days From the Speedy Trial Calendar, Doc. 49, which this Court granted on July 8, 2020, finding that this case is complex within the meaning of the Speedy Trial Act, and that an exclusion of 180 days was necessary to allow for effective and necessary pretrial and trial preparation, setting a 10-day trial for February 16, 2021. Doc. 76.

On October 6, 2020, the Grand Jury returned a Superseding Indictment, charging Messrs. Mulrenin, Kantola, Little, Lovette, Roberts and Blake in addition to Messrs. Penn, Fries, Brady, Austin, with a violation of Title 15 U.S.C. § 1. Doc. 101. All Defendants moved for an Additional Ends of Justice Exclusion of 180 Days. Doc. 188. The Court granted that motion on November 17, 2020, and reset trial for August 2, 2021. Doc. 198.

On May 5, 2021, Defendants moved for a Third Ends of Justice Exclusion of 90 Days. Doc. 259. The Court granted that motion and reset trial for October 25, 2021. Doc. 264.

Starting on October 25, 2021, the Court held a twenty-nine day jury trial. At the conclusion of the government's case, each Defendant filed a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. Docs. 874-882, 884. Each motion was renewed at the close of all evidence. Trial Tr. at 239:13-244:21 (Dec. 6, 2021).[1] Each of those motions remains pending.

The Court declared a mistrial on December 16, 2021. Doc. 920. On the same day, the Court set a new trial for February 22, 2022. *Id*.; *see* Doc. 925.

---

[1] This reference is to an official draft transcript. Defendants defer to the Court's recollection if it differs from the draft transcript in any way.

Several of Defendants' trial counsel, including attorneys for Messrs. Blake and Penn, have previously-scheduled trials throughout February and into March.[2] As set forth below, Defendants seek an ends of justice finding through March 22, 2022.

**LEGAL AND FACTUAL GROUNDS FOR MOTION**

Title 18 U.S.C. § 3161(h), provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: . . . (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1).

Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Section 3161(h)(1)(H), for example, excludes time, not to exceed thirty days, for any proceeding "actually under advisement by the court." Several courts have held that this includes consideration of motions for judgment of acquittal pursuant to Federal Rule of

---

[2] In addition, counsel for Mr. Lovette has a long-planned family vacation from March 12, 2021 to March 19, 2021. The trip was fully-booked prior to the beginning of the first trial, is partially prepaid/non-refundable, and cannot be rescheduled because it occurs during his children's spring break from school. Mr. Lovette's counsel has been informed that his son's broken femur, which occurred during the middle of the last trial, will be fully healed by March 12 and that the injury will not impede this much-anticipated trip. This makes the spring break trip all the more meaningful to counsel for Mr. Lovette and his family.

3

Criminal Procedure 29. *See, e.g.*, *United States v. Tertrou*, 742 F.2d 538, 539 (9th Cir. 1984) ("The trial court erred in considering a motion for acquittal under Fed. R. Crim. P. 29 as a pre-trial motion. Rule 29, by its very terms, indicates that a motion for acquittal must be a post-trial motion. Thus, only the period that the motion is under advisement is excluded."); *United States v. Lovin*, 2009 WL 5173692, at *1 (S.D. Cal. Dec. 21, 2009) ("A Rule 29 motion for acquittal . . . is not a pretrial motion. As a result . . . the period during which such motion is under advisement is excluded."). Accordingly, the time spent litigating a motion for acquittal or other post-trial motions is excludable as "other proceedings concerning the defendant." *United States v. Salerno*, 108 F.3d 730, 736 (7th Cir. 1997) ("[C]ourts have discretion to determine the nature of those proceedings which fall within the 'other proceedings' language of that section" and the district court did not err in excluding 17 months in which co-defendants' complex post-trial and sentencing motions were under advisement (quotation omitted)); *see United States v. Kowal*, 486 F. Supp. 2d 923, 940 (N.D. Iowa 2007) (excluding the time "between the filing of Defendant's motions [for judgment of acquittal] and this order"); *United States v. Agostini*, 279 F. Supp. 2d 276, 277-78 (S.D.N.Y. 2003) (denying motion to dismiss on speedy trial grounds for time court spent considering motion for acquittal that defendant filed after "first trial was completed").

      Here, each Defendant moved for judgment of acquittal and all of those motions remain pending. Docs. 874-882, 884. As a result, the time to satisfy the Speedy Trial Act's 70-day trial requirement has not even begun to run as of the date of this filing, and it will not start running until the Court decides the pending motions or thirty days elapse after Defendants renewed their motions on December 6, 2021. But even if one were (incorrectly, in our view) to use the date that

the Court declared a mistrial as the starting point for the 70-day clock, the Court would only need to exclude 27 days to accommodate the calendars of all of Defendants' trial counsel.

The Speedy Trial Act excludes any period of delay "resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For a continuance to qualify as an excludable "ends-of-justice" continuance, certain prerequisites must be satisfied. First, the Court must consider the following factors listed in § 3161(h)(7)(B)(i), (ii), and (iv):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court must then set forth, on the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *See generally United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

Here, the Court already found that this case is complex, due, in part, to the amount of documentary material and other evidence. While there are some efficiencies attendant to retrying the case, other work must begin anew, including evaluating new discovery materials—the government produced voluminous materials during the first trial and the government may continue to make productions in the run-up to the retrial—assessing updates in and changes to the government's case against Defendants, formulating and executing new defense investigations, engaging with clients to discuss the case, preparing any necessary pretrial motions, and preparing for retrial.

Proceeding with the February 22, 2022, retrial would deprive several Defendants of continuity of counsel and would not allow sufficient time for any substitute counsel adequately to prepare for the retrial. Mr. Pollack, one of Mr. Blake's counsel, is currently scheduled to try a four-week trial (excluding jury deliberations) starting on January 24, 2022.[3] Mr. Tubach and Ms. Pletcher, two of Mr. Penn's counsel, have a four-week trial starting February 7, 2022.[4] The slight modification of the trial date to March 22, 2022, would allow each of these Defendants to have continuity of counsel with their chosen and experienced trial attorneys.

---

[3] Mr. Pollack's trial had been set for January 11, 2021 in *United States v. Fitzgerald et al.*, No. 17-cr-506 (TEJ) (D. Md.). Due to the high COVID-19 numbers in the District of Maryland as a result of the Omicron variant, on December 22, 2021, the Court issued standing order 21-15, which suspended all jury trials until at least January 24, 2022. The judge presiding over the trial has stated that the parties should, in the absence of a new standing order further suspending jury trials, be prepared to begin the trial on January 24, 2022, but has also indicated the Court may decide to continue the case.

[4] The case Mr. Tubach and Ms. Pletcher are trying on February 7, 2022, *In re Automobile Antitrust Cases I, II*, Nos. CJC-03-004298; CJC-03-004303 (Cal. Super. Ct.), is 18 years old and will take place in California state court. The presiding judge has made clear that she will not move the trial date, which she set long before the Court set the retrial for February 22, 2022, in this case.

Separately, from the perspective of the Defendants, the current COVID-19 pandemic and the Omicron variant continue to present significant and unique challenges to representation, including the ongoing inability, for the foreseeable future, to meet with Defendants in person, to conduct in-person interviews with potential witnesses, to engage in the active investigation of the case from any location other than counsel's homes and/or offices in a limited capacity, and to do other everyday tasks common to basic lawyering of criminal cases. Accordingly, actively preparing for retrial in this case is, at present, greatly hampered by the pandemic, and would make the substitution of any new trial counsel unworkable. While it is, of course, unknown, what the situation will be like in February, an ends of justice finding continuing the trial date for another month would also seem to increase the likelihood that the trial can proceed without interruptions as a result of participants in the trial being exposed to COVID or contracting the virus.

Accordingly, Defendants request the Court to make an additional "ends of justice" finding contemplated by Section 3161(h)(7)(A), excluding a maximum of 27 days from the speedy trial calculation, and reset the trial to March 22, 2022, the first date on which all of Defendants' counsel are available for trial.

In further support of this motion, the Defendants address the factors articulated in *United States v. West*, 828 F.2d 1468, 1449-70 (10th Cir. 1987). First, this is a document and data-intensive case and several Defendants' counsel—including counsel for Messrs. Blake and Penn—have previously-scheduled trials in February and March. Substitute counsel would not have adequate time to prepare for the retrial. The modest requested continuance will permit those Defendants continuity of counsel and would allow all Defendants to prepare for an efficient

7

retrial. Namely, each Defendant will have the trial counsel he selected and that represented him in the first trial; each Defendant will have an opportunity to diligently review the new discovery, determine what defenses their clients may have against the government's modified case-in-chief, conduct any necessary investigation, and file any necessary motions. Second, such a continuance will not inconvenience the parties or witnesses (especially in light of the pandemic), and allowing each Defendant to have his chosen counsel available for pretrial preparation and then trial would save judicial resources by ensuring a fair and efficient retrial of this matter. The government will not be prejudiced if the motion is granted—the one month continuance does not adversely affect any government interest. Third, without the requested continuance, the Defendants would be prejudiced because proceeding under the normal time limits and without their chosen trial counsel would deny all Defendants continuity of counsel and adequate time to prepare, taking into account the exercise of due diligence. Fourth, a delay of one month may decrease the likelihood of disruption of the trial as, hopefully, the effects of the Omicron variant will have lessened over time.

The public interest in a speedy trial is satisfied with a March 22, 2022, retrial in such a large and complex multi-defendant case involving tens of millions of documents. Such would be the case under normal circumstances, let alone when taking into account the challenges from the ongoing pandemic and the need to navigate a retrial in the midst of several other defense counsel trials.

Defense counsel have conferred with counsel for the government, and the government opposes any resetting of the trial date, irrespective of the Speedy Trial Act.

In sum, Defendants and their counsel respectfully assert that, given the Court's prior

finding that this case is complex, the failure to grant such a continuance in this case would deny several Defendants continuity of counsel and would deprive those Defendants of reasonable time necessary for effective preparation with any other counsel, taking into account the exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv). Defendants believe that, at most, an additional 27 days of excludable speedy trial time is required at this stage to permit each Defendant to have his trial counsel present and available for pretrial preparation and retrial.

## CONCLUSION

WHEREFORE, Defendants, by and through their respective counsel, respectfully request that the Court issue an Order: (1) vacating the trial and related dates set forth in this Court's prior Order (Doc. 925) and rescheduling the related dates based upon the new trial date; (2) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (3) excluding an additional 27 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i), (ii), and (iv).

Dated: December 29, 2021

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

9

<div style="columns:2">

s/ *Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com


s/ *Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com


s/ *James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com


s/ *Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com


s/ *Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com


s/ *Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com


s/ *Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com


s/ *Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

</div>

10

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: December 29, 2021

*s/ Michael F. Tubach*

Michael F. Tubach