IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

**UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF A MAXIMUM OF 27 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) AND (B)(i), (ii), and (iv)**

The government respectfully submits this brief in opposition to the defendants' motion to postpone trial from February 22, 2022, until March 22, 2022. ECF No. 926. Assuming the Speedy Trial Act clock is running, the public interest in re-trying this high-profile case as soon as possible is manifest—indeed, the Court expeditiously cleared its calendar for more than a month to accommodate a second lengthy and resource-intensive trial—and is not outweighed by the defendants' interest in continuity of counsel or in being able to prepare adequately due to the case's complexity.

The continuity-of-counsel arguments are red herrings. For defendant Blake, Mr. Pollack's federal trial in Maryland is scheduled to end before February 22. In the unlikely event that jury deliberations in that case spill over to the start of trial in this case, the government respectfully suggests his co-counsel, Ms. Johnson, is an experienced litigator who was heavily involved in the first trial and she is more-than capable of handling the first few days of the second trial while Mr. Pollack's other trial concludes. As for defendant Penn, Mr. Tubach and Ms. Pletcher have not explained why they *both* need to attend their California trial, especially considering that their client in that case—Ford Motor Company of Canada—appears to be represented by two additional lawyers from O'Melveny & Myers and four additional lawyers from Latham & Watkins. Moreover, it is not clear why a state civil matter should be prioritized over this important federal criminal trial.[1]

The defendants' argument that the complexity of the case merits additional delay is likewise meritless. Any claim the defendants once had that the complexity of the case warranted additional time is obviated by the fact that the case was already tried once after more than a full year of post-indictment preparation. The government's continuing investigation and resulting production of evidence changes nothing. The vast majority of the documents and data produced before and during trial was from electronic devices seized a defendant in another case, but the defendants offer no specifics as to the time

---

[1] As to the pre-planned family vacation of Mr. Fagg, defendant Lovette's counsel, the government does not object to him being excused from trial for that week. As with Ms. Johnson, Mr. McLoughlin is a seasoned litigator who was a zealous advocate for his client in the first trial, and the government therefore suggests he is capable of handling a week of trial in Mr. Fagg's absence.

2

needed to review and evaluate that material. Given the number of lawyers on the defense team—more than fifty—review and evaluation should not be particularly onerous.

For the reasons stated above, the government urges the Court to deny the defendants' motion and maintain the current trial date.

Dated: December 30, 2021          Respectfully submitted,

/s/ Michael T. Koenig
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*