**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

**UNITED STATES' MOTION FOR A PRE-TRIAL RULING ON AUTHENTICITY AND BUSINESS RECORDS**

The government respectfully moves the Court to rule that the documents authenticated in the first trial are authentic for purposes of the re-trial to begin on February 22, 2022, and that the business records for which witnesses have already laid a foundation are in fact business records. Such a ruling would streamline trial and avoid the heavy burden on witnesses traveling across the country during a pandemic for the second time.[1]

---

[1] The government sent a draft stipulation to the authenticity of the below categories of

In the alternative, the government requests that authentication testimony be conducted via a pre-trial hearing outside the presence of the jury to streamline trial and make efficient use of the jury's time.

## I.   LEGAL STANDARD

The Tenth Circuit has repeatedly instructed that the showing required under Rule 901—"evidence sufficient to support a finding that the item is what the proponent claims"—is a low bar. Fed. R. Evid. 901; *United States v. McDaniel*, 433 Fed. App'x 701, 704 (10th Cir. 2011).

The business records exception to hearsay is satisfied if a witness lays the proper foundation: that the record was made at or near the time, it was kept in the ordinary course of business, and making the record was that business's regular practice. Fed. R. Evid. 803(6).

Federal Rule of Evidence 104(a) dictates whether evidence is admissible, and generally requires the court decide preliminary questions of admissibility, including authenticity. Fed. R. Evid. 104(a). The rule prescribes that, "[i]n so deciding, the court is not bound by evidence rules, except those on privilege." *Id.*[2] "[T]he sufficiency of a showing of authenticity of a document sought to be introduced into evidence is a matter residing in the sound discretion of the trial judge." *United States v. Sutton*, 426 F.2d

---

documents to the defendants on January 29, 2022, but the defendants indicated that they would not stipulate to the authenticity of the categories of documents the government proposed. The defendants offered a counter proposal on February 2 that the government has taken under advisement.

[2] *See also* Notes of the Advisory Committee on Proposed Rules *Subdivision (a).* ("To the extent that…inquiries are factual, the judge acts as trier of fact.").

1202, 1207 (D.C. Cir. 1969) (*cited with approval by United States v. Ireland*, 456 F.2d 74, 76-77 (10th Cir. 1972). While it is ultimately up to the jury to resolve whether the evidence is in fact what the proponent claims it is, courts can and do rule pre-trial that a proponent has made a *prima facie* showing of authenticity without live witness testimony. *See, e.g.*, *United States v. Kilpatrick*, No. 10-20403, Opinion and Order Granting Government's Motion *in Limine* for Pretrial Determination of Authenticity of Evidence, 2012 WL 3236727, at (E.D. Mich. Aug. 7, 2012).[3]

## II.   AUTHENTICITY

The government has previously proved, and is prepared to prove again, there is overwhelming evidence that certain emails, email attachments, calendar invitations, and contracts described in this motion are in fact true and accurate copies of what the government purports them to be. In addition to custodian of records testimony, the government can demonstrate the documents are authentic based on their distinctive characteristics and the fact of their production in response to grand jury subpoenas.

---

[3] "Rule 901 does not require that evidence be authenticated by a witness, and a trial court may 'make a preliminary determination as to authentication [without witness testimony], admit the evidence conditionally under Rule 104(b), and then allow the jurors to be the final arbiters of whether the evidence was actually authenticated,' i.e., that the evidence was what the proponent maintained it to be." *United States v. Puttick*, 288 F. App'x 242, 246 (6th Cir. 2008) (*discussing United States v. Branch*, 970 F.2d 1368, 1371 (4th Cir. 1992)).

### A.  Custodian of Records Testimony

Fourteen witnesses testifying under oath authenticated the above categories of documents[4] in the first trial, and the government is prepared to elicit the same testimony again. The testimony, certified transcripts of which are attached to this motion as Attachments A-N, took at least two days during the first trial.

The testimony of the custodians of records was more than sufficient to establish a *prima facie* showing of authenticity of the documents at issue in this motion. Generally, custodians testified about the server systems used to save, store, and maintain electronic documents. They explained that those systems are monitored regularly and that they were not aware of any alterations that occurred. Many compared a physical copy of each exhibit with the original document saved on their employer's server, and concluded that to the best of their knowledge that the documents were true and accurate copies. *Id.* Custodians explained that metadata is automatically created linking attachments to their cover emails, and that servers save this information automatically. *See* Attachments A-M.

Since this Court already heard the custodian testimony outlined below and attached to this motion, and because it is within this Court's province to make

---

[4] The government refers to "categories of documents" throughout this motion because the government has added a relatively small number of documents to its exhibit list for the second trial that, while not on the custodial witnesses' first exhibit lists, are also emails, attachments, or calendar invitations produced in discovery by the same parties. Therefore, even if the custodial witness did not specifically review these documents in preparation for their prior testimony, the documents would have been stored, saved, and produced using the same systems and therefore their authenticity can be established using the same testimony. See Attachment DD for a chart reflecting the additional documents.

4

authenticity findings under Rules 901 and 104(a), the government respectfully requests that this Court exercise its discretion to rule that the government has overcome the low barrier to authenticity. *McDaniel*, 433 Fed. App'x at 704. The fact that the testimony was elicited in the first trial, not the upcoming trial, is of no consequence as this Court is not bound by the rules of evidence in determining authenticity under Rule 104(a) and is therefore able to consider evidence that is not admitted in this trial in its authenticity ruling. Fed. R. Evid. 104(a). Indeed, it is permissible for such testimony to be given outside the presence of the jury, which is essentially what the government is suggesting here. *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) (per curiam).

The following chart outlines categories of documents the government has already authenticated:

| Producing Party | Categories of Documents |
|---|---|
| Pilgrim's Pride | Emails, Attachments, Calendar Invitations, and Contracts [5] |
| Tyson Foods | Emails, Attachments, Calendar Invitations, and Contracts [6] |
| RSCS | Emails, Attachments, and Calendar Invitations [7] |

---

[5] Lumakar Challa (Attachment A: Cert. Tr. Oct. 28, 2021 at 136-161), Theodore Sangalis (Attachment B: Cert. Tr. Oct. 28, 2021 at 173-184), and Sean King (Attachment C: Cert. Tr. Oct. 28, 2021 at 161-173).
[6] Matthew Bunch (Attachment D: Cert. Tr. Oct. 28, 2021 at 35-51), Stephen Gresch (Attachment E: Cert. Tr. Oct. 28, 2021 at 63-81), Carolyn Sue Arens (Attachment F: Cert. Tr. Oct. 28, 2021 at 51-62), and Kenneth Oliver (Attachment CC: Cert. Tr. Nov. 3, 2021 at 1219-1226).
[7] William Kent (Attachment G: Cert Tr. Oct. 28 at 82-106).

| | |
|---|---|
| George's | Emails, Attachments, and Calendar Invitations [8] |
| Sysco | Emails and Attachments [9] |
| Koch Foods | Emails and Attachments [10] |
| Claxton Poultry | Emails, Attachments, Calendar Invitations, and Contracts [11] |
| Mar Jac Poultry | Emails and Attachments [12] |
| Documents Produced by Koch, Claxton, and Mar Jac to Lockridge Grindal Nauen PLLP, and Subsequently Produced to DOJ | Emails, Attachments, and Calendar Invitations [13] |

The government's requested ruling on authentication based in part on testimony given in a prior trial would not violate the Confrontation Clause, which is not implicated when the Court makes a preliminary authentication ruling under Rule 104. *See United States v. Matlock*, 415 U.S. 164, 174-75 (1974); *United States v. Morgan*, 505 F.3d 332, 339 (per curiam) (holding that the authentication of records using grand jury testimony during a preliminary hearing did not violate the Confrontation Clause because "*Crawford* [*v. Washington*, 541 U.S. 36 (2004)] does not apply to the foundational evidence

---

[8] Robert Hood (Attachment H:  Cert. Tr. Oct. 28, 2021 at 106-136).
[9] Robert Dawson (Attachment I:  Cert. Tr. Nov. 17, 2021 at 159-168).
[10] Stewart Ward (Attachment J:  Cert. Tr. Oct. 28, 2021 at 191-213).
[11] Gregory Finch (Attachment K:  Cert. Tr. Oct. 28, 2021 at 213-244).
[12] Larry Barela (Attachment L:  Cert Tr. Nov. 1, 2021 at 17-38).
[13] Simeon Morbey (Attachment M:  Cert. Tr. Nov. 1, 2021 at 38-82) and Anna Bieganowska (Attachment N:  Cert. Tr. Nov. 1, 2021 at 82-89).

authenticating business records in preliminary determinations of the admissibility of evidence.").

Further, the main objective of the Confrontation Clause is to guarantee that the factfinder—the Court in this case, for purpose of authenticity—has an adequate opportunity to assess the witness's credibility. *Berger v. California*, 393 U.S. 314, 315 (1969). The Tenth Circuit held that it is not a violation to admit prior testimony from a witness in one trial in the case's subsequent re-trial if the defense has had a prior opportunity to fully and fairly cross-examine them and the witness is unavailable. *Poe v. Turner*, 490 F.2d 329, 331 (10th Cir. 1974). Though the government cannot make a showing that its custodian witnesses are unavailable for the upcoming re-trial, the Court has already heard the extensive custodian testimony and therefore has had ample opportunity to assess each custodian witness's credibility.

### B. Production in Response to Grand Jury Subpoenas

Parties who respond to grand jury subpoenas requesting documents are incentivized to produce true and accurate copies of their records to the government, and therefore the fact of that document's production supports a finding of authenticity. District courts within the Tenth Circuit have relied on this principle in the civil context, finding that when electronically stored documents are produced in discovery, the fact of their production is one of several factors which establishes authenticity. *Ellis v. Hobbs Police Dept.*, 2020 WL 3101026, at *2 (D.N.M. June 11, 2020); *Gallegos v. Swift & Co.*,

7

237 F.R.D. 633, 641 (D. Colo. 2006).[14] The Tenth Circuit examined the question in a slightly different context,[15] but nonetheless found that when records were produced in response to an IRS summons, "their authentication [was] a foregone conclusion." *United States v. Clark*, 847 F.2d 1467, 1473-74 (10th Cir. 1988).[16]

      Here, the parties who produced the documents at issue were primarily the defendants' employers or former employers, except for the documents produced by RSCS and Sysco, which represent a much smaller quantity of documents. Nonetheless, all of the records the government seeks to authenticate were provided in response to various grand jury subpoenas by companies with legal representation. Given the criminal consequences of producing false documents in response to a federal grand jury subpoena, *see United States v. Cohen*, 202 F. Supp. 587, 589 (D. Conn. 1962) (denying a defendant's motion to dismiss an obstruction of justice charge for presenting false documents to a federal grand jury), such production is at least one factor to suggest the documents' authenticity, *Gallegos*, 237 F.R.D. at 641.

---

[14] One Court went further, finding per se authenticity. *Rippenkroeger v. Stillwater Central R.R.*, No. CIV-08-1148-F, 2009 WL 10673104, at *1 (W.D. Okla. Dec. 12, 2009).
[15] The *Clark* Court examined the question of whether the act of production of documents in response to an IRS summons was incriminating because the act of production authenticated those documents. *Id.*
[16] *See also Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389, 397 (D. Conn. 2008), aff'd, 587 F.3d 132 (2d Cir. 2009); *Nola Fine Art, Inc. v. Ducks Unlimited, Inc.*, 2015 U.S. Dist. LEXIS 17450 (E.D. La. Feb. 12, 2015) ("[Defendant] produced the email to plaintiffs in discovery and therefore cannot seriously dispute the email's authenticity.").

## C. Distinctive Characteristics

Courts have found that information in email headers, including but not limited to the names of certain individuals in the "To" and "From" fields, are distinctive characteristics that can be used to authenticate them. *United States v. Safavian*, 435 F. Supp. 2d 36, 39-40 (D.D.C. 2006) (explaining that the distinctive characteristics that can authenticate an email include email addresses which "contain the name of the person connected to the address" and "the name of the sender or recipient in the bodies of the e-mail, in the signature blocks at the end of the e-mail," or in the header information) (*cited with approval by United States v. Blechman*, 657 F.3d 1052, 1062 n.12 (10th Cir. 2011).

The following chart explains some of the distinctive characteristics which can be used to authenticate the documents in this case:

| Producing Party | Bates Stamp Prefix(es) | Domain Name(s) | Names and Email Addresses of Individual(s) in Header |
|---|---|---|---|
| Pilgrim's Pride[17] | PILGRIMS- PILGRIMS-DOJ- | @pilgrims.com @jbssa.com | Jayson Penn<br>Jayson.Penn@pilgrims.com<br>Bill Lovette<br>Bill.Lovette@pilgrims.com<br>Roger Austin<br>Roger.Austin@pilgrims.com |
| Tyson Foods[18] | TF- TY- | @tyson.com | Tim Mulrenin<br>Tim.Mulrenin@tyson.com |

---

[17] See Attachment O for a document containing the distinctive characteristics of documents produced by Pilgrim's Pride (GX-1705; PILGRIMS-0002567023).
[18] See Attachment P (GX-221; TY-000000101).

9

| | | | Brian Roberts Brian.Roberts@tyson.com |
|---|---|---|---|
| RSCS[19] | RSCS | @rscs.com @ufpc.com | Rich Eddington Rich.Eddington@rscs.com |
| George's[20] | GEO_ GEODOJ_ | @georgesinc.com | Ric Blake Ric.Blake@georgesinc.com |
| Sysco[21] | SYSCO- | @corp.sysco.com @sbs.sysco.com | Melissa Hoyt (maiden name Swain) Swain.Melissa@corp.sysco.com |
| Koch Foods[22] | KOCH_ KOCHFOODS- | @kochfoods.com | Bill Kantola Bilkan@kochfoods.com |
| Claxton Poultry[23] | CLA_ CLAXTON_ | @claxtonpoultry.com | Scott Brady Scott_Brady@claxtonpoultry.com Mikell Fries Mikell_Fries@claxtonpoultry.com |
| Mar Jac Poultry[24] | MJPoultry- MAR-JAC_ | @marjacpoultry.com | Kevin Grindle Kgrindle@marjacpoultry.com Greg Tench Gtench@marjacpoultry.com |
| Documents Produced by Koch, Claxton, | KOCH_ CLAXTON_ | @kochfoods.com | Bill Kantola Bilkan@kochfoods.com |

---

[19] See Attachment Q (GX-1921; RSCS018974).
[20] See Attachment R (GX-716; GEODOJ_0166818).
[21] See Attachment S (GX-841; SYSCO-00000304).
[22] See Attachment T (GX-9152; KOCH_0000055997).
[23] See Attachment U (GX-1500; CLA_0078000).
[24] See Attachment V (GX-6155; MAR-JAC_0000604476).

| and Mar Jac to Lockridge Grindal Nauen PLLP, and Subsequently Produced to DOJ[25] | MAR-JAC_ | @claxtonpoultry.com<br><br>@marjacpoultry.com | Scott Brady<br>Scott_Brady@claxtonpoultry.com<br>Mikell Fries<br>Mikell_Fries@claxtonpoultry.com |
|---|---|---|---|

As noted in the chart above, a multitude of distinctive characteristics of the emails, email attachments, calendar invitations, and contracts in the set of produced documents can be used to authenticate each subset of documents. For example, each document was produced to the government with a corresponding Bates stamp, unique identifiers that contain prefixes with shorter versions of each producing company's name to demonstrate the origin of each specific document. The vast majority of the emails and calendar invitations contain the domain name from which the email was sent and to which the email was sent, which reflects the individual's employer, and an individual's name is almost always, if not always, readily identifiable from his or her email address. These distinctive characteristics are particularly helpful in this case, where the vast majority of emails and calendar invitations were sent or received by an individual's work email address. Several custodial witnesses testified that their systems automatically create email addresses for employees based on the employee's name and the company's domain name.[26] In addition to emails and calendar invitations, email attachments and contracts contain references to the companies, such as their names or

---

[25] See Attachments W (GX-6131; KOCH_0001175647); X (GX-1703; CLAXTON_0012417), and Y (GX-6154; MAR-JAC_0000351121).
[26] See, e.g., Lumakar Challa (Attachment A: Cert. Tr. Oct. 28, 2021 at 136-161) and William Kent (Attachment G: Cert Tr. Oct. 28 at 82-106).

logos.

### III. JUDICIAL NOTICE OF BUSINESS RECORDS FOUNDATION

The Tenth Circuit allows Courts to take judicial notice of the Rule 803(6) foundation of the below business records, particularly with respect to records commonly viewed as trustworthy. Fed. R. Evid. 201; Fed. R. Evid. 803(6); *United States v. Samaniego*, 187 F.3d 1222, 1224 at n.1 (10th Cir. 1999); *see also Morgan*, 505 F.3d at 339 (holding that the authentication of records using grand jury testimony during a preliminary hearing did not violate the Confrontation Clause because "*Crawford* [*v. Washington*, 541 U.S. 36 (2004)] does not apply to the foundational evidence authenticating business records in preliminary determinations of the admissibility of evidence.").

The following chart outlines categories of documents for which the business record foundation has already been laid under Rule 803(6):

| Producing Party | Categories of Documents |
|---|---|
| Pilgrim's Pride | Sales contracts; bids, bid offers, and bid acceptances; 8K filings; and board meeting minutes[27] |
| AT&T Wireless | Toll Records[28] |

---

[27] Based on Rule 803(6) foundational testimony in the first trial from witness Theodore Sangalis (Attachment B: Cert. Tr. Oct. 28, 2021 at 173-184).
[28] Based on Rule 803(6) foundational testimony in the first trial from witness Philip Fanara (Attachment Z: Cert. Tr. Nov. 3, 2021 at 45-69).

| Verizon Wireless | Toll Records[29] |
|---|---|
| Claxton Poultry | Board meeting minutes and contract[30] |

Custodians of record have already laid the business record foundation of these documents in the first trial, and therefore cannot reasonably be questioned during the second trial. Fed. R. Evid. 201(b)(2). The government already supplied "the necessary information" establishing the business records foundation of the above categories of documents as Attachments B, Z, AA, and K to this motion, and therefore judicial efficiency counsels this Court to take judicial notice of such facts. Fed. R. Evid. 201(c)(2).[31]

### IV.   A PRE-TRIAL HEARING TO PRESENT AUTHENTICATION TESTIMONY OUTSIDE THE PRESENCE OF THE JURY

If the Court is not inclined to rule on the authenticity of the categories of documents described above, the government requests a pre-trial hearing to elicit authentication testimony outside the presence of the jury. Such a hearing would make

---

[29] Based on Rule 803(6) foundational testimony in the first trial from witness Melissa Sandoval (Attachment AA:  Cert. Tr. Oct. 27, 2021 at 229-238 and Oct. 28, 2021 at 31-35).
[30] Based on Rule 803(6) foundational testimony in the first trial from witness Greg Finch (Attachment K:  Cert. Tr. Oct. 28, 2021 at 618-622 and Oct. 28, 2021 at 624-625).
[31] In addition to the general judicial efficiency of taking notice of the 803(6) foundation of these records without a live witness, the government notes that Verizon Wireless employees are currently forbidden from traveling for testimony until further notice due to COVID-19. See Attachment BB:  Letter from Verizon Wireless to DOJ (Jan. 31, 2022) regarding travel by custodian witness Melissa Sandoval in *U.S. v. Penn*.

efficient use of the jury's time, streamline trial presentation for both parties, and would not prejudice the defendants.

## V. CONCLUSION

For the reasons stated above, the government's request for a pre-trial ruling on the authenticity of the certain documents described above, and the business record foundation of certain other documents described above, should be granted.

Dated: February 3, 2022        Respectfully submitted,

/s/ Michael T. Koenig
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*