IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS, and
10.    RICKIE PATTERSON BLAKE,

     Defendants.

---

## DEFENDANT ROGER AUSTIN'S TRIAL BRIEF

---

In accordance with the Court's Practice Standards, defendant Roger Austin submits the following trial brief concerning expected evidentiary issues.

### I.     Inappropriate Lay Opinion Testimony

The Department of Justice ("DOJ") should not be permitted to elicit lay opinion testimony that is not based on witnesses' first-hand knowledge or is expert testimony in disguise and therefore violates Rules 701 and 602. This could occur in several ways, all of which happened during the first trial.

Federal Rule of Evidence 701, governing "Opinion Testimony by Lay Witnesses," provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

DOJ should not be permitted to violate Rule 701 by asking witnesses, particularly Robert Bryant, to: speculate about matters on which they have no personal knowledge, offer inappropriate expert testimony, or even offer legal conclusions.

## A. Speculation

"The perception requirement [of Rule 701] stems from F.R.E. 602 which requires a lay witness to have first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact." *United States v. Hoffner*, 777 F.2d 1423, 1425-26 (10th Cir. 1985) (upholding exclusion of testimony by witnesses who did not overhear conversations between patients and doctor because "[t]heir opinions could not have been based on any concrete facts but amount only to speculative conclusions"); *see also* F.R.E. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). "In order for a lay opinion to be rationally based on the perception of the witness, the witness must have first hand knowledge of the events to which he is testifying." *United States v. Garcia*, 994 F.2d 1499, 1506 (10th Cir. 1993) (quotation omitted). "This requirement . . . permits a witness to testify to what he heard. . . ." *Id.* But "a witness can testify about something only if he or she has personal knowledge." *United States v. Tapaha*, 891 F.3d 900, 906 (10th Cir. 2018) (upholding exclusion of testimony about

another individual's state of mind during events that the witness did not recall). Together Rules

602 and 701 mean that "testimony is inadmissible when it is speculative." *Id.* at 906.

In the first trial, DOJ frequently asked Mr. Bryant to opine on his "understanding" of the

motivations of others or what others were doing, when he had no firsthand knowledge of the

events at issue. *See, e.g.,* Certified Transcript ("Tr."), Nov. 1, 2021, 739:15-16 ("[W]hat was

your understanding of why the competition gave prices to Pilgrim's?"); *id.* at 788:24-25 ("And

what was the purpose of sharing prices with competitors?"); *id.* at 805:10-11 ("[W]hat is your

understanding as to whether Pilgrim's and the other chicken suppliers in 2017 were competing

on price?"); *id.* at 824:14-15 ("And did you have an understanding of how the competitors on

this bid would use Pilgrim's information?"). Since Mr. Bryant's speculation about the

motivations of others and events that he was not a participant in are not "rationally based on [his]

perception," F.R.E. 701(a), any such testimony is inadmissible. *See also Garcia*, 994 F.2d at

1506 ("the witness must have first hand knowledge of the events to which he is testifying"

(quotation omitted)); F.R.E. 602. To be clear, while Mr. Bryant may  testify about his

understanding of the meaning of conversations in which he was a participant, *see, e.g.*, Tr., Nov.

1, 2021, 756:5-6 (Bryant asked about his understanding of why Mr. Stiller asked him to do

something); *see also Garcia*, 994 F.2d at 1507 (admitting testimony about the meaning of

another individual's use of the phrase "your old man"), DOJ may not go beyond asking Mr.

Bryant such questions and ask him about his "understanding" of events about which he has no

firsthand knowledge.

### B. Expert Testimony

Similarly, a lay witness may only offer "observations that are common enough and require a limited amount of expertise, if any." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quotation omitted). "The prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Id.* at 1214 (quotation omitted). But "[k]nowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701," *id.* at 1215, meaning that it cannot be offered as testimony except by a properly qualified expert witness. And testimony is unhelpful, and therefore inadmissible under Rule 701, if it simply tells the jury what result to reach. *United States v. Kearn*, 863 F.3d 1299, 1307-08 (10th Cir. 2017).

During the first trial, DOJ repeatedly tried to lay a foundation for Mr. Bryant's testimony by relying on his past employment experience. *See, e.g.,* Tr., Nov. 1, 2021, 803:18-19 (stating that basis for understanding is "[m]y prior experience with customers and the bid process and in consultation with those customers"); *id.* at 805:4 (basis for understanding is "my past experience in the bidding process"); *id.* at 894:4-5 (basis of understanding is having "been in some sales role probably from 2000"). But a lay witness may not offer opinions based on his prior employment experience. "[K]nowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701" meaning it cannot be the basis for lay witness testimony. *James River Ins. Co.*, 658 F.3d at 1215 (excluded testimony "based in

part on [the witness's] professional experience in real estate"); *see also Garcia v. City of Farmington*, 715 F. App'x 810, 812-13 (10th Cir. 2017) (excluded testimony by plaintiff power-plant worker about boiler operation).

### C.  Legal Conclusions

At the extreme end of the spectrum, DOJ may once again ask Mr. Bryant to testify concerning "price-fixing." It is of course improper to ask a lay witness to testify as to whether there was "price-fixing," a legal conclusion on which the jury is instructed and an issue that the jury will be asked to decide. *See* Tr., Nov. 1, 2021, 763:7-764:8 (Court sustaining objections to DOJ question about whether a defendant participated in "price-fixing activity"). Opining that there was "price-fixing" requires specialized legal knowledge and is thus impermissible testimony for a lay witness. F.R.E. 701(c). And DOJ should not be allowed to use Mr. Bryant's plea agreement as a back-door way of introducing the phrase, as it did in the first trial. *See, e.g.*, Tr., Nov. 1, 2021, 761:20-22.

Dated:  February 15, 2022

Respectfully submitted,

<u>s/ Michael S. Feldberg</u>
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2022, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

<u>s/ *Michael S. Feldberg*</u>

Michael S. Feldberg

6