IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br>1.  JAYSON JEFFREY PENN,<br>2.  MIKELL REEVE FRIES,<br>3.  SCOTT JAMES BRADY,<br>4.  ROGER BORN AUSTIN,<br>5.  TIMOTHY R. MULRENIN,<br>6.  WILLIAM VINCENT KANTOLA,<br>7.  JIMMIE LEE LITTLE,<br>8.  WILLIAM WADE LOVETTE,<br>9.  GARY BRIAN ROBERTS, and<br>10. RICKIE PATTERSON BLAKE,<br><br>  Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT MOTION TO PREVENT GOVERNMENT WITNESS FLORENCE BECKER FROM AUTHENTICATING PETE MARTIN'S HANDWRITING BASED ON FAMILIARITY LEARNED AT TRIAL**

Defendants, by and through undersigned counsel, move this Court to prevent the government from showing its witness Florence Becker irrelevant documents in an attempt to prime her to testify that the handwriting in GX 1030 is that of her former supervisor, Pete Martin. That tactic violates Federal Rules of Evidence 901(b)(2) and 701, prejudices Defendants, and should be rejected. The Court should limit Ms. Becker's testimony to the single document for which her testimony is relevant: GX 1030.

As the government indicated to defense counsel on February 22, 2022, it intends to present eleven exhibits in connection with its examination of Ms. Becker, Mr. Martin's former secretary. Ex. A. Only one has anything to do with this case: GX 1030. The other ten exhibits—

1

GX 9135, GX 9136, GX 9138, GX 9897, GX 9898, GX 9899, GX 9900, GX 9901, GX 9902, GX 9904, and GX 9905—are irrelevant. The government said as much in its motion to depose Ms. Becker before trial: Ms. Becker's "testimony is relevant to the authenticity of a single, one-page document: GX 1030 written by coconspirator Pete Martin of Mar Jac poultry." Doc. 942 at 2. However, Ms. Becker apparently has continued to decline to be interviewed by the government prior to her testimony. The government therefore intends to show Ms. Becker ten irrelevant documents—all but three of which contain Mr. Martin's name—in an apparent effort to make it more likely that she will testify that the handwritten notes in GX 1030 (which does not have Mr. Martin's name on it) were written by Mr. Martin. The Court should bar that ploy.

Rule 901(b)(2) bars a witness from testifying that handwriting is genuine on the basis of familiarity acquired for the current litigation. Fed. R. Evid. 901(b)(2) (noting that authenticating testimony on handwriting is permissible only to the extent it is based on "familiarity with it that was *not* acquired for the current litigation" (emphasis added)). That rule operates "in tandem" with Rule 701, which provides that "lay opinion testimony is not admissible unless it would be helpful to the jury." *United States v. Iriele*, 977 F.3d 1155, 1168 (11th Cir. 2020). A lay witness "who becomes familiar with . . . handwriting for the purpose of identifying it at trial" offers no help at all. *Id*. (internal quotations omitted).

A lay witness "becomes familiar with someone's handwriting 'for the current litigation'" when she learns the handwriting "solely for the purpose of identifying it at trial." *Id*. at 1166. A lay witness therefore cannot "enter court, see for the first time two samples of handwriting, and identify the contested sample as written by the same person as the previously authenticated sample." *Id*. at 1167 (internal quotations omitted). Nor can a lay witness authenticate

2

handwriting at trial if she "compared the two samples for that purpose before entering the courtroom." *Id*. (internal quotations and alterations omitted); *see United States v. Pitts*, 569 F.2d 343, 348 (5th Cir. 1978) ("Such one-shot comparisons made for the purposes of the litigation lack the extent of familiarity contemplated by 901(b)(2).").

The Court should prevent any gamesmanship here. If Ms. Becker no longer remembers her former supervisor's handwriting, the government should not be permitted to flood her with otherwise irrelevant exhibits that contain Mr. Martin's name so that she "becomes familiar" with his handwriting during trial. *See Iriele*, 977 F.3d at 1166. That defies both the spirit and letter of the authentication rule. Allowing the government to prime Ms. Becker with a series of irrelevant documents containing Mr. Martin's name is tantamount to providing her with handwriting samples ahead of trial—it would allow Ms. Becker to improperly authenticate GX 1030 based solely on familiarity learned "for the current litigation." *See id.*

As the government indicated in an earlier filing, Ms. Becker has retired from her position at Mar Jac Poultry. Even if she was once familiar with Mr. Martin's handwriting, she may no longer be able to recognize it. And if she cannot offer her opinion as to the authenticity of the handwriting in GX 1030 without priming, her opinion lacks a rational basis for admission and is inadmissible. *See United States v. Samet*, 466 F.3d 251, 256 (2d Cir. 2006) (affirming decision to strike authentication testimony about handwriting that could not be given "without the aid of known examples"). The Court should hold the government to its position that Ms. Becker's testimony "is relevant to the authenticity of a single, one-page document: GX 1030," Doc. 942 at 2, and prevent it from questioning her about a series irrelevant documents for the improper purpose of priming her to conclude that the handwriting in GX 1030 is Mr. Martin's.

Dated:  February 23, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

5

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  February 23, 2022

*s/ Michael F. Tubach*
Michael F. Tubach