IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>1.    JAYSON JEFFREY PENN,<br>2.    MIKELL REEVE FRIES,<br>3.    SCOTT JAMES BRADY,<br>4.    ROGER BORN AUSTIN,<br>5.    TIMOTHY R. MULRENIN,<br>6.    WILLIAM VINCENT KANTOLA,<br>7.    JIMMIE LEE LITTLE,<br>8.    WILLIAM WADE LOVETTE,<br>9.    GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>    Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS' RENEWED MOTION TO EXCLUDE THE GOVERNMENT'S
"SUMMARY" EXHIBITS**

Defendants, by and through undersigned counsel, respectfully submit this Renewed Motion to Exclude the Government's "Summary" Exhibits.

Nearly four weeks after the government's January 14 deadline to provide "[a]ny new exhibits … to the defendants," Doc. 925 at 2, it first disclosed dozens of new and revised "summary" exhibits at the February 10, 2022, pretrial conference. The collection contained (i) previously admitted "summary" exhibits to which the government has added documents it has no good-faith basis to believe are related to the other materials summarized in the exhibit; (ii) material and argumentative alterations to other previously-admitted exhibits; (iii) exhibits the Court previously excluded; and (iv) entirely new "summary" exhibits, including some that do not appear on any of the government's exhibit lists. The government purported to "summarize" all of

1

its changes to the charts in a February 13, 2022, email, but failed to disclose many of these additions and revisions to Defendants.

On February 18, 2022, Defendants filed a motion to exclude these new and revised exhibits as untimely, improperly argumentative, and misleading. *See* Doc. 1081. The government sent Defendants further revised "summary" exhibits on February 21, 2022, at 11:48 PM MST (hours before trial was set to begin), and yet again on February 24, 2022, at 1:06 PM MST (two days after trial began). The Court heard argument on Defendants' motion on February 24 and ruled that only revisions as of February 10 would be considered timely. It further ruled that the government should remove GX 3037 from GX 14-1. Tr. at 220:6-224:5 (Feb. 24, 2022).[1] The Court did not address Defendants' other arguments. The government agreed to file no later than February 25, 2022, final versions of its "summary" exhibits reflecting the versions provided to Defendants on February 10, subject to the Court's interim rulings on the admissibility of exhibits "summarized" in the charts. Tr. at 226:10-22 (Feb. 24, 2022). The government also agreed to renumber the new and revised "summary" exhibits in order to clarify the record in the event of an appeal. Tr. at 227:15-228:11 (Feb. 24, 2022).

Unfortunately, the government has not adhered to the Court's orders or its own commitments. It has made substantive changes to the content of its "summary" exhibits, and it failed to disclose many of those changes. The government's desperate attempts to sidestep unequivocal Court orders, to unduly prejudice Defendants with a whack-a-mole approach that requires Defendants repeatedly to review and object to ever-shifting "summaries" on short

---

[1] Defendants cite to the draft transcript because they do not have a certified copy of the trial transcript. In light of its draft status, Defendants defer to the Court's recollection to the extent it differs in any way from the draft transcript.

notice, and to mislead the jury with argumentative, cherry-picked excerpts cannot continue. In this motion, Defendants discuss and object to the purportedly final set "summary" exhibits the government filed on February 25, 2022—addressing both the latest changes made after February 10 and the changes made before February 10 that the Court has not yet addressed. Docs. 1102, 1102-1, and 1102-2. For appellate preservation purposes, Defendants also reassert previous objections the Court rejected.[2]

## LEGAL STANDARD

Federal Rule of Evidence 1006 permits the use of summary exhibits "to prove the content of voluminous writings . . . that cannot be conveniently examined in court." For purposes of Rule 1006, underlying evidence is voluminous when it would be "difficult" for the jury to comprehend without summarization. *United States v. Hemphill*, 514 F.3d 1350, 1358 (D.C. Cir. 2008); *see United States v. Bray*, 139 F.3d 1104, 1109 (6th Cir. 1998). Rule 1006 summaries must be based on admissible evidence, *United States v. Channon*, 881 F.3d 806, 810 (10th Cir. 2018), and must reflect only contents of the evidence summarized, *State Office Sys., Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843, 845-46 (10th Cir. 1985) (summaries that go beyond "simple compilation" of records impermissible). The summaries should not "embellish[]" or "annotate[]" the evidence summarized, "whether in the form of labels, captions, highlighting techniques, or otherwise." *Bray*, 139 F.3d at 1110. And the witness who prepared the summaries should be subject to cross examination. *United States v. Hawkins*, 796 F.3d 843, 865 (8th Cir. 2015).

Federal Rule of Evidence 611(a) permits the introduction of summary evidence otherwise

---

[2] The government's February 25, 2022, filing did not include exhibits GX 16-1 and GX 20-1. *See* Docs. 1102-1, 1102-2. Accordingly, those "summaries" are no longer at issue and Defendants do not substantively address them here.

inadmissible under Rule 1006 only when the summary will "aid[] the jury in ascertaining the truth" and its admission will not unduly prejudice defendants. *United States v. Ray*, 370 F.3d 1039, 1046-47 (10th Cir. 2004), *vacated on other grounds*, 543 U.S. 1109 (2005) (quotation omitted); *see United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013).

## ARGUMENT

**I.  THE GOVERNMENT CONTINUES TO SUBSTANTIVELY REVISE ITS "SUMMARY" EXHIBITS IN VIOLATION OF THE COURT'S ORDERS.**

**A.  The Government's Continued Substantive Revisions—Several of Which Were Never Disclosed—Are Untimely and Prejudicial.**

Even after the Court ordered the government to file its February 10 "summary" exhibits as final versions, the government continued to make substantive revisions to the exhibits, some of which it did not disclose to the Court or Defendants in its filing. Doc. 1102. These changes are untimely and underline graver problems with the government's sleight-of-hand "summaries"—they are constantly shifting to prevent easy review, they attempt to sneak in inadmissible or unrelated and prejudicial evidence, and they present cherry-picked excerpts that are, under any reasonable standard, argument. They are inappropriate and should be excluded. This section discusses the changes identified in Defendants' February 18 filing (Doc. 1081) that the Court has not yet addressed, as well as the government's post-February 10 changes.

*GX 1.* Following the first trial, the government revised what is now GX 1 to add entries for GX 113 and GX 118, and to add a subject line to the email excerpted from GX 120. These revisions should be excluded as untimely because the underlying exhibits were known to the government and in its possession prior to the first trial, and the government offers no basis for failing to include these exhibits on the (repeatedly revised) summary charts offered at the first trial.

4

***GX 2.*** The government revised what is now GX 2 to include an excerpt from GX 219, a December 24, 2013, email between Jimmie Little, Robbie Bryant, and Jason McGuire. The government also added an exchange between Carl Pepper and Dean Bradley (GX 230, GX 232, GX 234) that was not admitted at the first trial and did not appear on the government's *James* log. Doc. 380-4. These revisions should be excluded as untimely because the government has not offered any reason for failing to include these exhibits on the summary charts offered at the first trial. Moreover, because GX 230, GX 232, and GX 234 were not admitted at the first trial and the Court has not ruled them preliminarily admissible under Rule 801(d)(2)(E), the government has not met its burden of showing that the materials summarized in these exhibits are admissible. *See United States v. Irvin*, 682 F.3d 1254, 1262 (10th Cir. 2012) (proponent of summary materials must establish that the materials summarized are admissible).

After February 10, the government continued to modify GX 2. It changed the title of the excerpts from GX 230 and GX 232 from "Church's Pricing 2014.xlsx" to "Church's Pricing February 2014.xlsx." This change should be rejected as untimely.

***GX 3.*** Following the first trial, the government modified what is now GX 3 to include an entry for GX 330, an April 1, 2014, email chain between Searcy Wildes and Kevin Ilardi at Perdue. Although the Court ruled this document preliminarily admissible under Rule 801(d)(2)(E), Doc. 559 at 27, Defendants have raised additional objections to the document's admissibility at retrial. *See* Doc. 945-1. Because this exhibit was not admitted at the first trial, the government has not met its burden of showing that the materials summarized in these exhibits are admissible. *See Irvin*, 682 F.3d at 1262.

***GX 5.*** The government's list of changes to what is now GX 5 states that it "updated" the

excerpt for GX 500, although the government does not provide any specificity. Doc. 1102 at 2. Defendants have attempted to discern the changes, but have been unable to identify them. To the extent the government intends to change the excerpts from those used at the first trial, the revision should be rejected as untimely. In addition, the government changed the time stamp for the excerpt from GX 566, an October 3, 2014 email from Jimmie Little to Joe Brink, from 9:16 AM ET to 10:16 AM ET. This revision indicates that the prior version of this exhibit, admitted at the first trial, incorrectly listed the time of this communication.  The government also added entries for GX 559 and GX 9740, without explanation even though the government had those documents in its possession during the first trial.

*GX 10.* Following the first trial, the government modified what is now GX 10 to add additional calls on August 7 and 11, 2014 (GX 9645), and entries for GX 559, GX 1135, GX 8004, GX 8058, GX 9703, and GX 1175. In its February 13 email, the government did not disclose that the additional calls on August 7, 2014, between Jimmie Little and Bill Kantola came from an exhibit not included on the previously admitted chart and not disclosed as an addition (GX 9645); nor did it disclose the addition of an excerpt from an August 14, 2014, email between Roger Austin and Jimmie Little in which Mr. Austin writes, "I would hesitate to give any numbers until w[e] have this KFC deal ironed out." (GX 559). The government has not justified the addition of these entries in light of the fact that the underlying evidence was known to the government and in its possession prior to the first trial.

Since February 10, the government further revised GX 10 to add (1) GX 8058 as a source exhibit for the August 11, 2014, 3:19 PM ET call from Tim Mulrenin to Brian Roberts; and (2) time zones to the 3:19 PM, 3:39 PM, and 3:47 PM calls on August 11, 2014. These additions

6

were not included on the versions of this exhibit provided to Defendants on February 10 and should be rejected as untimely. In particular, the government's failure to include the appropriate limiting instruction for GX 559 until after the February 10 deadline represents an additional and independent reason to reject the addition of GX 559 to GX 10.[3]

**GX 12.** The version of GX 12 the government provided defendants on February 10, 2022 (formerly GX 10-3) contained excerpts from GX 1256. GX 12 no longer contains those excerpts or any other reference to GX 1256, even though the government's table listing changes to GX 12 indicates that it *added* GX 1256. The Court denied the government's motion to add GX 1256 to its supplemental *James* log because the document was available to the government at the time of the *James* hearing. Doc. 1050 at 6-7 (denying motion as to entry 18-S). Defendants submit that the reference to GX 1256 should be included in the "summary" as it was on the version the government provided on February 10, although the reference to GX 1256 should include a notation that it is not admissible against all Defendants.

**GX 15.** After February 10, the government revised what is now GX 15 by modifying excerpts from GX 1583 and GX 1584, a November 13, 2012, email from Roger Austin to Mark Oeschli. The excerpt included on the version provided on February 10 related to "non-inject wings," and the version filed on February 25 includes a line for "injected dark meat" and omits the words "non-inject wings." In addition, the government also revised the excerpt from GX 1500 and GX 1501, a November 14, 2012, email from Scott Brady to Mark Oechsli. The version provided Defendants on February 10 contained only the email's subject line, whereas the version

---

[3] The Court ruled that GX 559 was subject to a limiting instruction on February 9, 2022. *See* Doc. 1031-1 at 24.

filed on February 25 contains an additional excerpt from the email. These revisions, which were not disclosed to Defendants or the Court, should be rejected.[4]

*GX 16.* After the first trial, the government modified what is now GX 16 by adding (1) an entry for GX 1403 and GX 1404, a December 3, 2012, email with Claxton COB pricing from Scott Brady to Mark Oeschli and Mike Ledford at RSCS; and (2) GX 1722, a January 29, 2013, email chain between Roger Austin and Jayson Penn regarding dark meat pricing. In addition to lacking justification for inserting documents in the government's possession at the first trial, Doc. 1050 at 6-7, the additions of GX 1722 is misleading and argumentative. Indeed, GX 1722 is entirely unrelated to the other materials "summarized" in the chart. The other entries are all dated between November 28 and December 3, 2012. GX 1722, however, is dated nearly two months after the preceding entry in the chart (GX 1403 and GX 1404) and clearly is not connected in any way to the preceding entries. The email references Case, a company not referenced in any other entries on the chart. Moreover, the face of the email exchange demonstrates not only that Mr. Austin did not know the final bid submissions for other companies, but also that any information he may have received would have been shared *after* bids were submitted. The government's attempt to shoehorn GX 1722 into a "summary" of unrelated communications from nearly two months prior amounts to improper argument that exceeds the bounds of permissible uses of summary evidence. *See Bray*, 139 F.3d at 1110.

In addition, Defendants' records indicate that GX 1404—which the government added after the first trial—was not admitted at the first trial. Defendants object to the addition of any

---

[4] Two entries on what is now GX 15 should be excluded because the underlying exhibits (GX 1519, GX 1521, and GX 1521-1) are not admissible. Because the issues regarding those exhibits are unrelated, they will be addressed separately.

evidence in the government's possession at the first trial, especially when that evidence was not admitted at the first trial. *See Irvin*, 682 F.3d at 1262.

**GX 17.** Following the first trial, the government revised what is now GX 17 to add an entry for GX 1713, an exhibit the Court specifically ruled had to be removed from the same chart at the first trial. *See* Trial Tr. 4014:17-4020:4 (Nov. 23, 2021). The government offers no basis for this addition, which flouts the Court's prior ruling.

After February 10, the government revised entries for GX 9722 that were previously listed as calls between Scott Brady and Jimmie Little at 12:26 PM and 12:42 PM on November 1, 2013 to reflect "SMS Messages."[5] These entries, however, do not identify the content of any such messages. Without the content of those communications, there is no way for anyone to know whether they have any potential relevance to the conduct alleged in the indictment, and Defendants are unable to challenge that relevance. These entries should be excluded, and any attempt by the government to further revise these entries should be rejected as untimely.

**GX 18**. After February 10, the government modified GX 18 to swap purported underlying evidence for other evidence that it prefers by replacing a citation to "Fisher Testimony" with F-852. It offers no explanation for this change. It merely "urges" the Court to allow it to make yet another modification to present its preferred narrative. Because the change is untimely and the government offers no basis for the change, the Court should reject it.

***Additional changes to time stamps.*** The government modified what is now GX 7 to change the time stamps of two texts between Carl Pepper and Tim Mulrenin: the government

---

[5] The government disclosed these changes only as "[u]pdate[s]" to the "excerpt for GX 9722."

changed GX 757 from 11:34 AM ET to 11:44 AM ET, and GX 751 from 5:49 PM ET to 1:49 PM ET.[6] The government modified what is now GX 14 to change the time stamp for GX 1524, an October 10, 2012, email from Roger Austin to Mark Oechsli, from 3:54 PM ET to 3:25 PM ET. The government modified what is now GX 16 to change the time stamp for GX 1538, a November 29, 2012, email from Scott Tucker to Roger Austin, from 2:21 PM ET to 2:31 PM ET. These changes are not mere time zone updates, and underlying information was available to the government well before the first trial. In addition to being untimely, these changes highlight the unreliable nature of the government's "summary" exhibits—the government offers no explanation for these modifications, particularly in light of the testimony of Ms. Evans at the first trial that all of the entries were checked for accuracy.

*Color-coding.* The government also continues to revise the "color-coding" of communications on its "summary" exhibits. Between February 10 and February 25, the government changed the color of communications on what are now GX 3 (changed entries for GX 355 from orange to red), GX 5 (changed 12:26 PM ET entry for GX 587 from orange to blue), and GX 7 (changed September 6, 2017 phone call from Carl Pepper to Tim Mulrenin from blue to red; changed September 7, 2017 11:47 AM entry from red to blue). In addition to objecting to the argumentative color scheme on all the government's "summary "exhibits, Defendants object to these revisions as untimely.

B.   **The Government Revised the Limiting Instructions.**

The government revised the limiting instructions included in GX 1, GX 2, GX 4, GX 5, GX 7, GX 11, GX 12, and GX 18. For example, the limiting instruction for GX 120 on the

---

[6] The government disclosed these changes only as "[t]ime zones entered" for the relevant exhibits.

February 10 version of GX 1-1 read: "Statements in this exhibit by Mr. Bradley are admitted not for the truth of the matter asserted, but only for the effect that his statements might have on the listener." On GX 1, filed on February 25, the limiting instruction for the same exhibit now reads: "Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener." The government made the similar revisions to the other exhibits listed above. While Defendants recognize that the revised instructions are taken from the Court's rulings on the government's exhibits without a sponsoring witness, *see* Doc. 1031, the revised instructions are less clear and complete than the prior versions. Specifically, the revised instructions no longer make clear that the instruction applies to the *entire* underlying exhibit and not just the excerpted portion. Defendants object to the revised limiting instructions.

        **C.**    **The Government Continues to Evade the Court's Order Requiring Pretrial Disclosure of Summary Exhibits.**

Despite the Court's repeated orders that the government provide Defendants with its summary exhibits before trial, on Saturday, February 26, government counsel sent to defense counsel eight "recently marked government exhibits" that "may be used on direct examination with witnesses" the government anticipates calling as soon as Monday. *See* Ex. A. Four of these exhibits—GX 9985, GX 9986, GX 9987, and GX 9988—are similar to the government's summary exhibits except that they contain no "color-coding." Three of these exhibits appear to be partial excerpts of other "summary" exhibits (GX 9986 appears to contain an excerpt from GX 7, GX 9987 appears to contain an excerpt from GX 1, and GX 9988 appears to contain an excerpt from GX 2). The last document (GX 9985) appears to be an entirely new "summary." *See* Ex. A (including GX 9985, GX 9986, GX 9987, and GX 9988).

This late disclosure represents yet another instance of the government's repeated efforts

11

to circumvent the Court's deadlines for summary exhibits. Indeed, the government offers no explanation for its failure to provide Defendants with these "recently marked" exhibits by the Court's January 14 deadline, let alone in its subsequent February 10 and February 25 disclosures. The government's repeated flouting of the Court's deadlines for disclosure of new government exhibits greatly prejudices Defendants' abilities to prepare for trial. These exhibits should be excluded as untimely.

## II. THE GOVERNMENT'S REVISIONS TO ITS "SUMMARY" EXHIBITS ARE UNTIMELY AND ARGUMENTATIVE.

Because the government's renumbered and revised summary exhibits constitute new exhibits, Defendants reassert for appellate preservation purposes objections that the Court recently rejected.

### A. All of The New Exhibits Are Untimely.[7]

Contrary to the government's suggestion at the February 24, 2022, hearing that the January 14 deadline applied equally to Defendants, the Court's order unambiguously set forth a deadline by which "the *government* shall identify any exhibits it anticipates introducing without a witness testifying about the document. Any new exhibits shall be provided at that time *to the defendants*." *See* Doc. 925 at 2 (emphasis added). Each of the new and revised "summary" exhibits is untimely and should be excluded on that basis alone. Separately, each of the underlying documents the government tries to "summarize" for the first time was available to the government and in its possession at the first trial. The government offers no explanation for its failure to include these documents in the original "summary" exhibits despite numerous revisions

---

[7] Defendants acknowledge that the Court ruled it would consider timely the "summary" exhibits filed by the government on February 25, 2022. Tr. at 225:10-12 (Feb. 24, 2022).

12

throughout the course of the first trial. There is no basis to excuse the government's lack of diligence. *See* Doc. 1081 at 3-4.

Finally, in its Notice of Summary Exhibits, the government requested a March 4, 2022, deadline for any defense summary exhibits. Defendants object to this request. The Court, not the government, sets the deadline for parties to file exhibits, and the government has repeatedly missed Court-set deadlines with respect to its own "summary" exhibits. The government's case-in-chief is expected to continue well past March 4, and the government offers no basis to require Defendants to preview their own cases-in-chief at such an early time before Defendants have knowledge of the government's case and time to respond. Defendants propose to provide defense summary exhibits, if any, forty-eight hours before any defense summary witness, through whom those summary exhibits would be admitted, is scheduled to testify.

### B. The Government's Revised Highlighting Scheme is Unduly Prejudicial and Clearly Seeks to Convey Argumentative Meaning to the Jury.[8]

The government's new "summary" exhibits drop all artifice about the purpose of and argumentative intent behind their highlighting. The government now highlights all purportedly conspiratorial communications—regardless of the method of communication or whether the communication is between colleagues at the same company or another supplier—in colors commonly associated with warnings, errors, danger, or other wrongdoing.

The government contends that the communications are shaded in "pink," rather than red. *See* Doc. 1088 at 10. But the colors speak for themselves and the unmistakable meaning behind the use of red-hued highlighting is that those communications are unlawful. The government's

---

[8] Defendants acknowledge that the Court overruled this objection with respect to the "summary" exhibits the government disclosed on February 10. *See* Tr. at 223:24-224:5 (Feb. 24, 2022).

13

approach is argumentative and misleading, and involves the type of "highlighting techniques" that go well beyond the accurate and non-prejudicial summaries required under Rules 611 and 1006. *See* Doc. 1081 at 5-7.

## CONCLUSION

For these reasons, the Court should exclude the government's "summary" exhibits. Defendants also respectfully reiterate their request that the Court prohibit further revisions to the government's "summary" exhibits, and Defendants reserve the right to challenge future revisions as untimely or substantively improper.[9]

Dated: February 27, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

---

[9] In Doc. 1081, Defendants objected to the dozens of "summary" exhibits on the government's exhibit list that the government has never produced to Defendants. *See* Doc. 1081 at 12-13. Defendants now understand that the government does not intend to offer these exhibits at trial. *See* Doc. 1088 at 3. In the event the government attempts to backtrack—as it did in its February 26, 2022, email including new exhibits in the vein of "summaries," *see* Ex. A—the Court should exclude all undisclosed exhibits pursuant to its ruling retroactively setting February 10 as the deadline for changes and additions to the government's "summary" exhibits. *See* Tr. at 223:24-224:5 (Feb. 24, 2022).

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach