IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

     Defendants.

## UNITED STATES' NOTICE REGARDING REDACTIONS

Outside the presence of the jury, the Court indicated on February 28, 2022 that the government should endeavor to redact notations regarding confidentiality in each exhibit. The government files this notice to explain that the defendants' request is untimely, and that the government has no ability to perform an automatic redaction of its almost 1,000 exhibits en masse. To redact manually, without error and within a reasonable time frame, would be extremely onerous with minimal (if any) benefit.

\* \* \*

As part of the litigation process, the government received documents with designations of confidentiality (notations stating "CONFIDENTIAL" or the like) pursuant to the Court's protective order.  In the first trial, the defendants raised concerns that any confidentiality notation on government exhibits could mislead jurors (presumably into thinking that any information contained within the document should not have been shared with other suppliers), but the Court ruled in the government's favor that redactions were not needed.  In so ruling, the Court appreciated that confidentiality notations were "ubiquitous" in the exhibits and that "it may not be practical for every document" to be redacted. C. Tr. at 4479:22 - 4480:10 (Dec. 6, 2021); see also id. at 4480:21-4481:12.

This morning, during the re-trial and after argument by defense counsel, the Court suggested that the government could try to redact all confidentiality notations in its exhibits, although the Court also recognized possible practical difficulties.[1] The government, however, cannot locate any filings in which the defendants raised this point during the months between the prior trial and this trial—including by the deadline for motions in limine.[2]  The defendants raised the point in Court only this morning, with knowledge that it would be extremely time-consuming for the government to make the proposed redactions, based on what the defendants knew to be the government's

---

[1] The Court further mentioned that, in the time between the prior trial and the current one, the government could have completed redactions. The government did not remove notations between trials, however, believing the Court's prior ruling governed.
[2] During the pre-trial conference, counsel for defendant Penn acknowledged that the parties were not operating on a "clean slate" as it pertains to redactions of certain confidentiality designations; counsel further suggested that prior rulings related to confidentiality should still apply.  R. Tr. Feb. 10, 2022 (Pre-Trial Conf.) at 68:21-69:3.

arguments in the prior trial. Because the issue was not raised by defendants by the deadline for motions in limine, it is untimely.

In addition, as in the prior trial, it remains onerous for the government to remove the confidentiality designation on each of its nearly 1,000 exhibits—many of which span multiple pages, each page of which contains a separate confidentiality designation. Moreover, the notation appears at different parts on each document—at times with different alignment (left, right, or centered) and at other times at the bottom or the top of the page.  To remove these notations would require a team of government paralegals to go through each page of the exhibits in this case and manually redact them.

There is also simply no undue prejudice to the defendants if the government were to introduce exhibits with the confidentiality designations (as they were produced). Any prejudice from the notation is minimal because it appears on almost every document and is hence innocuous, compared to if it were emphasized on only select documents. And, to the extent there is any prejudice, it can be fully cured by a jury instruction, as used in the prior trial.  In the first trial, the Court's Jury Instruction No. 25 stated:

> Many of the documents admitted in the trial are marked as "confidential," "highly confidential," or with something similar, generally on the bottom of the page. These markings were added as part of the litigation after the creation of the documents, have no significance to the contents of the documents, and should be disregarded.

The government agrees to the same instruction for use in this re-trial.

Dated: February 28, 2022            Respectfully submitted,

                                    */s/ Yixi (Cecilia) Cheng*

3

                                            YIXI (CECILIA) CHENG
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
Washington D.C. 20530
Tel: (202) 705-8342
Email: yixi.cheng@usdoj.gov
*Attorneys for the United States*

4