IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

    Defendants.

Criminal Case No. 20-cr-00152-PAB

---

# ORDER

This matter comes before the Court on Defendants' Motion to Permit Professor Edward Snyder to Testify Remotely Via Live Video-Teleconference [Docket No.    ]. The government consents to the motion.

The Defendants ask the Court to permit Professor Edward Snyder to conclude his direct testimony and be subject to cross-examination at trial via live, two-way video-teleconference. Docket No. [    ]. Professor Snyder is a defense economics expert.

Professor Snyder currently resides in Massachusetts. He appeared at trial in Denver to testify, but due to circumstances beyond the parties' control it was not possible to conclude his testimony before the adjournment of the proceedings, which will recommence Monday, March

1

21. Due to personal family exigencies, Professor Snyder cannot be in Denver next week without suffering significant personal and family hardship. Under these circumstances, Defendants request that Professor Snyder should be permitted to testify via live, two-way video-conference.

"[T]he Confrontation Clause reflects a *preference* for face-to-face confrontation," but this preference "must occasionally give way to considerations of public policy and the necessities of the case." *Maryland v. Craig,* 497 U.S. 836, 849 (1990) (citations omitted); *United States v. Kaufman,* 546 F.3d 1242, 1254 (10th Cir. 2008) (quoting *Craig,* 497 U.S. at 850). The issue of the Defendants' Confrontation Clause rights is not presented here as it is Defendants who make the request.

The government has previously argued that video testimony was necessary to secure the testimony of Ms. Florence Becker in part to promote the important public policy of prosecuting violations of antitrust laws. Docket No. 1038 at 2. The Court finds that live, two-way video testimony of Professor Snyder is necessary in this case to promote an important public policy, which is to preserve the offering Defendants' right to defend the charges filed against them.

The Court finds the government's proffered interest in the enforcement of the antitrust laws is not sufficiently compromised by the two-way video testimony of Professor Snyder to compel his in-person appearance and the Court will not continue the trial.

The Court additionally finds that "the reliability of the testimony is otherwise assured." *Craig,* 497 U.S. at 849. The nature of Professor Snyder's testimony and the high quality of the two-way audio video provide no reason to believe his testimony via video- teleconference would not be reliable. Moreover, Professor Snyder will be testifying under oath and

government and the jury will be able to observe his demeanor adequately. The Court finds that there are sufficient indicia of reliability.

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Permit Professor Edward Snyder to Testify Remotely Via Live Video-Teleconference [Docket No.     ] is **GRANTED.**

DATED March 18, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

3