IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. WILLIAM WADE LOVETTE,

    Defendants.

## DEFENDANTS' OBJECTION TO SETTING A HEARING BEYOND APRIL 5, 2022

Defendants Jayson J. Penn, Mikell R. Fries, Scott J. Brady, Roger B. Austin, and William W. Lovette, by and through their undersigned counsel, object to the Government's disregard of this Court's Orders of March 29, 2022.

On that date, the Court ordered the Government to appear "within the next week." The Government now requests, via its Notice Regarding A Hearing With Assistant Attorney General Jonathan Kanter to Discuss Further Proceedings In This Matter (Doc. 1240), a hearing the week of April 11, or in the alternative, April 7 or 8. None of the dates are within the time frame ordered by the Court, which ends April 5. The Government does not provide a reason for not complying with the Court's Order, nor has the Government contacted any of the still-charged defendants to inquire about moving the hearing the Court ordered.

As the Court stated, "If the Government thinks that the ten defendants and their attorneys and my staff and another group of jurors should spend six weeks retrying this case after the

Government has failed in two attempts to convict even one defendant, then certainly Mr. Kanter has the time to come to Denver and explain to me why the Department of Justice thinks that is an appropriate thing to do." *See* Certified Transcript of March 29th Court Proceeding at p. 12:9-15. As stated by the Justice Manual cited by the Court, "both as a matter of fundamental fairness and in the interest of the efficient administration of justice, no prosecution should be initiated against any person unless the attorney for the Government believes that the admissible evidence is sufficient to obtain and sustain a guilty verdict by an unbiased trier of fact." *See* Certified Transcript of March 29th Court Proceeding at 12:23-13:3; *see also* Justice Manual § 9-27.220 (Comment).

The Government attempts to justify retrying the five remaining defendants by "streamlining" the Government's trial presentation. However, this change does nothing to address the Court's primary concern: the Government has failed in two attempts to convict *any* defendant, including the five still charged. The Government fails to address how and why the Government expects a different outcome based upon the admissible evidence. Through two trials totaling sixteen weeks, and twenty individual considerations, the evidence has been *insufficient* to obtain and sustain a single conviction. Two juries of Coloradans, compromised of twenty-four citizens from disparate backgrounds and experiences, have failed to convict a single defendant. The Government asks the Court to ignore that important detail.

By requesting dates outside those ordered by the Court, the Government disregards the prejudice to defendants of delaying the hearing. Rather than detailing additional evidence or witnesses it may present, the Government indicates it will present *fewer witnesses and fewer exhibits*. Why the Government believes that the presentation of *less* evidence will somehow bolster its case is a mystery and makes a prompt explanation from Mr. Kanter even more important.

2

Indeed, by dismissing only half of the defendants, all the Government may have changed is the presentation of the evidence – not the evidence itself. To the extent the Government plans to alter the actual evidence it plans to introduce, the defendants' due process rights and fundamental fairness demand that defendants know the Government's intentions as soon as possible. *United States v. Lovasco,* 431 U.S. 783 (1977). The touchstone of due process protections are prevailing notions of fundamental fairness. That is, the defendants are entitled to relief when the Government's conduct is fundamentally unfair. *United States v. Fernandez,* 24 F.4th 1321 (10th Cir. 2022), citing *Cal. v. Trombetta,* 467 U.S. 479 (1984).

Finally, the district court's authority to control its docket and the public's interest in the prompt and efficient administration of justice significantly outweigh the unstated reasons for the Government ignoring the deadlines set by the Court. *See United States v. Spine,* 945 F.2d 143, 148 (10th Cir. 1991).

The defendants, therefore, object to the Government's request to delay Mr. Kanter's answers to the Court's questions and concerns, and request that the parties appear before the Court on or before April 5, 2022, as already directed by the Court.

Dated: March 31, 2022                                                       Respectfully Submitted,

*s/ John A. Fagg, Jr.*                                                          *s/ Michael F. Tubach*
John A. Fagg, Jr.                                                                Michael F. Tubach
MOORE & VAN ALLEN, PLLC                                      O'MELVENY & MYERS, LLP
Attorney for William Wade Lovette                              Attorney for Jayson Jeffrey Penn
100 North Tryon Street, Suite 4700                             Two Embarcadero Center, 28th Floor
Charlotte, NC 28202                                                       San Francisco, California 94111-3823
(704) 331-3622                                                                (415) 984-8700
johnfagg@mvalaw.com                                                mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
David M. Beller
RECHT KORNFELD, P.C.
Attorneys for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG, LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS, LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2022, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

                                          s/ *Erin Holweger*

                                          Erin Holweger