IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| 1.   JAYSON JEFFREY PENN, <br> 2.   MIKELL REEVE FRIES, <br> 3.   SCOTT JAMES BRADY, <br> 4.   ROGER BORN AUSTIN, and <br> 5.   WILLIAM WADE LOVETTE, | Criminal Case No. 20-cr-00152-PAB |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO UNITED STATES' MOTION FOR A PRE-TRIAL RULING ON AUTHENTICITY, AND PERMISSION FOR MS. FLORENCE BECKER TO TESTIFY REMOTELY VIA LIVE VIDEO TELECONFERENCE**

Defendants, by and through undersigned counsel, respectfully submit this Opposition to the government's Motion For A Pre-Trial Ruling On Authenticity, And Permission For Ms. Florence Becker To Testify Remotely Via Live Video Teleconference.

The government seeks to admit GX 1030, a single photocopy of years-old, partially whited-out, handwritten notes allegedly made by an individual who will not testify at trial. Doing so raises serious authenticity and trustworthiness problems. The government knows this. It therefore seeks to bypass the proper process for ensuring reliability—calling a custodian who can authenticate the document at trial. Instead, the government asks this Court for a "pre-trial ruling on authenticity"—even though it plans to call Ms. Becker for "separate purpose[s]" at trial

1

anyway.[1]  Dkt. 1299 at 8.  That makes no sense and violates Defendants' confrontation rights.  The Court should reject the government's attempt to sidestep authenticity requirements and instead reserve the issue for trial.

## ARGUMENT

**I.  A Pre-Trial Ruling On Authenticity Is Improper, Unnecessary, and Violates Defendants' Sixth Amendment Rights To Confront Ms. Becker**

It is axiomatic that all evidence must "be authenticated or identified prior to admission." *United States v. Browne*, 834 F.3d 403, 408 (3d Cir. 2016) (citing Fed. R. Evid. 901)).  That rule requires the proponent to "present 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'"  *United States v. Meienberg*, 263 F.3d 1177, 1181 (10th Cir. 2011) (quoting Fed. R. Evid. 901)).  Accordingly, to authenticate GX 1030, the government must produce "a witness who can testify from his or her own knowledge that the document is what it appears to be." *Van Patten v. Frank*, 2007 WL 5490140, at *1 (E.D. Wis. Aug. 24, 2007).

The government argues that it can skirt that requirement for two reasons: (i) the Court is not bound by evidence rules in determining authenticity; and (ii) Defendants have no right to confront Ms. Becker, the purported custodian.  Both arguments fail.

First, the government's assertion that the Court "is not bound by the rules of evidence in determining authenticity" has nothing to do with the issue here.  Dkt. 1299 at 4-5 (citing *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) (per curiam)).  The Court's latitude to consider extrinsic evidence when making preliminary admissibility determinations does not

---

[1] Defendants incorporate and preserve for the record their previous argument that the "government has failed to show that remote testimony by Ms. Becker is necessary or reliable." Dkt. 1044 at 2 (Defendants' Joint Opposition to United States' Motion To Permit Ms. Florence Becker To Testify Remotely Via Live Video-Teleconference) (Feb. 11, 2022).

2

relieve the government of its obligation to produce "a witness who can testify" "that the document is what it appears to be." *Van Patten*, 2007 WL 5490140, at *1.  One issue has nothing to do with the other.  And the government offers no authority to the contrary.  Indeed, in its sole authority for this irrelevant proposition, the Fifth Circuit simply affirmed that "business records are not testimonial in nature" so *Crawford*'s right to confrontation does not attach either before or during trial.  *Morgan*, 505 F.3d at 339.  That unremarkable statement has nothing to do with the issue here:  whether the Court can and should pre-authenticate GX 1030 on the basis of Ms. Becker's previous equivocal testimony, Second Trial Tr. 185:23-186:1 (Feb. 24, 2022) ("I cannot positively identify the handwriting.  It could be Pete, but I have been gone from [Mar Jac] for three years.  It's not exactly the - - it's not the same so I can't possibly identify it."), even though she is available and planning to testify at trial.

Second, the government is wrong that pre-authentication based on Ms. Becker's previous trial testimony would not violate Defendants' Sixth Amendment rights to confrontation.  The right to confront government witnesses ensures "that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo-American criminal proceedings." *Maryland v. Craig*, 497 U.S. 836, 846 (1990).  Accordingly, "[w]here testimonial evidence is at issue," "the Sixth Amendment demands" that the Court may dispense with the right only where witnesses are (i) "unavailabl[e]" and (ii) defendants already had "a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004).  And "[w]hatever else the term covers," it is well settled that "testimonial" "applies at a minimum to prior testimony . . . at a former trial." *Id.*  Authenticating GX 1030 based on Ms. Becker's

3

previous testimony—when she is available to testify at the upcoming trial—thus violates the Sixth Amendment right to confrontation.

The government's authorities are not to the contrary. To begin, neither *Matlock* nor *Berger* have anything to do with whether defendants are entitled to confront Ms. Becker. *See* Dkt. 1299 at 5 (citing *United States v. Matlock*, 415 U.S. 164, 174-75 (1974) and *Berger v. California*, 393 U.S. 314, 315 (1969)). In *Matlock*, the Court simply reaffirmed that judges are "not bound by the Rules of Evidence" in deciding "preliminary questions concerning admissibility." *Matlock*, 415 U.S. at 173-74. That speaks nothing of Defendants' constitutional rights. And in *Berger*, the Court explained that the "sole question" was "whether the holding of *Barber v. Page*"—"that the absence of a witness" "would not justify the use at trial of preliminary hearing testimony unless the State had made a good-faith effort to secure the witness' presence"—"should be given retroactive application." *Berger*, 393 U.S. at 315. That, again, has nothing to do with whether Defendants are entitled to confront Ms. Becker about the authenticity of GX 1030 prior to its admission, when Ms. Becker will be testifying at trial.

Likewise for the government's other authorities. The government relies on *Morgan* and *Poe* to argue that because the Court has already "heard the extensive testimony of Ms. Becker," Defendants need not be able to confront her. Dkt. 1299 at 5. But both *Morgan* and *Poe* concerned *unavailable* witnesses. *See Morgan*, 505 F.3d at 338 (noting witness "was unavailable for trial"); *Poe v. Turner*, 490 F.2d 329, 332 (10th Cir. 1974) (noting witnesses "were unavailable, despite good faith efforts to locate them"). They have nothing to do with whether Defendants are entitled to confront Ms. Becker—who the government intends to call as a witness at trial.

4

The government argues that pre-authentication might "streamline" the trial, Dkt. 1299 at 1, but that is irrelevant and wrong. Efficiency "cannot outweigh [a] constitutional right": "the Constitution recognizes higher values than speed and efficiency." *Fuentes v. Shevin*, 407 U.S. 67, 90 n.22 (1972). Indeed, "it is a fundamental principle of constitutional law . . . that administrative convenience cannot justify infringement of constitutional rights." *O'Clair v. United States*, 470 F.2d 1199, 1204 (1st Cir. 1972). Thus, regardless of whether pre-authentication would "streamline trial and resolve an issue in advance of trial," Dkt. 1299 at 1, the Court should reject the government's attempt to evade Defendants' constitutional rights.

It is also wrong. Even if pre-authenticating GX 1030 based on Ms. Becker's previous testimony would not violate Defendant's Confrontation Clause rights, there is no efficiency gained by ruling before trial on the authenticity of GX 1030. As the government makes clear, it intends to call Ms. Becker to testify at trial, *see generally* Dkt. 1299, where she will be subject to cross-examination on GX 1030. Indeed, the government maintains that "Ms. Becker's testimony is material" to its case. *Id.* at 8. That is exactly why it asks the Court to take the extraordinary step of allowing her to "testify remotely via video teleconference during the upcoming trial." *Id.* at 10. That means there is no compelling reason for the Court to forgo normal authentication procedures and deem GX1030 reliable without requiring Ms. Becker to authenticate the notes at trial—Ms. Becker will already be present. *Compare Morgan*, 505 F.3d at 338 (witness "unavailable for trial").

It is particularly important to wait for Ms. Becker's testimony regarding GX 1030 before ruling on authenticity because there is a significant possibility that she will not be able to authenticate the document. At the previous trial, Ms. Becker's familiarity with GX 1030 was

5

tenuous at best.  *See* Second Trial Tr. 185:23-186:1 ("I cannot positively identify the handwriting.  It could be Pete, but I have been gone from [Mar Jac] for three years.  It's not exactly the - - it's not the same so I can't possibly identify it."), 186:11-15 ("It - - I just couldn't - - I have got a Bible right here besides me and I could not swear on it that it is any particular person's handwriting. Is it similar? It is somewhat similar to Pete, but again it's not exact as far as I remember it and I am sorry about that."); 187:19-21 (the fact that there were names in the notes she did not recognize which "ma[de] [her] a little suspect" as to who authored them) (Feb. 24, 2022).  If Ms. Becker testifies at trial that she does not believe the handwriting is Mr. Martin's, the Court will have to make an authenticity determination based on that testimony.  It is critical that Ms. Becker's equivocal testimony on the admissibility of GX 1030 be heard by the jury so that they can judge Ms. Becker's credibility, and the authenticity of the document, for themselves.  If anything, then, efficiency counsels in favor of waiting until trial to resolve this issue.

And even if the government opts not to call Ms. Becker, its motion makes clear that Ms. Becker is available.  *See generally* Dkt. 1299 at 7-10.  The government thus should not be able to slide GX 1030 into evidence without giving Defendants a fair opportunity to challenge its authenticity.  Indeed, just because the government authenticated the notes once does not mean that it will be able to overcome Defendants' arguments at the next trial.  If the government gets another opportunity to try its case, Defendants should have another opportunity to defend theirs.  The Court should thus reject the government's attempt to pre-authenticate GX 1030 without going through the required process for authentication.

6

## CONCLUSION

For the reasons discussed, the Court should reject the government's request for a pre-trial ruling on the authenticity of GX 1030.

Dated:  May 12, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach