# ATTACHMENT A

| Summary Exhibit No. (prior versions in parenthesis) | Exhibit No. | Defendants' MIL #3 Argument | Court's Prior Rulings (if applicable) | Government's Response |
|---|---|---|---|---|
| 50 (14, 14-1) | 1438 | "GX 50 misleadingly and prejudicially argues that there is a connection between [Exhibit 1438] and the calls that come a week later." (Docket No. 1304 p. 8.) | Not applicable.<br><br>Defendants did not object to this summary exhibit in either prior trial. | The Court admitted the prior version of Exhibit 50 without objection from Defendants during either trial. There is no reason for the Court to reconsider its prior rulings.<br><br>Exhibit 1438 is the request for bids for the 2013 KFC contract, specifically setting October 10, 2012 as the deadline for bids to be submitted. Without Exhibit 1438, there is no context to explain the phone calls on October 5, 8, and 9 or the fact that the coconspirators submitted bids on October 9 and 10. The Court has previously admitted the government's summary charts of a bidding episode beginning with a request from the customer and concluding with the return of bidding information. (See, e.g., Exhibits 2, 12, 14, 15, 18.) Exhibit 50 is no different. |
| 51 (15, 15-2) | 1526 1528 | "The second round of submissions kicks off with an email from UFPC to the various suppliers on November 7, 2012, but DOJ includes an unrelated internal Pilgrim's email from Roger Austin to Justin Gay and Scott | Not applicable.<br><br>Entry was included on summary exhibit without objection from Defendants in the February 2022 or the November 2021 trial. | For the first time in either trial, Defendants object to the inclusion of Exhibits 1526 and 1528 on this summary exhibit.<br><br>Exhibits 1526 and 1528 reference a conversation between Defendant Austin and Mike Ledford of RSCS about the ongoing negotiations for the 2013 KFC contract. The two documents explain that the negotiations are ongoing, specifically the fact that the customer has requested that Pilgrim's (and its |

1

| | | | | |
|---|---|---|---|---|
| | | Tucker on October 26, 2012 at 2:41 PM ET (GX 1526, GX 1528). This email is sent 12 days before the email from UFPC to suppliers that beings the second round of bidding." (Docket No. 1304 p. 11.) | | coconspirators) lower their prices. Exhibits 1526 and 1528 are relevant to the summary exhibit because they connect the ongoing negotiations with RSCS, in response to the customer request reflected therein, with the communications between coconspirators that follow. |
| 53 (17, 17-1) | 1700 1713 | "By including [Exhibits 1700 and 1713] 17 days apart with phone calls between suppliers occurring the day after each email, the government infers some connection between the two." (Docket No. 1304 p. 8.) | The Court overruled Defendants' objection as to the time period covered by this summary exhibit during the *Penn 1* trial: "Mr. Brady argues that with the time gap that exists in a number of these, in particular between November 1st and then November 18th, that summarizing here just amounts to nothing but argument….I think that that's an appropriate summary and would easily be understandable by the jury, so I will overrule that objection. (Tr. 3850:20-3851:3.) | Defendants neglect to inform the Court that it already overruled this objection during the *Penn 1* trial. There is no reason for the Court to reconsider its prior ruling.<br><br>Exhibit 53 covers the entire time period of the bidding process for the KFC 2014 contract. It follows the pattern of other summary exhibits that have previously been admitted by the Court. (*See, e.g.*, Exhibits 2, 12, 14, 15, 18.)<br><br>Specifically, Exhibit 1700 is the request for pricing and gives context to the flurry of coconspirator communications that follow. Exhibit 1713 is a request from RSCS for Pilgrim's to adjust its bid and gives context to the flurry of coconspirator communications that follow concluding in the final submission of bids on November 19 and 20. These two exhibits are necessary to give context to the surrounding coconspirator communications. |

2

| | | | Defendants' objections during the February 2022 trial did not relate to the time period. | If the Court is inclined to revisit its ruling, the government could bifurcate it into two summary exhibits, one from October 31 to November 1 and one from November 18 to November 20. However, the government believes this bifurcation is unnecessary given the Court's prior ruling on this exhibit. |
|---|---|---|---|---|
| 55 (2, 2-1) | Various | "[Exhibit 55] relates to Church's Chicken QA Requirements for 2014 and omits an entire month: it includes an entry on December 26, 2014 and the next entry is January 26, 2014. The entries dated January 26, 27, and 28, 2014 are unrelated in time to the others on the chart." (Docket No. 1304 p. 9.) | The Court overruled Defendants' objections as to the time period during the *Penn 1* trial: "Mr. Little argued that there would be an inference that the phone calls a month after the December 26 e-mails relate to the e-mail where, in fact, they are unrelated. Exhibit 2-1 doesn't actually say that, of course. It has a summary….the summary itself I don't believe is inappropriate or a misleading summary, and I will overrule that objection." (Tr. 3829:14-22.)  Defendants' objections during the February 2022 trial did not relate | Defendants neglect to inform the Court that it already overruled this objection during the *Penn 1* trial. There is no reason for the Court to reconsider its prior ruling.  Exhibit 55 covers the entirety of the negotiations for Church's QA requirements from the initial request from Church's to the final submission by the suppliers. The fact that these negotiations spanned a month does not change the overall relationship between the communications depicted in this chart, all of which relate to a single bid and response. Exhibit 55 follows the same pattern of other summary exhibits previously admitted by the Court. (*See, e.g.*, Exhibits 2, 12, 14, 15, 18.) |

3

| | | | to time period covered by this Exhibit. | |
|---|---|---|---|---|
| 56 (4, 4-1) | Various | "[Exhibit 56] discusses Golden Corral and has wide gaps in time from September 12, 2014 to September 30, 2014 to October 8, 2014 to October 17, 2014 to November 7, 2014." (Docket No. 1304 p. 9.) | The Court overruled Defendants' objections as to the time period in the *Penn 1* trial: "Mr. Fries additionally argued that what's really going on here is that the government is cherry-picking particular pieces of evidence and simply putting them into a time line with a reasonable basis to do that. I will overrule that objection… I do not find that the summary in the case of Exhibit 4-1 creates any type of unfairness. I believe it is an appropriate summary under Rule 611(a) and Rule 1006." (Tr. 3831:7-18.)

Defendants did not object to this summary exhibit in the February 2022 trial. | Defendants neglect to inform the Court that it already overruled this objection during the *Penn 1* trial. There is no reason for the Court to reconsider its prior ruling.

This summary exhibit includes communications about the Golden Corral bidding process beginning with the request for pricing from Golden Corral, to the submission of prices by the coconspirators to Golden Corral, to continued discussions about the ongoing negotiations process with Golden Corral both with Golden Corral and amongst the coconspirators.

Each series of communications between the coconspirators relates to a communication with Golden Corral. The fact that there were gaps in the overall negotiation process with Golden Corral does not impact the overall relationship between the communications depicted in this chart, all of which relate to a single bid and response. |

4

| | | | | |
|---|---|---|---|---|
| 57<br>(9, 9-1) | 920 | "All of the entries [on Exhibit 57] take place on either July 1, 2014 or July 2, 2014, except for a single email between two Pilgrim's employees on May 9, 2014 at 3:24 PM ET (GX 920). This email is sent 53 days before all of the other entries in the summary exhibit and is the only email in the exhibit that includes defendant William Lovette." (Docket No. 1304 p. 11-12.) | The Court has twice overruled Defendants' objections as to Exhibit 920:<br><br>"Ms. Call: Mr. McLoughlin, did make these same arguments during the last trial and You Honor overruled them.<br><br>The Court: I was just looking for them before. The same objection was denied in the past. I will deny it now. This is something that we've spent time on already." (R. Tr. 3/7/2022 18:16-20.) | Defendants' fail to acknowledge that the Court has twice denied Defendants' objections to the inclusion of Exhibit 920 on the government's summary exhibit. There is no reason for the Court to reconsider its rulings.<br><br>Exhibit 920 relates to whether the coconspirators will be able to maintain a price premium on small birds at Chick-Fil-A. It relates to the following phone calls and text messages about the same topic. |
| 58<br>(10, 10-1) | 9867<br>9868 | "[T]he DOJ included *for the first time* in this latest version an entry on August 19, 2014 at 7:45 AM ET to 9:30 AM ET referencing a meeting invite (GX 9867) and flight itinerary (GX 9868) for Jayson Penn and Bill Lovette. This was not on any previous | Not applicable.<br><br>Excerpt newly added for June 2022 trial. | The government has already disposed of Defendants' main objection to these exhibits on the basis that they were newly-added to a summary chart in advance of the June 2022 trial. This is a new trial, with new deadlines, and the government's chart was timely disclosed pursuant to those Court-ordered deadlines. *See supra* Opp'n to Mot. *in Limine* No. 3.<br><br>The fact that Defendants Penn and Lovette were together, whatever the reason, on the morning of August 19 is directly relevant to the excerpted |

5

| | | | | |
|---|---|---|---|---|
| | | version of the summary exhibit, even though the documents were previously in DOJ's possession…. And ultimately, these documents are irrelevant as it is clear from the face of the meeting invite that this was a meeting with Wal-Mart and unrelated to the KFC 2015 contract." (Docket No. 1304 p. 12.) | | comment from Defendant Penn the evening before that he "[w]ill review with Bill in am." The travel records also help explain Defendant Austin's comment to RSCS on August 20 that Pilgrim's was late in returning its bid due to "everybody traveling." |
| 60 (12, 10-3) | 9672; 1030; 10026; 955 | Defendants object to the following exhibits summarized in Exhibit 60:<br><br>**Exhibit 9672** (a phone call from a company line at Mar-Jac to Defendant Penn on August 29, 2014 at 7:50 AM);<br><br>**Exhibit 1030** (a handwritten note by Pete Martin referencing that phone call); and | **9672:** The Court overruled this particular objection during the *Penn 1* trial (Tr. 3842:23-3843:12.) The Court granted Defendants' objection and excluded this exhibit during the February 2022 based, at least in part, on the government's failure to show the relationship between this call and the rest of the summary exhibit. (R. Tr. 3/2/2022 8:17-9:11.) | **Exhibits 9672, 1030, and 10026:** The Court should examine all three exhibits together and reconsider its ruling from the February 2022 trial to exclude **Exhibits 9672 and 1030**. The Court correctly ruled that these exhibits were properly included during the *Penn 1* trial. The government requests reconsideration of these two exhibits because the Court's February 2022 ruling examined the summary chart without the benefit of **Exhibit 1030**, an exhibit which it excluded from the summary exhibit, at least in part, on the fact that the government had not timely included it in the summary chart. **Exhibit 1030** has now been timely included in accordance with the Court's pre-trial deadlines for the upcoming trial. The Court has never considered whether **Exhibit 10026** should |

6

| | | **Exhibit 955** (an email from Tim Stiller to Lonnie Justice on September 19, 2014 at 11:43 AM)<br><br>on the basis that the Court previously excluded them from this summary exhibit.<br><br>**Exhibit 10026** (a phone call from Defendant Fries to Pete Martin on August 29, 2014 at 10:38 AM) on the basis that it is several hours before Exhibit 1160.<br><br>(Docket No. 1304 p. 10-11.) | **1030:** Added for the February 2022 trial at which point it was excluded based, at least in part, on the fact that it was not timely included in a summary exhibit. (R. Tr. 3/2/2022 3:19-4:4 (acknowledging untimely addition); 8:17-9:11.)<br><br>**955:** The Court overruled this particular objection during the *Penn 1* trial. (Tr. 3844:4-10.) The Court granted Defendants' objection and excluded this exhibit during the February 2012 trial due to gap in time between Exhibit 955 and prior row making it argumentative. (R. Tr. 3/2/2022 9:7-10.)<br><br>**10026:** No prior rulings because this exhibit was newly added to the | be included in this summary exhibit as the government added it for this trial.<br><br>Evaluating **Exhibits 9672, 10026, and 1030** together makes clear that they relate to one another, provide context to each other, relate to the request from the customer documented at Exhibit 1160, and relate to the other documents captured in this summary. All four exhibits are from August 29, 2014 and relate to the ongoing negotiations with RSCS for the 2015 KFC contract. **Exhibits 9672** and **10026** show phone conversations between Pete Martin at Mar-Jac (or someone else at Mar-Jac) and Defendants Fries and Penn. Those phone conversations explain the Claxton and Pilgrim's pricing information captured in Martin's handwritten notes at **Exhibit 1030**, especially when considered in light of the comment therein that Martin had "[t]alked to Ja[y]son Penn." These communications were taking place on the same day that Bob Lewis sent Exhibit 1160 requesting that all suppliers finalize their bidding information by the following week. The fact that these coconspirators were talking to each other and exchanging each other's bid information while the negotiations were ongoing *and as Lewis was requesting final pricing information from the coconspirators* show that these communications are all relevant to each other and to the pricing episode summarized in this exhibit. |

7

| | | | summary exhibit for this trial. | **Exhibit 955**: The government has removed Exhibit 955 from the summary exhibit. A revised Exhibit 60 reflecting this change is attached hereto. |
|---|---|---|---|---|
| 61 (18, 18-1) | 1923 | "While most of the entries occur on January 16, 2017 or later, DOJ includes a single email from an RSCS employee to Pilgrim's employees on December 9, 2016 at 9:24 AM (GX 1923) that is not directly related to the bidding process and occurs 28 days before the next entry on the summary exhibit." (Docket No. 1304 p. 12.) | Not applicable. Entry was included on summary exhibit during both trials without objection from Defendants. | For the first time in either trial, Defendants object to the inclusion of Exhibit 1923 on this summary exhibit. Exhibit 61, like many of the government's summary exhibits previously admitted by the Court, covers the entire time period of the bidding process from the initial reach out from the customer to the final submission of bids. (*See, e.g.*, Exhibits 2, 12, 14, 15, 18.) Specifically, Exhibit 1923 references that RSCS will be meeting with its suppliers in mid to late January. It is necessary to give context to the phone calls and emails between the coconspirators that begin in mid to late January following those customer meetings. The fact that RSCS planned these meetings a month before they happened does not change the context of what happened in these negotiations. |

## August 29, 2014 to September 3, 2014

| DATE | TIME | TYPE | FROM† | TO† | EXCERPT | EXHIBIT # |
|---|---|---|---|---|---|---|
| Friday, 8/29/2014 | 7:50 AM | 📞 | M/J | Jayson Penn (Pilgrim's) | "Min….19" | 9672 |
| | 10:38 AM ET | 📞 | Mikell Fries (Claxton Chicken) | Pete Martin (M/J) | "Origination….Claxton GA"<br>"Min….19" | 10026 |
| | 2:35 PM ET | ✉ | Robert Lewis (RSCS) | Mikell Fries<br>Scott Brady (Claxton Chicken)<br>Bill Kantola (Koch Foods)<br>Roger Austin (Pilgrim's)<br>Brian Roberts (Tyson) | Email reads in part: "We are making good progress toward finalizing our COB commitments by the middle of next week...we need feedback from everyone concerning final pricing…Please let us have your information by Tuesday/Wednesday of next week..." | 1160 |
| | | ✏ | Pete Martin (M/J) | | Document reads in part:<br><br>"8-29-14<br><br>Talked to Mitch. They are up .19 + holding.<br><br>Pilgrim's 80-90 lds.<br><br>Tyson 1.0976 per Tommy<br><br>Talked to Jason Penn +8 cost +11 margin<br>…<br>Claxton 1.1099 up 18.35" | 1030 |
| Wednesday 9/3/2014 | 9:38 AM ET | 📞 | Scott Brady (Claxton Chicken) | Robert Lewis (RSCS) | "Origination….Whiteside TN"<br>"Min….2" | 1241 |
| | 9:41 AM ET | 📞 | Scott Brady (Claxton Chicken) | Bill Kantola (Koch Foods) | "Origination….Whiteside TN"<br>"Min….1" | 1241<br>7040<br>9010 |
| | 9:42 AM | 📞 | Roger Austin (Pilgrim's) | Scott Brady (Claxton Chicken) | "Min….16" | 1241 |

† See GX 90-10 for phone number and employer information

Page 1 of 3

**Government Exhibit**
**20-cr-152-PAB**
**60**

## August 29, 2014 to September 3, 2014

| DATE | TIME | TYPE | FROM† | TO† | EXCERPT | EXHIBIT # |
|---|---|---|---|---|---|---|
| Wednesday 9/3/2014 | 10:00 AM ET | ☎ | Scott Brady (Claxton Chicken) | Bill Kantola (Koch Foods) | "Origination….Ringgold GA" "Min….1" | 1241 |
| | 10:02 AM | ☎ | Bill Kantola (Koch Foods) | Scott Brady (Claxton Chicken) | "Min….11" | |
| | 10:17 AM ET | ☎ | Scott Brady (Claxton Chicken) | Mikell Fries (Claxton Chicken) | "Origination….Dalton GA" "Min….1" | |
| | 10:22 AM | ☎ | Mikell Fries (Claxton Chicken) | Scott Brady (Claxton Chicken) | "Min….7" | |
| | 11:10 AM ET | ☎ | Scott Brady (Claxton Chicken) | Robert Lewis (RSCS) | "Origination….Marietta GA" "Min….2" | |
| | 11:24 AM | ☎ | RSCS | Scott Brady (Claxton Chicken) | "Min….5" | |
| | 11:37 AM ET | ☎ | Scott Brady (Claxton Chicken) | Tim Mulrenin (Tyson) | "Origination….Atlanta GA" "Min….2" | |
| | 11:45 AM ET | ☎ | Scott Brady (Claxton Chicken) | Tim Mulrenin (Tyson) | "Origination….Atlanta GA" "Min….2" | |
| | 1:15 PM ET | ☎ | Scott Brady (Claxton Chicken) | Tim Mulrenin (Tyson) | "Origination….Atlanta GA" "Min….17" | |
| | 1:31 PM ET | ☎ | Scott Brady (Claxton Chicken) | Roger Austin (Pilgrim's) | "Origination….Dunwoody GA" "Min….19" | |
| | 2:02 PM ET | ☎ | Ric Blake (George's) | Roger Austin (Pilgrim's) | "ET….6:51" | 1248 |
| | 2:03 PM ET | ☎ | Scott Brady (Claxton Chicken) | Bill Kantola (Koch Foods) | "Origination….Duluth GA" "Min….7" | 1241 |
| | 2:10 PM ET | ☎ | Scott Brady (Claxton Chicken) | Mikell Fries (Claxton Chicken) | "Origination….Duluth GA" "Min….20" | |

† See GX 90-10 for phone number and employer information

## August 29, 2014 to September 3, 2014

| DATE | TIME | TYPE | FROM† | TO† | EXCERPT | EXHIBIT # |
|---|---|---|---|---|---|---|
| Wednesday 9/3/2014 | 3:39 PM ET | 📞 | Scott Brady (Claxton Chicken) | Robert Lewis (RSCS) | "Origination….Lawrencevi GA" <br> "Min….15" | 1241 |
| | 4:24 PM | 📞 | Roger Austin (Pilgrim's) | Scott Brady (Claxton Chicken) | "Min….8" | 1241 |
| | 4:54 PM ET | 📞 | Scott Brady (Claxton Chicken) | Bill Kantola (Koch Foods) | "Origination….Watkinsvil GA" <br> "Min….4" | |
| | 5:15 PM ET | 💬 | Scott Brady (Claxton Chicken) | Mikell Fries (Claxton Chicken) | "Told bob we would go down .02 he said someone moved down .04 it has to be George's or he is bluffing. Roger and bill are not moving." | 1238 |