IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN, and
8.  WILLIAM WADE LOVETTE,

      Defendants.

---

## ORDER

---

This matter is before the Court on pretrial motions filed by the parties. *See*

Docket Nos. 1299, 1302, and 1311. The parties responded. Docket Nos. 1324, 1325,

1328. The Court addresses each motion in turn.

**I. United States' Motion for a Pre-Trial Ruling on Authenticity, and Permission for Ms. Florence Becker to Testify Remotely Via Live Video Teleconference [Docket No. 1299]**

The government moves the Court to authenticate GX-1030 based on the

testimony of Florence Becker at the second trial and also to permit Ms. Becker to testify

via video teleconference at the third trial. Docket No. 1299 at 1. Defendants oppose

the government's request for pre-trial authentication of GX-1030. Docket No. 1324.

GX-1030 was the subject of briefing and argument at the first and second trials.

*See, e.g.*, Docket No. 942 at 2-4 (describing the briefing and argument regarding

authenticity of GX-1030 at the first trial); Docket No. 1051 (granting the government's motion to permit Ms. Becker to testify remotely via live video teleconference at the second trial).  The Court refused GX-1030 at the first trial on authenticity grounds, Certified Transcript, Nov. 5, 2021, 1828:11-22, but admitted the exhibit after the testimony of Ms. Becker at the second trial.[1]  Unofficial Transcript, Feb. 28, 2022, 36:1-8.  The government asks the Court to use Ms. Becker's testimony to authenticate GX-1030 before the third trial.  Docket No. 1299 at 4.

The government argues that it is irrelevant that Ms. Becker's testimony came from a prior trial because, under Fed. R. Evid. 104(a), the Court is not bound by the rules of evidence in deciding preliminary questions of authenticity.  *Id.*  Defendants argue that a pre-trial ruling on authenticity is improper, unnecessary, and violates the Confrontation Clause.  Docket No. 1324 at 2.

The government acknowledges that it is within the Court's discretion whether or not to find GX-1030 authenticated based on Ms. Becker's testimony.  *See* Docket No. 1299 at 4 ("the government respectfully requests that this Court exercise its discretion to rule that the government has overcome the low barrier to authenticity").  In this circumstance, the Court declines to exercise its discretion to do so and will not find GX-1030 authentic at the third trial based on Ms. Becker's testimony from the second trial.

---

[1] The Court had previously found that the exhibit was admissible as co-conspirator hearsay under Fed. R. Evid. 801(d)(2)(E) in its *James* order, *see* Docket No. 559 at 31, making authentication the only bar to admissibility.

However, the Court will permit Ms. Becker to testify via video teleconference at the third trial for the same reasons it allowed it at the second trial.[2]  *See* Docket No. 1051 (granting the government's motion to permit Ms. Becker to testify remotely via video teleconference at the second trial).  Accordingly, the Court will grant the motion in part and deny the motion in part.

## II.  United States' Motion to Compel Rule 26.2 Statements of Defense Witnesses [Docket No. 1302]

The government moves to compel defendants to produce the statements of defense witnesses called in the previous trials or that defendants intend to call at the third trial under Fed. R. Crim. P. 26.2.  Docket No. 1302 at 1.  The government asks for the statements to be produced "as soon as practicable, but no later than May 31, 2022." Docket No. 1302 at 3.  Defendants oppose the motion.  Docket No. 1325.  Rule 26.2 states that

> [a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a).

The government argues that the Court has authority to compel early disclosure of Rule 26.2 statements in order to "expedite trial."  Docket No. 1302 at 2.  The

_____

[2] Defendants' only response to the government's request for Ms. Becker to testify by video teleconference is to incorporate their arguments against it from the second trial, *see* Docket No. 1324 at 2 n.1, which the Court previously considered and rejected.  *See* generally Docket No. 1051.  The Court rejects those arguments now for the same reason.

government cites *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008), and *United States v. Lujan*, 530 F. Supp. 2d 1224, 1255 (D.N.M. 2008), for this proposition. *Id.* Both cases are distinguishable. In *W.R. Grace*, the Ninth Circuit upheld the district court's authority to require the government to provide a pretrial witness list under Rules 2 and 16. 526 F.3d at 513. In *Lujan*, the court "ordered early production of Jencks Act statements based on the Government's voluntary concessions," and therefore "predicated [this ruling] on requiring the same early production by Defendants of Rule 26.2 material." 530 F. Supp. 2d at 1255. Assuming the Court has discretion to order defendants to disclose witness statements in their possession before a witness's testimony, the Court will not exercise such discretion here. Moreover, the government has identified no support for its argument that the witnesses who testified at the previous trials are deemed to have testified at the third trial for purposes of production of their statements. The Court will, however, order defendants to produce any witness statements after the witness testifies on direct. Accordingly, the Court will grant the motion in part and deny the motion in part.

### III. Defendants' Motion to Dismiss Superseding Indictment [Docket No. 1311]

Defendants move to dismiss the superseding indictment on double jeopardy and due process grounds. Docket No. 1311 at 3, 6. Defendants acknowledge that "the prevailing law treats retrial following a mistrial as a form of 'continuing jeopardy' that does not violate the Constitution," but argue that the doctrine is "unsound and should be reconsidered." *Id.* at 2 n.1. Double jeopardy is not implicated when the government retries a case following a mistrial due to a hung jury. *See Yeager v. United States*, 557

4

U.S. 110, 118 (2009) ("[A] jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was first impaneled."). The Court finds no double jeopardy implications to a third trial.

Defendants' due process argument is unavailing. *See United States v. Ndame*, 87 F.3d 114, 115 (4th Cir. 1996) (holding that due process not violated by retrial following two mistrials due to hung jury); *but see United States v. Wright*, 913 F.3d 364, 387-88 (3d Cir. 2019) (McKee, J., concurring) (noting that there could come a point where successive prosecutions violate due process). Accordingly, the Court will deny defendants' motion.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the United States' Motion for a Pre-Trial Ruling on Authenticity, and Permission for Ms. Florence Becker to Testify Remotely Via Live Video Teleconference [Docket No. 1299] is **GRANTED in part** and **DENIED in part**. The Court will not use testimony from the second trial to authenticate GX-1030 but will permit Ms. Becker to testify via live video teleconference. It is further

**ORDERED** that the United States' Motion to Compel Rule 26.2 Statements of Defense Witnesses [Docket No. 1302] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that Defendants' Motion to Dismiss Superseding Indictment [Docket No. 1311] is **DENIED**.

DATED May 23, 2022.

BY THE COURT:

_s/ Philip A. Brimmer_____
PHILIP A. BRIMMER
Chief United States District Judge

6